**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ANDREINA HIDALGO HIDALGO**<br><br>Plaintiff<br><br>**v.**<br><br>**COMMONWEALTH OF PUERTO RICO; MUNICIPALITY OF SAN JUAN; BORDER BANDITS LLC; ANA'S CAFE RESTAURANT LLC; FMM LLC; PLM FOOD SERVICE, INC.; OSTIA LLC; MARSILI LLC; CAFÉ REGINA LLC; DKGP LLC; CANA RAMEN LLC; 1688 LLC; ICE CREAM & LIMBERS ISLAND SANTURCE INC.; LA PREÑA FOODS L.L.C.; LOS PINOS RESTAURANT 2 INC.; PANUCHO, INC.; FOODIE FOREVER LLC; A PIE CAFE BAR AND RESTAURANT INC.; UNO MAS LLC; JAMA LLC; CREATIVE FOOD CONCEPTS LLC; LA CUEVA DEL MAR , INC.; O & R LLC; MERE PESCAO CORP.; RESTAURANTE FREDDY LOS PINOS 2 LLC**<br><br>Defendants | **CIVIL NO.** |

## COMPLAINT

**TO THE HONORABLE COURT:**

The plaintiff, Andreina Hidalgo Hidalgo, on behalf of his own interests, respectfully requests a Permanent Injunction[1] against Commonwealth of Puerto Rico and Municipality of San Juan in accordance with the Title II of the *Americans with Disabilities Act*,[1] as well as

---

[1] This Court may refer to the following source to address the obligations of all state or municipal public entities under Title II of the Americans with Disabilities Act: the Public Right-of-Way Accessibility Guidelines (PROWAG). These guidelines, which came into effect on September 7, 2023, are accessible via the following link: https://www.access-board.gov/prowag/.

damages and a Permanent Injunction under Section 504 of the Rehabilitation Act, 29 U.S.C, and, moreover, also requests a permanent injunction against Co-Defendants Border Bandits LLC; Ana's Cafe Restaurant LLC; FMM LLC; PLM Food Service, Inc.; Ostia LLC; Marsili LLC; Café Regina LLC; DKGP LLC; Cana Ramen LLC; 1688 LLC; Ice Cream & Limbers Island Santurce Inc.; La Preña Foods L.L.C.; Los Pinos Restaurant 2 Inc.; Panucho, Inc.; Foodie Forever LLC; A Pie Cafe Bar and Restaurant Inc.; Uno Mas LLC; Jama LLC; Creative Food Concepts LLC; La Cueva del Mar , Inc.; O & R LLC; Mere Pescao Corp.; Restaurante Freddy Los Pinos 2 LLC in accordance with Title III of the *Americans with Disabilities Act.*

## I.   PARTIES

1.   The plaintiff's name is Andreina Hidalgo Hidalgo, and she is a resident of the Municipality of San Juan.

2.   The Defendant, the Commonwealth of Puerto Rico, is a public entity with the legal capacity to sue and be sued. At all times relevant to this cause of action, it supervised, operated, or owned the sidewalks and streets adjacent to the businesses located on Calle Loíza.

3.   The defendant, Municipality of San Juan, is a municipal entity with the capacity to sue and be sued. At all times relevant to this cause of action, it supervised, operated, or owned the sidewalks and streets adjacent to the locations situated within the Municipality of San Juan. Additionally, the Municipality of San Juan is a co-defendant as it is the public entity that issued use permits to the corporate co-defendants in this Complaint, despite the fact that they do not maintain accessible facilities on their respective properties, for the reasons described in Section C.

4.   The following co-defendants represent the respective businesses they own, lease, rent, or operate, located within the Municipality of San Juan:

4.1.  Border Bandits LLC is the owner, lessor, lesse, and/or operator of the public accommodation known as Acapulco Taqueria Mexicana.

4.2.  Ana's Cafe Restaurant LLC is the owner, lessor, lesse, and/or operator of the public accommodation known as Ana's Cafe Restaurant.

4.3.  FMM LLC is the owner, lessor, lesse, and/or operator of the public accommodation known as Antes De.

4.4.  PLM Food Service, Inc. is the owner, lessor, lesse and/or operator of the public accommodation known as Bebo's Cafe.

4.5.  Ostia LLC is the owner, lessor, lesse, and/or operator of the public accommodation known as Biga Pizza Artigianale.

4.6.  Marsili LLC is the owner, lessor, lesse, and/or operator of the public accommodation known as Bocca Restaurant.

4.7.  Café Regina LLC is the owner, lessor, lesse, and/or operator of the public accommodation known as Cafe Regina.

4.8.  DKGP LLC is the owner, lessor, lesse, and/or operator of the public accommodation known as Cocina 1760.

4.9.  Cana Ramen LLC is the owner, lessor, lessee, and/or operator of the public accommodation known as Dashi.

4.10.  1688 LLC is the owner, lessor, lessee, and/or operator of the public accommodation known as Fuji Restaurant.

4.11.  Ice Cream & Limbers Island Santurce Inc. is the owner, lessor, lessee, and/or operator of the public accommodation known as Ice Cream & Limbers.

4.12. La Preña Foods L.L.C. is the owner, lessor, lessee, and/or operator of the public accommodation known as La Preña.

4.13. Los Pinos Restaurant 2 Inc. is the owner, lessor, lessee, and/or operator of the public accommodation known as Los Pinos Restaurant 2.

4.14. Panucho, Inc. is the owner, lessor, lessee, and/or operator of the public accommodation known as Panuchos.

4.15. Foodie Forever LLC is the owner, lessor, lessee, and/or operator of the public accommodation known as Pinkys Loiza Street.

4.16. A Pie Cafe Bar and Restaurant Inc. is the owner, lessor, lessee, and/or operator of the public accommodation known as A Pie Cafe.

4.17. Uno Mas LLC is the owner, lessor, lessee, and/or operator of the public accommodation known as Raices Urbano.

4.18. Jama LLC is the owner, lessor, lessee, and/or operator of the public accommodation known as Sabrina.

4.19. Creative Food Concepts LLC is the owner, lessor, lessee, and/or operator of the public accommodation known as Egg Joint- Buya.

4.20. La Cueva del Mar , Inc. is the owner, lessor, lessee, and/or operator of the public accommodation known as La Cueva del Mar.

4.21. O & R LLC is the owner, lessor, lessee, and/or operator of the public accommodation known as La Pachanga.

4.22. Mere Pescao Corp. is the owner, lessor, lessee, and/or operator of the public accommodation known as Burger & Mayo Lab.

4.23.    Restaurante Freddy Los Pinos 2 LLC  is the owner, lessor, lessee, and/or operator of the public accommodation known as Restaurante Freddy Los Pinos 2.

## II.    ALLEGATIONS

**A. Regarding the Plaintiff's Medical Conditions**

5. Mrs. Andreina Hidalgo Hidalgo suffers from the following condition: cerebral palsy with spasticity, an acquired neurological condition diagnosed at 15 months of age, which has resulted in permanent paralysis and significant motor impairments.

6. As a result of this condition, Mrs. Hidalgo experiences substantial mobility limitations compared to the average person in the general population. She relies on a walker for short distances to maintain balance and uses a power wheelchair for longer distances to ensure her safety, reduce physical strain, and preserve her independence.

7. Spastic cerebral palsy causes involuntary muscle stiffness, spasms, and limited range of motion, making it difficult for Ms. Hidalgo to move freely. Due to the high muscle tone and rigidity in her lower limbs, she experiences difficulty with walking, standing for extended periods, and maintaining posture without support. Even when using a walker, she must exert significant effort to stabilize herself, and her movements are slow and deliberate to avoid falls.

8. Her condition also affects her ability to perform daily tasks that require lower-body mobility. Climbing stairs is impossible without assistance or mechanical support, and stepping onto elevated surfaces, such as curbs without ramps, presents a serious obstacle to her independence.

**B.  Concerning the Properties in Question and the Court's Jurisdiction**

9.    The areas within the Municipality of San Juan and the establishments in controversy, where Mrs. Hidalgo has been unable to access due to barriers, are the following:

    9.1.   The location in controversy is a place of public accommodation, known as Acapulco Taqueria Mexicana, located at 2021 Loíza Street, San Juan, PR 00911-1735, whose coordinates are 18.450711586904458, -66.0535079586328.

        9.1.1.   The sidewalk in question is located in front of Acapulco Taqueria Mexicana, situated at 2021 Loíza Street, San Juan, PR 00911- 1735, whose coordinates are 18.450711586904458, -66.0535079586328.

        9.1.2.   The sidewalk ramp in question is located in front of Acapulco Taqueria Mexicana, situated at 2021 Loíza Street, San Juan, PR 00911- 1735, whose coordinates are 18.450711586904458, -66.0535079586328.

    9.2.   The location in controversy is a place of public accommodation, known as Ana's Cafe Restaurant, located at Loiza Street #1909 Gertrudi Alley, San Juan, PR 00911-0000, whose coordinates are 18.45136714212737, -66.05677107780987.

        9.2.1.   The sidewalk in question is located in front of Ana's Cafe Restaurant at Loiza Street #1909 Gertrudi Alley, San Juan, PR 00911-0000, whose coordinates are 18.45136714212737, -66.05677107780987.

        9.2.2.   The sidewalk ramp in question is located at the following coordinates:18.451168083604795, -66.05638721974003.

    9.3.   The location in controversy is a place of public accommodation, known as Antes De, located at 1950 Loíza Street, San Juan, PR 00911-2449, whose coordinates are 18.451267715343025, -66.05586228945361.

9.3.1.    The sidewalk in question is located in front of Antes De, located at 1950 Loíza Street, San Juan, PR 00911-2449, whose coordinates are 18.451267715343025, -66.05586228945361.

9.3.2.    The sidewalk ramps in question are located next to Antes De, right at the corner, at 1950 Loíza Street, San Juan, PR 00911-2449, whose coordinates are 18.45105396368573, -66.05598003516423.

9.4.    The location in controversy is a place of public accommodation, known as Bebo's Cafe, located at 1600 Loíza Street, Corner of Del Parque, San Juan, PR 00926-0000, whose coordinates are 18.451725201903542, -66.06271786971153.

9.4.1.    The sidewalk in question is located in front of Bebo's Cafe, located at 1600 Loíza Street, Corner of Del Parque, San Juan, PR 00926-0000, whose coordinates are 18.451725201903542, -66.06271786971153.

9.4.2.    The sidewalk ramps in question are located next to Bebo's Cafe, right at the corner, at 1600 Loíza Street, Corner of Del Parque, San Juan, PR 00926-0000, whose coordinates are 18.45187008448376, -66.06278243774452.

9.5.    The location in controversy is a place of public accommodation, known as Biga Pizza Artigianale, located at 2025 Loíza Street, San Juan, PR 00907-0000, whose coordinates are 18.45069891817153, -66.05331662831274.

9.5.1.    The sidewalk in question is located in front of Biga Pizza Artigianale, situated at 2025 Loíza Street, San Juan, PR 00907-0000, whose coordinates are 18.45069891817153, -66.05331662831274.

9.5.2.  The sidewalk ramps in question are located next to Biga Pizza Artigianale, right at the corner, at 2025 Loíza Street, San Juan, PR 00907-0000, whose coordinates are 18.4505111863276, -66.05318871469167.

9.6.  The location in controversy is a place of public accommodation, known as Bocca Restaurant, located at 2012 Loíza Street, San Juan, PR 00911-1742, whose coordinates are 18.450657195281707, -66.053874163196.

9.6.1.  The sidewalk in question is located in front of Bocca Restaurant, located at 2012 Loíza Street, San Juan, PR 00911-1742, whose coordinates are 18.450657195281707, -66.053874163196.

9.6.2.  The sidewalk ramps in question are located at the following coordinates: 18.4507191595072, -66.05407499061096.

9.6.3.  The sidewalk ramps in question are located at the following coordinates: 18.450555740680695, -66.05355324860274.

9.7.  The location in controversy is a place of public accommodation, known as Café Regina, located at 1705 Loíza Street, Corner of Taft Street, First Level, San Juan, PR 00911-0000, whose coordinates are 18.451804740302325, -66.0608858668618.

9.7.1.  The sidewalk in controversy is located in front of Café Regina, located at 1705 Loíza Street, Corner of Taft Street, First Level, San Juan, PR 00911-0000, whose coordinates are 18.451804740302325, -66.0608858668618.

9.7.2.  The sidewalk ramps in question are located next to Café Regina, right at the corner, at 1705 Loíza Street, Corner of Taft Street, First Level, San

Juan, PR 00911-0000, whose coordinates are 18.451753648548593, -66.06089252205639.

9.8.    The location in controversy is a place of public accommodation, known as Cocina 1760, located at 1760 Loíza Street, San Juan, PR 00911-1801, whose coordinates are 18.451672109992312, -66.06016066178545.

    9.8.1.    The sidewalk in question is located in front of Cocina 1760, situated at 1760 Calle Loíza, San Juan, PR 00911-1801, whose coordinates are 18.451672109992312, -66.06016066178545.

    9.8.2.    The sidewalk ramps in question are located at the following coordinates: 18.451519017420964, -66.05968345694023.

    9.8.3.    The sidewalk ramps in question are located at the following coordinates: 18.451653292090597, -66.06087823233446

9.9.    The location in controversy is a place of public accommodation, known as Dashi located at 2012 Loíza Street, San Juan, PR 00911-2459, with coordinates 18.450800690039994, -66.0540714.

    9.9.1.    The sidewalk in question is located in front of Dashi, located 2012 Calle Loíza, San Juan, PR 2012 Loíza Street, San Juan, PR 00911-2459, with coordinates 18.450800690039994, -66.0540714.

    9.9.2.    The sidewalk ramps in question are located at the following coordinates: 18.45072228357089, -66.05406138750371

9.10.    The location in controversy is a place of public accommodation, known as Fuji Restaurant located at 1753 Loíza Street, San Juan, PR 00911-1817, with coordinates 18.451880496209302, -66.06033468909209.

9.10.1.    The sidewalk in question is located in front of Fuji Restaurant, situated at 1753 Loíza Street, San Juan, PR 00911-1817, with coordinates 18.451880496209302, -66.06033468909209.

9.10.2.    The sidewalk ramps in question are located next to Fuji Restaurant, right at the corner, at 1753 Loíza Street, San Juan, PR 00911-1817, with coordinates 18.451679331560836, -66.06032407666709.

9.11.    The location in controversy is a place of public accommodation, known as Ice Cream & Limbers located at 2051 Loíza Street, San Juan, PR 00911-1733, with coordinates 18.45056501637547, -66.05240075655443.

9.11.1.    The sidewalk in question is located in front of Ice Cream & Limbers, situated at 2051 Loíza Street, San Juan, PR 00911-1733, with coordinates 18.45056501637547, -66.05240075655443.

9.12.    The location in controversy is a place of public accommodation, known as La Preña, located at 1810 Loíza Street, San Juan, PR 00911-0000, whose coordinates are 18.453064476900106, -66.059441908636.

9.12.1.    The sidewalk in question is located in front of La Preña, situated at 1810 Loíza Street, San Juan, PR 00911-0000, whose coordinates are 18.453064476900106, -66.059441908636.

9.12.2.    The sidewalk ramps in question are located at the following coordinates: 18.451384359724525, -66.05866162696147.

9.13.    The location in controversy is a place of public accommodation, known as Los Pinos Restaurant 2, 2056 Loíza Street, Corner of Betances Street, Santurce

Neighborhood, San Juan, PR 00907-0000, whose coordinates are 18.45151753642018, -66.05214630028998.

9.13.1.   The sidewalk in question is located in front of Los Pinos Restaurant 2, situated at 2056 Loíza Street, Corner of Betances Street, Santurce Neighborhood, San Juan, PR 00907-0000, whose coordinates are 18.45151753642018, -66.05214630028998.

9.13.2.   The sidewalk ramps in question are located next to Los Pinos Restaurant 2, right at the corner, 2056 Loíza Street, Corner of Betances Street, Santurce Neighborhood, San Juan, PR 00907-0000, with coordinates 18.449998287995626, -66.05196473734959 and 18.450096245210535, -66.05233488216905.

9.14.   The location in controversy is a place of public accommodation, known as Panuchos, located at 1762-1 Loíza Street, Corner of Diez De Andino, San Juan, PR 00911-0000, whose coordinates are 18.451458726231113, -66.05977659544848.

9.14.1.   The sidewalk in question is located in front of Panuchos, situated at 1762-1 Loíza Street, Corner of Diez De Andino, San Juan, PR 00911-0000, whose coordinates are 18.451458726231113, -66.05977659544848.

9.14.2.   The sidewalk ramps in question are located next to 1762-1 Loíza Street, Corner of Diez De Andino, San Juan, PR 00911-0000, whose coordinates are 18.451458726231113, -66.05977659544848.

9.15.    The location in controversy is a place of public accommodation, known as Pinkys Loiza Street, located at 1902 Loíza Street, San Juan, PR 00911-1891, whose coordinates are 18.451147793235048, -66.05761814797414.

    9.15.1.    The sidewalk in question is located in front of Pinkys Loiza Street, situated at 1902 Loíza Street, San Juan, PR 00911-1891, whose coordinates are 18.451147793235048, -66.05761814797414.

    9.15.2.    The sidewalk ramps in question are located at the following coordinates: 18.4512041324487, -66.05739186551352.

    9.15.3.    The sidewalk ramps in question are located at the following coordinates: 18.451262015864987, -66.05784784107225.

9.16.    The location in controversy is a place of public accommodation, known as A Pie Cafe, located at Calle Loiza 1966 esquina Santa Cecilia, San Juan, PR 00911-0000, whose coordinates are 18.45084981850092, -66.05481501201918.

    9.16.1.    The sidewalk in controversy is located in front of A Pie Cafe, and it is situated at Calle Loiza 1966 esquina Santa Cecilia, San Juan, PR 00911-0000, whose coordinates are 18.45084981850092, -66.05481501201918.

    9.16.2.    The sidewalk ramps in question are located next to A Pie Cafe, and it is situated at Calle Loiza 1966 esquina Santa Cecilia, San Juan, PR 00911-0000, whose coordinates are 18.45084981850092, -66.05481501201918.

9.17.    The location in controversy is a place of public accommodation, known as Raíces Urbano, located at 1961 Loíza Street, San Juan, PR 00911-1895, whose coordinates are 18.451171279323308, -66.05530320036242.

    9.17.1.    The sidewalk in controversy is located in front of Raíces Urbano, and it is situated at 1961 Loíza Street, San Juan, PR 00911-1895, whose coordinates are 18.451171279323308, -66.05530320036242.

    9.17.2.    The sidewalk ramps in question are located at the following coordinates: 18.45097854521564, -66.05467365052436.

    9.17.3.    The sidewalk ramps in question are located at the following coordinates: 18.451139838503305, -66.05594627601053.

9.18.    The location in controversy is a place of public accommodation, known as Sabrina, located at 1801 Loíza Street, San Juan, PR 00911-1827 with coordinates 18.451549607367898, -66.05916044968147.

    9.18.1.    The sidewalk in controversy is located in front of Sabrina, and it is situated at 1801 Loíza Street, San Juan, PR 00911-1827 with coordinates 18.451549607367898, -66.05916044968147.

    9.18.2.    The sidewalk ramps in question are located next to Sabrina, and it is situated at 1801 Loíza Street, San Juan, PR 00911-1827 with coordinates 18.451549607367898, -66.05916044968147.

9.19.    The location in controversy is a place of public accommodation, known as Egg Joint- Buya, located at Loíza Street, Corner of Diez de Andino, 1802 First Floor, San Juan, PR 00911-0000, whose coordinates are 18.45168282411666, -66.0592056639514.

9.19.1.    The sidewalk in question is located in front  Egg Joint- Buya, located at Loíza Street, Corner of Diez de Andino, 1802 First Floor, San Juan, PR 00911-0000, whose coordinates are 18.45168282411666, -66.0592056639514..

9.19.2.    The sidewalk ramp in question is located next to Egg Joint- Buya, right at the corner, at at Loíza Street, Corner of Diez de Andino, 1802 First Floor, San Juan, PR 00911-0000, with  coordinates 18.45151643014052, -66.059641419603.

9.20.    The location in controversy is a place of public accommodation, known as La Cueva del Mar, located at 1904 Loíza Street, San Juan, PR 00911-1839, whose coordinates are 18.451207253747885, -66.05746907481188.

9.20.1.    The sidewalk in question is located in front of La Cueva del Mar, located at 1904 Loíza Street, San Juan, PR 00911-1839, whose coordinates are 18.451207253747885, -66.05746907481188.

9.20.2.    The sidewalk ramp in question is located at the following coordinates:18.45119922508252, -66.05739883501774.

9.21.    The location in controversy is a place of public accommodation, known as La Pachanga, located at 1919 Loíza Street, Local A, Santurce, San Juan, PR 00911-0000, whose coordinates are 18.451176861178592, -66.05602094318934.

9.21.1.    The sidewalk in question is located in front of La Pachanga, located at 1919 Loíza Street, Local A, Santurce, San Juan, PR 00911-0000, whose coordinates are 18.451176861178592, -66.05602094318934.

9.21.2.    The sidewalk ramp in question is located at the following coordinates:18.451109704264645, -66.05599277413117.

9.22.    The location in controversy is a place of public accommodation, known as Burger & Mayo Lab, located at 2016 Loíza Street, Local 1 & 2, Santurce, San Juan, PR 00911-1888, with coordinates 18.450615536971316, -66.05375718097294.

9.22.1.    The sidewalk in question is located in front of Burger & Mayo Lab, located at 2016 Loíza Street, Local 1 & 2, Santurce, San Juan, PR 00911-1888, at the following coordinates: 18.450649433598613, -66.05374168508114.

9.22.2.    The sidewalk ramps in question are located at the following coordinates: 18.450568650962985, -66.0535230850436 and 18.45075756777424, -66.05405349187961.

9.23.    The location in controversy is a place of public accommodation, known as Restaurante Freddy Los Pinos 2, located at 2324 Loíza Street, Punta Las Marías, San Juan, PR 00983-0000, with coordinates 18.451657072453198, -66.03907245525225.

9.23.1.    The sidewalk in question is located adjacent to Restaurante Freddy Los Pinos 2 at the following coordinates: 18.451781225394896, -66.03908914512652.

9.23.2.    The sidewalk in question is located in front of Restaurante Freddy Los Pinos 2, located at 2324 Loíza Street, Punta Las Marías, San Juan, PR 00983-0000, at the following coordinates: 18.451641567100506, -66.03911182278885.

9.23.3.    The sidewalk ramps in question are located at the following coordinates: 18.451650192988268, -66.0392413604873 and 18.451625778252453, -66.03921337805613.

**C. Discrimination in Municipality of San Juan and other businesses against Mrs. Andreina Hidalgo due to her disability**

10. Mrs. Andreina Hidalgo Hidalgo, a resident of San Juan, finds great joy in visiting different establishments, especially restaurants and entertainment venues. One of her favorite activities is exploring new culinary experiences, trying a variety of dishes, and immersing herself in the vibrant ambiance that different locations offer. These outings are not merely about food; they provide her with a sense of enjoyment, independence, and an opportunity to engage socially, all of which contribute to her overall well-being. For Mrs. Hidalgo, discovering new restaurants, cafés, and leisure spots is a cherished way to momentarily escape the daily challenges posed by her mobility limitations.

11. Living with cerebral palsy with spasticity, a condition diagnosed at just 15 months of age, Mrs. Hidalgo experiences significant motor impairments that affect her mobility. Despite these challenges, she remains an active individual who values experiences that bring her happiness and a sense of normalcy. Visiting restaurants and entertainment venues allows her to indulge in the simple yet profound pleasure of savoring delicious meals, enjoying good company, and being part of the vibrant social life that San Juan offers.

12. Unfortunately, Mrs. Hidalgo's enthusiasm for these outings is often met with disappointment due to the numerous architectural barriers she encounters in the Municipality of San Juan. Instead of enjoying a smooth and fulfilling experience, she frequently faces accessibility challenges that make it difficult, exhausting, or even impossible to navigate public spaces safely. The lack of properly maintained sidewalks,

inaccessible entrances, high service counters, and the absence of designated accessible spaces are just a few of the barriers that stand in her way.

13. Mrs. Hidalgo feels discouraged from visiting several establishments in San Juan because she knows she cannot enjoy them due to the architectural barriers present at those locations. These barriers do not just limit her access—they strip away her independence and her right to enjoy spaces in the same way as others. Ensuring accessibility in public and commercial spaces would not only allow her to continue doing what she loves but would also uphold her dignity and right to be included in the social fabric of her community.

14. Mrs. Hidalgo feels discouraged from visiting several places located in San Juan because she knows she cannot enjoy them due to the architectural barriers present at those locations:

### ***Responsibility of the Commonwealth of Puerto Rico; Municipality of San Juan and Border Bandits LLC - Acapulco Taqueria Mexicana***

15. Mrs. Hidalgo, a fervent admirer of authentic Mexican cuisine, is particularly drawn to Acapulco Taquería Mexicana, having heard in advance about the excellence of its dishes. In particular, she is captivated by its delicious and highly acclaimed chilaquiles—prepared with original recipes that highlight the spiciness and distinctive traditional flavors. Furthermore, the establishment stands out with its vibrant atmosphere, colorful decor, and attentive service, complemented by music and an ambiance that evoke the true Mexican culinary experience. This appealing combination of attributes motivated Mrs. Hidalgo to consider visiting the taqueria during November and December 2024; however, upon learning about the existing accessibility barriers, she refrained from going, knowing she would not be able to fully enjoy the experience she so dearly desires.

15.1.    Inaccessible Sidewalk Ramp: The access ramp is in poor condition, with significant wear at both its beginning and end, making it unstable. Its excessively steep slope, along with visible cracks, broken sections, and numerous irregularities, prevents Mrs. Hidalgo from using it. As a result, she cannot access the sidewalk or navigate independently in the area. Given Mrs. Hidalgo's disabilities, this ramp makes it impossible for her to move safely in her wheelchair. Because she cannot use the ramp, she is unable to access Acapulco Taquería Mexicana, making her feel excluded from a space she would otherwise visit. Additionally, due to the ramp's condition, she feels discouraged from visiting Acapulco Taquería Mexicana or even passing through the area, as the inaccessibility prevents her from navigating independently.

15.1.1.    Furthermore, since this ramp is located on Calle Loíza, it falls under the responsibility of the Commonwealth of Puerto Rico, which has failed to provide necessary maintenance. This neglect has made the public sidewalk inaccessible and has completely obstructed the accessible route to Acapulco Taquería Mexicana.

15.2.    Damaged Sidewalk: Mrs. Hidalgo cannot use the sidewalk in front of the establishment due to its poor condition. The deep cracks, pervasive unevenness, and narrow width make it impossible for her to navigate independently in her wheelchair. Given her disabilities, this barrier directly prevents her from accessing Acapulco Taquería Mexicana and moving freely in the area. As a result, she feels discouraged from visiting the establishment, as the inaccessibility completely obstructs her path.

15.2.1.    Since this sidewalk is located on Calle Loíza, it is the responsibility of the Commonwealth of Puerto Rico, which has failed to provide the necessary maintenance. This neglect has rendered the public sidewalk inaccessible and, in turn, has obstructed the access route to Acapulco Taquería Mexicana.

15.3.    Insufficient Hallways: Mrs. Hidalgo is aware that the hallways and passageways leading to the various services within the establishment are excessively narrow, preventing safe and unobstructed movement for wheelchair users like herself. This lack of space forces individuals to execute forced maneuvers to avoid collisions with furniture and fixed barriers, thereby increasing the risk of accidents and requiring considerable physical effort. Furthermore, the narrowness of these access routes heightens Mrs. Hidalgo's stress and frustration, undermining her autonomy and clearly demonstrating a failure to meet accessibility standards. Because of these barriers, Mrs. Hidalgo feels discouraged from visiting the establishment, as she knows she will be unable to move freely. The narrow passageways not only obstruct her access but also make her feel unwelcome, as they demonstrate a disregard for the needs of individuals who, like her, require adequate space to maneuver.

15.4.    Lack of Action Against Illegal Parking: Furthermore, it has been detected that illegal parking occurs directly in front of Acapulco Taquería Mexicana, obstructing the access route and hindering a safe arrival at the establishment. Both the taqueria and the Municipality of San Juan are aware of this situation, yet no corrective measures have been taken. This inaction directly increases the harm to

Mrs. Hidalgo, as it obstructs her entry and exposes her to additional risks, reinforcing her perception of discrimination by making her feel systematically marginalized.

15.5.    Inaccessible Dining Area: Mrs. Hidalgo is aware that the dining area on the first floor consists solely of a single counter intended for customers to enjoy their meals, with no accessible tables available. This counter is installed at an excessively high level and lacks the necessary depth, which prevents her from positioning herself safely and comfortably. As a result, she cannot use the counter at all, as her wheelchair does not fit properly, and she has no way to sit facing forward like other customers. She is forced to sit sideways in an uncomfortable position or is entirely unable to use the dining area, leaving her without a viable space to enjoy her meal. Due to these barriers, she feels discouraged from visiting the establishment, as she knows she will be unable to dine independently and with dignity. The inaccessibility of the dining area reinforces her exclusion from a basic aspect of the restaurant experience, making her feel unwelcome and overlooked.

15.6.    Inaccessible Payment Counter: Mrs. Hidalgo is aware that the payment counter is situated at an excessively high level, making it impossible for someone using a wheelchair to perform transactions autonomously. She cannot reach the counter to make a payment, sign receipts, or comfortably interact with staff, forcing her to rely on others for assistance. This barrier prevents her from completing a fundamental aspect of the customer experience independently, making her feel excluded and treated unfairly. Due to these conditions, she feels discouraged from

visiting the establishment, as she knows she will not be able to carry out a basic transaction on her own. The inaccessibility of the counter undermines her dignity and her right to receive equitable service, as it remains entirely unusable for her condition.

15.7.    The elimination of these barriers can be achieved by implementing comprehensive corrective measures in accordance with ADA guidelines. The access ramp should be repaired and leveled, addressing the wear at both ends and reducing its steepness to ensure a stable and safe surface. Similarly, the damaged sidewalk must be fixed by filling in cracks, smoothing out uneven areas, and widening it to allow for safe passage—this should be done in coordination with the Municipality of San Juan, which has already been notified of these deficiencies. In addition, hallways and passageways leading to various services within the establishment should be widened and cleared of fixed obstacles, with furniture rearranged as necessary to facilitate unobstructed movement for wheelchair users. In the dining area, it is imperative to adjust the height and depth of the single counter so that it becomes accessible and comfortable, allowing customers to enjoy their meals independently. Likewise, the payment counter must be repositioned to an appropriate height that enables individuals using wheelchairs to conduct transactions autonomously. Finally, an effective mechanism must be established in coordination with municipal authorities to prevent illegal parking in front of the establishment, thereby ensuring an unobstructed access route. The adoption of these measures would guarantee that Acapulco Taquería Mexicana becomes a truly inclusive space, allowing Mrs.

Hidalgo to enjoy her gastronomic experience with the dignity, autonomy, and safety she deserves.

15.8.    Furthermore, the Municipality of San Juan has not only failed to enforce accessibility regulations but has also illegally issued use permits that allow Acapulco Taquería Mexicana to operate in an inaccessible manner. By authorizing a business that does not provide an accessible route of entry and allowing conditions that further obstruct access, the Municipality has directly contributed to the exclusion of individuals like Mrs. Hidalgo. This inaction and improper permitting process reinforce her perception of discrimination, as she is systematically denied the ability to access and enjoy the establishment on equal terms.

### *Responsibility of the Commonwealth of Puerto Rico; Municipality of San Juan and Ana's Cafe Restaurant LLC - Ana's Cafe Restaurant*

16.    Mrs. Andreina Hidalgo is a fervent admirer of authentic Puerto Rican cuisine. Ana's Café Restaurant is widely acclaimed for its exceptional reviews, thanks to its home-cooked meals, the distinctive flavors of traditional island fare, and its famous tostones, which have established it as one of the most recommended places to enjoy local culinary delights. Moreover, the restaurant offers a robust menu featuring typical dishes such as mofongo, rice with pigeon peas, and fresh seafood, complemented by a cozy dining area, a lively beverage bar serving local refreshments, and a warm atmosphere that evokes the essence of the island's culinary heritage. All of these qualities are especially appealing to Mrs. Hidalgo, whose tastes are closely aligned with the authenticity and quality of the establishment's gastronomic offerings. However, despite being motivated by these attractions and having intended to visit the venue in January 2025, Mrs. Hidalgo

ultimately decided against it upon learning in advance about the various accessibility barriers that would prevent her from fully enjoying the experience she so dearly desires.

16.1.    Worn Access Ramp: Mrs. Hidalgo is aware that the sidewalk ramp leading into Ana's Café Restaurant is in a notably deteriorated condition, featuring worn edges and irregular surfaces that compromise its stability. This situation increases the risk of slipping and causes significant fatigue for someone who depends on a walker or a wheelchair. These conditions not only subject her to constant danger but also discourage her from attempting to visit the establishment, given her prior knowledge that she would be unable to move about safely and independently.

16.1.1.    Additionally, since this ramp is located on a public sidewalk, it falls under the responsibility of the Commonwealth of Puerto Rico, which has failed to provide the necessary maintenance. This lack of upkeep has rendered the sidewalk inaccessible, further obstructing the access route to Ana's Café Restaurant. The Commonwealth's inaction has directly contributed to Mrs. Hidalgo's exclusion, as she is unable to access the area due to the government's failure to ensure compliance with accessibility standards.

16.2.    Sidewalk Holes and Water Accumulation: Mrs. Hidalgo is aware that, in the immediate vicinity of the ramp, there are holes in the sidewalk that cause water to accumulate, resulting in puddles and slippery surfaces. These irregularities create a hazardous passage that raises the likelihood of falls or slips, especially for individuals like Mrs. Hidalgo who require a stable base for mobility.

16.2.1.    Additionally, because this sidewalk falls under the jurisdiction of the Commonwealth of Puerto Rico, the government's continued inaction has

further contributed to Mrs. Hidalgo's exclusion. The failure to maintain this area in compliance with accessibility standards not only obstructs her mobility but also reinforces her experience of systemic discrimination, as she is denied the ability to navigate public spaces on equal terms.

16.3.    Illegal Parking in Front of the Sidewalk: In addition to the absence of adapted parking, Mrs. Hidalgo is aware that illegal parking frequently occurs right in front of the restaurant's sidewalk. This obstruction further complicates access for individuals with reduced mobility and exposes her to additional risks as she must navigate around improperly parked vehicles. Due to these conditions, she feels discouraged from visiting the restaurant, knowing that she will not be able to access it without encountering significant obstacles. The presence of illegally parked vehicles not only obstructs her path but also reinforces her sense of exclusion, as the lack of enforcement and corrective measures disregards the needs of individuals with disabilities like her:

16.3.1.    Since this sidewalk is located on Calle Loíza, it is the responsibility of both the Commonwealth of Puerto Rico and the Municipality of San Juan, which have failed to enforce accessibility regulations and provide the necessary maintenance. Both have allowed vehicles to park illegally in this area, obstructing the sidewalk, the ramp, and the access route to Ana's Cafe Restaurant. This ongoing negligence has made the public sidewalk inaccessible and has completely blocked Mrs. Hidalgo's ability to reach the establishment safely and independently.

16.4.    Inaccessible Payment Counter: Mrs. Hidalgo is aware that the payment counter at Ana's Cafe Restaurant is positioned at an excessively high level, preventing her from making transactions independently. She cannot reach the counter to pay, sign receipts, or comfortably interact with staff, forcing her to rely on others for assistance. This barrier directly undermines her autonomy and dignity, as it compels her to depend on others for a fundamental aspect of the customer experience, leading to frustration and a perception of unequal treatment. Due to these conditions, she feels discouraged from visiting the restaurant, knowing in advance that she will not be able to complete a simple transaction on her own. The inaccessibility of the payment counter not only obstructs her independence but also reinforces her exclusion, making her feel unwelcome in a space that fails to accommodate her needs.

16.5.    These barriers could be eliminated by implementing comprehensive corrective measures in accordance with accessibility guidelines. The sidewalk ramp must be fully repaired and leveled, with reinforced edges and a reduced slope to ensure stable passage, and the holes causing water accumulation should be filled to prevent slippery surfaces. Additionally, adapted parking spaces should be made available, and effective mechanisms to deter illegal parking in front of the restaurant should be established in coordination with the Municipality of San Juan, which is already aware of these irregularities. Finally, the heights of both the payment counter and the beverage bar must be adjusted to ensure the autonomy of wheelchair users. By adopting these measures, Ana's Cafe Restaurant could

become a truly inclusive and safe environment, enabling Mrs. Hidalgo to enjoy Puerto Rican cuisine with the dignity and accessibility she deserves.

16.6.    Furthermore, the Municipality of San Juan has not only failed to enforce accessibility regulations but has also illegally issued use permits that allow Ana's Café Restaurant to operate in an inaccessible manner. By authorizing a business that does not provide an accessible route of entry and permitting conditions that obstruct access, the Municipality has directly contributed to the exclusion of individuals like Mrs. Hidalgo. This inaction and improper permitting process reinforce her perception of discrimination, as she is systematically denied the ability to access and enjoy the establishment on equal terms.

### *Responsibility of the Commonwealth of Puerto Rico; Municipality of San Juan and FMM LLC - Antes De*

17.    Mrs. Andreina Hidalgo is drawn to the excellent ambiance and sophisticated setting of Antes de Lounge. Located on Loíza Street in San Juan, this establishment is renowned for its welcoming atmosphere, elegant décor, and carefully curated music that together create a refined and enjoyable environment. Moreover, its menu is celebrated for offering high-quality dishes, including its famously exquisite shrimp, renowned for their freshness and exceptional flavor, as well as a diverse array of culinary delights that capture the authentic taste of local cuisine. However, since January, 2025 despite these appealing features, Mrs. Hidalgo is aware of several accessibility barriers that prevent her from entering and fully enjoying the services provided by the establishment, as detailed below:

17.1.    Illegal Parking: Mrs. Hidalgo is aware that illegal parking occurs at the entrance of Ana's Café Restaurant. Vehicles are allowed to park around the sidewalk surrounding the establishment, obstructing her path and making it impossible for

her to navigate the area independently. Additionally, these improperly parked vehicles block the sidewalk ramp located there, preventing her from accessing the restaurant in an accessible manner. Due to these conditions, she feels discouraged from visiting the establishment, knowing that she will not be able to enter without encountering significant obstacles. The continued allowance of these obstructions restricts her mobility and reinforces her exclusion, as no measures have been taken to ensure that she can access the establishment safely and independently.

17.1.1. Since this sidewalk is located on Calle Loíza, it is the responsibility of both the Commonwealth of Puerto Rico and the Municipality of San Juan, which have failed to enforce accessibility regulations and provide the necessary maintenance. Both have allowed vehicles to park illegally in this area, obstructing the sidewalk, the ramp, and the access route to Antes De. This ongoing negligence has made the public sidewalk inaccessible and has completely blocked Mrs. Hidalgo's ability to reach the establishment safely and independently.

17.2. Uneven Sidewalk Ramp: Mrs. Hidalgo is aware that the sidewalk ramp features significant unevenness at both its beginning and its end, compounded by a notable drop-off immediately before the ramp. Additionally, the ramp has visible cracks, is broken, and is entirely inadequate for safe use. These conditions make it impossible for her to navigate the ramp independently, as its instability prevents her from accessing the area in a safe and dignified manner. Due to these barriers, she feels discouraged from visiting the establishment, knowing that she will not be able to access it without encountering significant obstacles. The poor condition

of the ramp not only obstructs her mobility but also reinforces her exclusion, as it remains unusable and unmaintained despite its critical role in ensuring accessibility.

17.2.1.    Since this sidewalk ramp is located on Calle Loíza, it is the responsibility of the Commonwealth of Puerto Rico, which has failed to provide the necessary maintenance. This neglect has rendered the ramp inaccessible and, in turn, has obstructed the access route to Antes De, preventing Mrs. Hidalgo from reaching the establishment safely and independently.

17.3.    Step at the Entrance Without an Access Ramp: Mrs. Hidalgo is aware that the main entrance includes a step without an accompanying access ramp, making it impossible for her to enter the establishment. Since she cannot navigate steps in her wheelchair, this barrier completely prevents her from accessing the restaurant independently. She is forced to stop at the entrance without any alternative way to enter, leaving her excluded from the space entirely. Due to this barrier, she feels discouraged from visiting the establishment, knowing that she will not be able to enter on her own. The absence of an access ramp not only obstructs her mobility but also reinforces her exclusion, as it demonstrates a failure to provide even the most basic accommodation for individuals with disabilities.

17.4.    High Payment Counter and Beverage Bar: Mrs. Hidalgo is aware that both the payment counter and the beverage bar are installed at excessive heights, making it impossible for her to reach them from her wheelchair. She cannot comfortably place her items, make payments, sign receipts, or interact with staff at the same level as other customers. Additionally, she is unable to access the beverage bar to

order or pick up a drink, as its height prevents her from doing so independently. These barriers completely obstruct her ability to conduct transactions or enjoy the services of the establishment on her own. Due to these conditions, she feels discouraged from visiting the establishment, as she cannot complete basic tasks without relying on assistance. The inaccessibility of these areas prevents her from fully participating in the experience, reinforcing her exclusion and making her feel unwelcome in a space that does not accommodate her needs.

17.5.    The elimination of these barriers could be achieved by implementing comprehensive corrective measures, including the provision of a comfortable, accessible parking area with clear signage to prevent illegal parking; the repair and complete leveling of the sidewalk ramp—eliminating uneven areas at both its beginning and end—to ensure stable access; the installation of an access ramp in place of the step at the entrance; the widening of interior access routes to facilitate smooth wheelchair transit; the reconfiguration of the furniture by adjusting the height of tables, chairs, payment counters, and the beverage bar in accordance with accessibility standards; and the reorganization of the corridors to remove obstructions and provide ample space. The implementation of these measures would ensure that Antes de Lounge becomes a truly inclusive and safe space, allowing Mrs. Hidalgo to fully enjoy the inviting ambiance and exceptional culinary experience that attract her—with the dignity and accessibility she deserves.

17.6.    Additionally, the Municipality of San Juan has neglected to enforce accessibility regulations and has unlawfully granted use permits that allow Antes De to operate

without ensuring accessibility. By approving a business that lacks an accessible entrance and permitting conditions that block access, the Municipality has played a direct role in preventing Mrs. Hidalgo from entering the establishment. This failure to act and the improper issuance of permits reinforce her sense of discrimination, as she is consistently denied the opportunity to access and enjoy the establishment under the same conditions as others.

### *Responsibility of the Commonwealth of Puerto Rico; Municipality of San Juan and PLM Food Service, Inc. - Bebo's Cafe*

18.    Mrs. Andreina Hidalgo feels deeply drawn to Bebo's Café, an emblematic establishment located on Loíza Street in San Juan. Renowned for offering exquisite Criolla cuisine, considered one of the best and most traditional in Puerto Rico, the café stands out for its authentic flavors, excellent service, and modest prices, truly reflecting the best of local gastronomy. Its menu, which evokes the genuine, homemade tastes of the island, makes this venue a benchmark for those seeking to enjoy true Puerto Rican flavors. However, since February, 2025 despite these attractive qualities, Mrs. Hidalgo is aware of several accessibility barriers that prevent her from entering and fully enjoying the establishment with the autonomy and safety she deserves, as detailed below:

18.1.    Worn Access Ramp: Mrs. Hidalgo has knowledge that the access ramp is visibly worn at both its beginning and its end, rendering it unstable and dangerous. This situation is especially detrimental to her, as she relies on a walker and a power wheelchair for mobility. The ramp's instability prevents her from moving safely and independently, increasing the risk of slips and falls, which exposes her to potential accidents and causes deep frustration. Due to the inaccessibility of the ramp, she feels discouraged from passing through the area and from visiting

Bebo's Café, knowing that she cannot access it without difficulty. The inability to use the ramp reinforces her exclusion, as it obstructs her route and prevents her from moving freely and independently:

18.1.1. Furthermore, since this ramp is located on Calle Loíza, it falls under the responsibility of the Commonwealth of Puerto Rico, which has failed to provide the necessary maintenance. This neglect has rendered the public sidewalk inaccessible and has completely obstructed the accessible route to Bebo's Café, preventing Mrs. Hidalgo from reaching the establishment safely and independently.

18.2. Obstructed Sidewalk: Mrs. Hidalgo has knowledge that the sidewalk leading to the café is cluttered with fixed obstacles, such as posts and signage, which completely block her ability to pass safely. These barriers prevent her from navigating independently, as she cannot move through the area without encountering significant obstructions. She is forced to attempt difficult maneuvers that compromise her stability and require considerable physical effort, making it impossible for her to access Bebo's Café. Due to these barriers, she feels discouraged from visiting the establishment, knowing that she cannot enter safely or smoothly. The obstruction of the sidewalk not only restricts her mobility but also reinforces her exclusion, as she is denied the ability to access the café like other customers:

18.2.1. Since this sidewalk is located on Calle Loíza, it is the responsibility of the Commonwealth of Puerto Rico, which has failed to provide the necessary maintenance. This neglect has rendered the public sidewalk inaccessible

and, in turn, has obstructed the access route to Bebo's Café, preventing Mrs. Hidalgo from reaching the establishment safely and independently.

18.3.  Elevated Counter: Mrs. Hidalgo has knowledge that the payment counter at Bebo's Café is installed at an excessive height, measuring more than 36 inches. Due to this elevated height, she cannot reach the counter from her wheelchair, preventing her from placing items, making payments, signing receipts, or interacting comfortably with staff. This forces her to depend on assistance for a task she should be able to complete independently, making the experience frustrating and undignified. Because of this barrier, she feels discouraged from visiting Bebo's Café, knowing that she cannot conduct a basic transaction on her own. The inaccessibility of the counter completely obstructs her autonomy and reinforces her exclusion, as she is unable to receive the same level of service as other customers.

18.4.  Narrow Interior Spaces: Mrs. Hidalgo has knowledge that the internal circulation areas at Bebo's Café are excessively narrow, making it impossible for her to move freely in her wheelchair. The lack of adequate space prevents her from turning, repositioning herself, or navigating through the establishment without difficulty. She is forced to maneuver in tight spaces, which causes unnecessary strain and limits her ability to access different areas independently. Due to these barriers, she feels discouraged from visiting Bebo's Café, as she knows she will not be able to move comfortably or access the establishment like other customers. The confined layout not only obstructs her mobility but also reinforces her exclusion, as it

prevents her from fully enjoying the space in an independent and dignified manner.

18.5.    Ms. Andreina Hidalgo has knowledge of the following accessibility barriers present in the restroom at Bebo's Café:

18.5.1.    Insufficient Door Dimensions in the Restroom: Ms. Hidalgo is aware that ADA regulations require restroom doors to provide at least 32 inches of clear space for wheelchair access. However, the observed door does not meet this requirement and is obstructed from opening to a full 90-degree angle. If she needed to enter using her walker or wheelchair, the restricted space would make it extremely difficult or impossible to do so independently. Maneuvering through a narrow or blocked doorway could cause her to lose balance or become stuck, increasing her risk of falling.

18.5.2.    Trash Bin Placement Obstructing Access to the Toilet: Ms. Hidalgo has knowledge that the trash bin is placed too close to the toilet, reducing the space available for safe maneuvering. ADA regulations require at least a 60-inch (152.4 cm) diameter clearance for wheelchair movement. If she needed to transfer to the toilet, the obstruction would limit her ability to position herself properly, making the process unsafe and unstable. The lack of adequate space could force her into awkward movements, increasing the risk of losing her balance or experiencing unnecessary strain.

18.5.3.    Improper Placement of the Toilet Paper Dispenser: Ms. Hidalgo understands that ADA standards require the toilet paper dispenser to be no

more than 9 inches from the front of the toilet. In its current position, she would struggle to reach it without overextending, which could cause discomfort or even put her at risk of falling. If the dispenser were placed correctly, she would be able to access it with ease and without compromising her stability.

18.5.4.   Inadequate Placement and Measurements of Grab Bars: Ms. Hidalgo is aware that grab bars must be installed according to ADA guidelines to provide proper support. The side grab bar should be between 33 and 36 inches (83.8 - 91.4 cm) in height and at least 42 inches (106.7 cm) long, starting no more than 12 inches (30.4 cm) from the back wall. The rear grab bar should be at least 36 inches (91.4 cm) long and positioned at the same height. If these measurements are incorrect, she would struggle to use them effectively for support. This could make it difficult for her to stabilize herself, transfer to and from the toilet, or maintain balance, putting her safety at risk.

18.6.   The elimination of these barriers could be achieved by implementing comprehensive corrective measures: improving access to the parking area and main entrance with proper signage and the construction of secure, well-designed ramps; repairing and completely leveling the access ramp to eliminate wear at its edges and ensure stability; removing or relocating fixed obstacles on the sidewalk and widening the landing to allow safe transit; adjusting the height of the payment counter and reorganizing interior spaces to widen the corridors; replacing or repositioning carpets that affect traction; and equipping entry doors with

accessible handles along with installing appropriate tactile and visual signage. Additionally, modifications should be made in the restroom to ensure compliance with ADA standards and accommodate Mrs. Hidalgo's needs. This includes widening the restroom door to provide at least 32 inches of clear space and ensuring it opens to a full 90-degree angle; repositioning the trash bin to eliminate obstructions near the toilet and provide the required 60-inch clearance for maneuverability; relocating the toilet paper dispenser to be within 9 inches from the front of the toilet for easier reach; and properly installing grab bars at the correct height and length to provide safe and effective support during transfers. Adopting these measures would ensure that Bebo's Café becomes a truly inclusive and safe space, allowing Mrs. Hidalgo to enjoy its renowned Criolla cuisine and welcoming ambiance with the dignity and accessibility she deserves.

18.7.    Furthermore, the Municipality of San Juan has not only failed to enforce accessibility regulations but has also illegally issued use permits that allow Bebo's Café to operate in an inaccessible manner. By authorizing a business that lacks an accessible route of entry and permitting conditions that obstruct access, the Municipality has directly contributed to the exclusion of Mrs. Hidalgo. This inaction and improper permitting process reinforce her perception of discrimination, as she is systematically denied the ability to access and enjoy the establishment on equal terms.

### *Responsibility of the Commonwealth of Puerto Rico; the Municipality of San Juan and Ostia LLC - Biga Pizza Artigianale*

19.    Mrs. Andreina Hidalgo is especially drawn to Biga Pizza Artigianale. Located on Loíza Street in San Juan, this establishment is renowned for its traditional pizza, characterized

by a crunchy crust, the use of sourdough, and fresh toppings—including its delicious anchovy preparations. The high quality and authenticity of its culinary offerings have positioned the pizzeria as a gastronomic benchmark that Mrs. Hidalgo eagerly wishes to experience. However, since January, 2025 despite its acclaimed reputation and her strong desire to visit, Mrs. Hidalgo is aware of several accessibility barriers that prevent her from fully enjoying what Biga Pizza Artigianale has to offer, namely:

19.1.    Deteriorated Access Ramp: Mrs. Hidalgo has observed that the access ramp is worn at both its beginning and its end, has visible cracks, and is severely uneven, making it impossible for her to use safely. As someone who depends on a power wheelchair, these conditions prevent her from maintaining stability and navigating the ramp independently. Additionally, vehicles are frequently parked illegally in front of the ramp and along the public sidewalk, further obstructing her path and making it completely inaccessible. Due to these barriers and obstructions, she feels discouraged from visiting Biga Pizza Artigianale, knowing that she cannot access the establishment safely or independently. The deteriorated condition of the ramp, combined with the illegal parking, completely restricts her mobility and reinforces her exclusion, preventing her from enjoying the space on equal terms with other customers.

19.1.1.    Additionally, since this ramp is located on a public sidewalk, it falls under the responsibility of the Commonwealth of Puerto Rico, which has failed to provide the necessary maintenance. This lack of upkeep has rendered the sidewalk inaccessible, further obstructing the access route to Biga Pizza Artigianale. The Commonwealth's inaction has directly contributed

to Mrs. Hidalgo's exclusion, as she is unable to access the area due to the government's failure to ensure compliance with accessibility standards.

19.2.    Overly Narrow Sidewalk: Mrs. Hidalgo has knowledge that the sidewalk used to access the establishment is excessively narrow, which obstructs the safe maneuverability and passage of her wheelchair. Furthermore, the sidewalk is in poor condition, with irregularities and deterioration that force her to execute forced maneuvers to navigate through, thereby increasing the risk of accidents and severely compromising her stability. This situation diminishes her autonomy, generating high levels of frustration and anxiety, as she is unable to move safely and comfortably.

19.3.    Inaccessible Sidewalk: Mrs. Hidalgo has knowledge that the sidewalk used to access Biga Pizza Artigianale is excessively narrow, making it impossible for her to maneuver her wheelchair safely. The limited space physically blocks her from passing through, forcing her to attempt uncomfortable and impractical maneuvers that compromise her ability to move independently. Additionally, the sidewalk is in poor condition, with visible irregularities and deterioration that further obstruct her passage. Due to these barriers, she feels discouraged from visiting Biga Pizza Artigianale, knowing that she cannot access the restaurant without encountering significant obstacles. The combination of a narrow, deteriorated sidewalk and illegally parked vehicles leaves her without a viable path, denying her the ability to reach the establishment like other customers.

19.3.1.    Additionally, since this sidewalk is under the jurisdiction of the Commonwealth of Puerto Rico, the government's ongoing neglect has

further deepened Mrs. Hidalgo's exclusion. The lack of proper maintenance and failure to uphold accessibility standards not only restrict her mobility but also intensify her sense of systemic discrimination, as she is prevented from navigating public spaces with the same freedom as others.

19.4.    Illegal Parking in Front of the Establishment: Mrs. Hidalgo has noted that illegal parking occurs directly in front of the establishment, completely blocking her access route and making it impossible for her to navigate the area independently. The presence of parked vehicles in front of the sidewalk and ramp physically prevents her from passing through, forcing her to stop and turn back, as she has no viable path to continue. This obstruction limits her ability to move freely, creating an overwhelming and frustrating experience. Due to these barriers, she feels discouraged from visiting the establishment, knowing that she cannot access it without encountering significant obstacles. The persistent illegal parking reinforces her exclusion, as it leaves her without a safe and accessible route to reach the restaurant like other customers.

19.4.1.    As this sidewalk is situated on Calle Loíza, both the Commonwealth of Puerto Rico and the Municipality of San Juan are responsible for ensuring its accessibility and upkeep. However, they have failed to enforce regulations and have neglected necessary maintenance. Their inaction has allowed vehicles to park illegally in the area, blocking the sidewalk, the ramp, and the pathway leading to Biga Pizza Artigianale. This persistent

lack of oversight has rendered the public sidewalk unusable, preventing Mrs. Hidalgo from reaching the establishment safely and independently.

19.5.    High Payment Counter: Mrs. Hidalgo has observed that the payment counter is installed at an excessive height, exceeding 36 inches, making it impossible for her to reach it from her wheelchair. She cannot place her items, make payments, sign receipts, or interact comfortably with staff without assistance. This forces her to depend on others for a basic transaction, making the experience frustrating and undignified. The counter's inaccessibility completely obstructs her ability to complete purchases independently, preventing her from receiving the same level of service as other customers. Due to these barriers, she feels discouraged from visiting the establishment, knowing that she cannot complete a simple transaction without difficulty. The lack of an accessible counter reinforces her exclusion, making her feel unwelcome in a space that does not accommodate her needs.

19.6.    Entrance Carpet: Mrs. Hidalgo has observed that the carpet at the entrance obstructs her passage by significantly reducing the traction needed for her wheelchair to move smoothly. The uneven and resistant surface makes it difficult for her to propel herself forward, forcing her to exert extra effort to navigate through the entrance. This added difficulty compromises her ability to enter independently and comfortably, making the experience frustrating and physically demanding. Due to this barrier, she feels discouraged from visiting the establishment, knowing that she will struggle to enter without difficulty. The lack of an accessible and smooth entryway reinforces her exclusion, as it prevents her from accessing the space safely and independently.

19.7.  Narrow Corridors: Mrs. Hidalgo has identified that the internal corridors are too narrow, making it impossible for her to navigate freely in her wheelchair. The limited space prevents her from turning, repositioning herself, or moving without difficulty, forcing her to make uncomfortable maneuvers that restrict her independence. Due to these barriers, she feels discouraged from visiting the establishment, knowing that she will not be able to move comfortably or access the space like other customers.

19.8.  The elimination of these barriers could be achieved by implementing comprehensive corrective measures: repairing and fully leveling the access ramp to eliminate wear at its endpoints and ensure stability; widening the sidewalk to facilitate safe passage; relocating or removing the obstructive post—or alternatively, establishing an additional access route; enforcing measures to prevent illegal parking in front of the establishment; adjusting the height of the payment counter to comply with accessibility standards; removing or repositioning the entrance carpet to guarantee a uniform, safe surface; and widening the internal corridors to allow free transit of a power wheelchair. The adoption of these measures would ensure that Biga Pizza Artigianale becomes a truly inclusive and safe space, allowing Mrs. Hidalgo to enjoy its traditional pizza—with its unparalleled crunchy crust, sourdough base, and fresh toppings—with the dignity and accessibility she deserves.

19.9.  Furthermore, the Municipality of San Juan has failed to enforce accessibility regulations and has unlawfully granted use permits that allow Biga Pizza Artigianale to operate without ensuring accessibility. By authorizing a business

that lacks an accessible entrance and permitting conditions that block access, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This negligence and improper permitting process reinforce her perception of discrimination, as she is consistently denied the opportunity to access and enjoy the establishment under the same conditions as other customers.

### *Responsibility of the Commonwealth of Puerto Rico; the Municipality of San Juan and Marsili LLC-Bocca Restaurant*

20.    Ms. Hidalgo has long been eager to visit Bocca Osteria Romana because she has heard excellent reviews about its authentic Italian cuisine, known for its fresh ingredients and expertly crafted dishes. The restaurant's handmade pasta and traditional Roman-style pizzas, in particular, have captured her interest, as they are praised for their exceptional flavor and quality. Given Bocca Osteria Romana's convenient location near her residence, Ms. Hidalgo had every intention of dining there and experiencing its renowned menu firsthand. However, since November 2024, she has been aware of the following architectural barriers that hinder accessibility to the establishment:

20.1.    Inaccessible Ramps: Mrs. Hidalgo has knowledge that the ramps located at the corner where Bocca Restaurant is situated are completely inaccessible. One of the ramps is obstructed by objects and accumulates water, making it impossible for her to use. The other ramp is cracked, and its edge is excessively wide, meaning it is not level and does not provide a smooth transition. These conditions make it impossible for Mrs. Hidalgo to navigate the area safely and independently. She cannot use the ramps to access the sidewalk or the restaurant, forcing her to stop and turn back, as there is no viable route available to her. The uneven surfaces and obstructions create unnecessary difficulties, making movement frustrating and

physically demanding. Due to these barriers, she feels discouraged from visiting Bocca Restaurant, knowing that she cannot access it without encountering significant obstacles. The inaccessibility of the ramps completely restricts her mobility and reinforces her exclusion, preventing her from enjoying the establishment on equal terms with other customers.

20.1.1.    Furthermore, since these ramps are located on a public sidewalk, they fall under the responsibility of the Commonwealth of Puerto Rico, which has failed to ensure proper maintenance and accessibility. This neglect has rendered the ramps unusable and has directly contributed to Mrs. Hidalgo's exclusion, as she is unable to access the area due to the government's failure to uphold accessibility standards. As a result, she feels discouraged from visiting Bocca Restaurant, knowing that these barriers prevent her from reaching the establishment safely and independently.

20.2.    Inaccessible Sidewalks: Additionally, Mrs. Hidalgo has knowledge that vehicles frequently park in front of Bocca Restaurant, further obstructing the already inaccessible ramps and sidewalk. These illegally parked vehicles completely block her path, preventing her from using the sidewalk and forcing her to remain without a viable route to navigate the area independently. As a result, she cannot access Bocca Restaurant or continue along the sidewalk without encountering insurmountable obstacles. Due to these barriers, she feels discouraged from visiting Bocca Restaurant, knowing that she cannot access it without encountering significant difficulties. The persistent inaccessibility of the sidewalk, combined

with the illegal parking and the lack of government intervention, reinforces her exclusion and prevents her from enjoying the establishment on equal terms with other customers.

20.2.1.    Since this sidewalk and the ramps are part of the public infrastructure, the Commonwealth of Puerto Rico is responsible for ensuring their proper maintenance and accessibility. However, the Commonwealth has failed to enforce accessibility standards and prevent these obstructions, allowing the area to remain unusable for individuals like Mrs. Hidalgo. This ongoing negligence has directly contributed to her exclusion, as she is systematically denied the ability to move freely and access the establishment safely.

20.3.    Inaccessible and obstructed Entrance with a Step:  Mrs. Andreina Hidalgo is aware that the main entrance of the restaurant has a step without an alternative ramp, making it impossible for her to enter while using her power wheelchair. This barrier completely prevents her from accessing the establishment independently. These obstacles restrict her movement, preventing her from passing through the area freely while using her power wheelchair. As a result of these barriers, she feels discouraged from visiting the restaurant, knowing that she cannot enter independently. The lack of an accessible entrance, coupled with the sidewalk obstructions, reinforces her exclusion and makes her feel unwelcome in a space that fails to accommodate her needs.

20.4.    High Service Counter: Mrs. Andreina Hidalgo is aware that the service counter is too high, lacks an accessible section for individuals using wheelchairs or walkers

and a space underneath. Due to her spastic cerebral palsy, which causes difficulty maintaining posture and limited range of motion, she cannot comfortably reach or interact with the counter while using her mobility aids. This forces her to depend on others for assistance when placing orders or interacting with staff, limiting her independence and creating an unequal dining experience. Due to these barriers, she feels discouraged from visiting the establishment, knowing that she cannot complete a simple interaction without difficulty or dependence on others.

20.5.   Limited Maneuvering Space in the Restroom: Mrs. Andreina Hidalgo is aware that the restroom is too small to allow her to turn or maneuver comfortably in her power wheelchair. The restricted space prevents her from positioning herself properly, making it impossible for her to access the facilities independently. Due to her spastic cerebral palsy, which affects her mobility and requires adequate space for movement, the lack of maneuvering room further limits her ability to use the restroom safely and with dignity. As a result, she is unable to use the facilities like other customers, forcing her to either seek assistance or avoid visiting the restaurant altogether. The inaccessibility of the restroom creates a significant obstacle that directly impacts her overall experience at the establishment. Due to these barriers, she feels discouraged from visiting the restaurant, knowing that she will not be able to access the restroom independently, further reinforcing her exclusion.

20.6.   These barriers can be readily addressed by installing a permanent ramp with a gentle slope and non-slip surfaces at the entrance. The door handle can be replaced with a lever at an accessible height, and the service counter can be

modified to include a lower section with adequate knee clearance. Additionally, the restroom should be renovated to eliminate the step and expand the available floor space to allow wheelchair users to maneuver comfortably, ensuring a level entryway. The pathway leading to the restroom could be widened by removing obstructing furniture such as shelves. Furthermore, all tables and chairs that obstruct the sidewalk should be relocated to maintain a clear, navigable path for individuals using mobility aids. These changes would allow Mrs. Andreina Hidalgo to enter the restaurant, open the door, navigate the space, and interact with staff independently while using her walker or power wheelchair, ensuring a more inclusive and accessible experience.

20.7.    Furthermore, the Municipality of San Juan has failed to enforce accessibility regulations and has unlawfully issued use permits that allow Bocca Restaurant to operate in an inaccessible manner. By authorizing a business that lacks an accessible route of entry and permitting conditions that obstruct access, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This failure to ensure compliance with accessibility standards reinforces her perception of discrimination, as she is systematically denied the opportunity to access and enjoy the establishment on equal terms with other customers.

### _Responsibility of Commonwealth of Puerto Rico, the Municipality of San Juan and Café Regina LLC - Cafe Regina_

21.    Mrs. Andreina Hidalgo Hidalgo is aware that Cafe Regina is well known for its delicious coffee, expertly prepared by a highly skilled barista. Additionally, the staff is incredibly friendly, and the café offers a great selection of desserts and ice creams, including vegan options. Beyond that, its location is quite convenient for her, as it is only an eight-minute

drive from her home, located 2.1 km away.Mrs. Andreina Hidalgo Hidalgo is very interested in enjoying Cafe Regina's delicious coffee and desserts, as she is a coffee lover. However, she has felt discouraged from visiting the café since November 2024 due to several architectural barriers that hinder her access. The barriers Mrs. Andreina is aware of are the following:

21.1.    Inaccessible Sidewalks Due to Parked Cars: Mrs. Andreina Hidalgo Hidalgo faces significant challenges accessing the pedestrian path due to cars parked on the sidewalks, a situation permitted by the Municipality of San Juan, which allows businesses like Café Regina to appropriate public sidewalks for private benefit. The restaurant does not take any action to prevent cars from parking in this area, nor does it contact the police to address the issue. As a result, Ms. Hidalgo, who has cerebral palsy with spasticity and relies on a walker for short distances and a power wheelchair for longer distances, encounters serious obstacles that endanger her safety. The parked vehicles force her to navigate around them, often onto uneven and unsafe surfaces, significantly increasing her physical effort, travel time, and risk of losing balance. This persistent barrier not only limits her ability to access the area but also discourages her from visiting, as it presents a constant, avoidable challenge to her mobility—one that the municipality is aware of yet fails to address. Due to these persistent obstructions, Mrs. Hidalgo feels discouraged from visiting Cafe Regina, knowing that she will encounter significant difficulties in simply reaching the establishment. The presence of illegally parked vehicles, combined with the municipality's inaction and the restaurant's failure to address the issue, reinforces her exclusion. The inability to

navigate the sidewalk safely and independently makes her feel unwelcome, further limiting her ability to access and enjoy public spaces on equal terms with other customers.

21.1.1.    Since this sidewalk is located on Calle Loíza, both the Commonwealth of Puerto Rico and the Municipality of San Juan are responsible for ensuring its accessibility and proper use. However, they have failed to enforce regulations and have allowed vehicles to park illegally in this area, completely obstructing the sidewalk, blocking the ramp, and restricting access to Café Regina. By permitting these obstructions to persist, they have rendered the public sidewalk inaccessible, preventing Mrs. Hidalgo from navigating the area safely and independently. This ongoing negligence directly contributes to her exclusion, as she is systematically denied the ability to access the establishment like other customers.

21.2.    Deteriorated Sidewalk: Mrs. Andreina Hidalgo knows that the poor condition of the sidewalk, characterized by cracks, uneven surfaces, and irregularities, makes mobility extremely difficult and compromises her stability. When using her wheelchair, Ms. Hidalgo must exert significant physical effort to maintain balance, as the uneven terrain increases her risk of tripping or falling. The unstable surface forces her to move cautiously, prolonging her travel time and heightening her anxiety about potential accidents. When using her power wheelchair, the damaged sidewalk causes intense vibrations that disrupt her posture, strain her muscles, and make the journey both uncomfortable and unsafe. These persistent obstacles create a challenging and hazardous environment that

discourages her from visiting the location, despite the municipality's knowledge of the issue and its inaction to resolve it.

21.2.1.    Additionally, since this sidewalk falls under the jurisdiction of the Commonwealth of Puerto Rico, the government's continued inaction has further contributed to Mrs. Hidalgo's exclusion. By failing to enforce accessibility standards and allowing illegal parking to persist, the Commonwealth has made the sidewalk leading to Café Regina inaccessible. This neglect not only obstructs her mobility but also reinforces her experience of systemic discrimination, as she is denied the ability to navigate public spaces and access the establishment on equal terms with other customers.

21.3.    Access Ramp Deteriorated and Cracked: Mrs. Hidalgo recognizes that the deterioration and cracks in the nearest access ramp significantly affect her ability to enter safely, a problem known to the Municipality of San Juan, which has not taken action to repair the damage. Her spasticity makes it difficult to control sudden movements, so any uneven surface on the ramp can destabilize her when using her walker, requiring considerable effort to maintain balance and increasing her risk of falling. When using her power wheelchair, the cracks create hazardous obstacles that can jolt the device, disrupt her posture, and make navigation uncomfortable and potentially dangerous. The ramp's deteriorated condition not only compromises her safety but also undermines her autonomy, discouraging her from visiting the location due to the persistent risk and the municipality's inaction in addressing the issue.

21.3.1.    Additionally, since this ramp is located on a public sidewalk, it falls under the responsibility of the Commonwealth of Puerto Rico, which has failed to provide the necessary maintenance. This lack of upkeep has rendered the ramp inaccessible, further obstructing the access route to Café Regina. The Commonwealth's inaction has directly contributed to Mrs. Hidalgo's exclusion, as she is unable to use the ramp or access the area due to the government's failure to ensure compliance with accessibility standards.

21.4.    Uneven Entrance: Mrs. Andreina Hidalgo Hidalgo is aware that the uneven entrance to Café Regina significantly impacts her mobility, creating a physical barrier that poses serious challenges to her safety and independence. Due to her spasticity and lower limb rigidity, even slight height changes or surface irregularities demand substantial effort and coordination when using her walker. The uneven entrance forces her to slow down, concentrate intensely on each step, and exert additional physical strength to maintain her balance, increasing her risk of tripping or falling. When using her power wheelchair, the abrupt level difference causes the front wheels to tilt unexpectedly, generating sudden jolts that disrupt her posture and place strain on her muscles. These repeated impacts make the entrance not only uncomfortable but also exhausting, as her body must constantly adapt to the instability. The persistent presence of this obstacle heightens her anxiety about potential accidents and discourages her from visiting the location, as it turns a simple act of entering the establishment into a physically and mentally demanding task.

21.5.    High Counter: Mrs. Andreina Hidalgo is aware that the high counters at Café Regina create a significant barrier to her interaction with the products and services. Due to her motor limitations, she experiences difficulty extending her arms to reach elevated objects, as her spasticity and reduced muscle control make such movements require considerable effort and precision. When using her walker, the need to stretch upward while maintaining her balance is particularly challenging, as it requires her to shift her weight and risk losing stability. When seated in her power wheelchair, the excessive height obstructs her line of sight, preventing her from seeing the available items or directly engaging with staff without assistance. This limitation diminishes her autonomy and forces her to rely on others, making the experience frustrating and discouraging as it restricts her ability to participate independently in routine activities like placing an order or paying for a purchase.

21.6.    Shallow Counter: Mrs. Hidalgo also finds the shallow counters at Café Regina challenging, as the limited surface depth prevents her from comfortably positioning her power wheelchair close enough to access items or complete transactions independently. The shallow design requires her to stretch her arms forward, an action that, due to her spasticity, demands significant effort and increases the risk of muscle spasms or loss of balance. When using her walker, the lack of depth requires her to lean forward while standing, which compromises her balance and increases her risk of falling. Additionally, the limited space leaves little room to rest her arms, making tasks like signing a receipt or handling products more difficult. This barrier adds another layer of frustration, as the

counter's design not only impedes her ability to engage with the café's services but also undermines her sense of independence and inclusion.

21.7.    Table Arrangement Preventing Easy Circulation: Mrs. Hidalgo has noticed that the arrangement of tables inside Cafe Regina makes it difficult for her to move around. The reduced space and lack of wide pathways make maneuvering with her power wheelchair challenging, forcing her to navigate with precision or rely on assistance to move forward. When using her walker, the lack of open space requires more effort and increases her risk of losing balance. This barrier makes visiting Cafe Regina uncomfortable and impractical for her, reducing her motivation to go.

21.8.    Inaccessible Outdoor Area: Mrs. Andreina Hidalgo Hidalgo is aware that the outdoor area at Café Regina presents significant challenges to her mobility:The barriers she is aware of are the following:

21.8.1.    Irregular Surface in the Outdoor Area: Mrs. Andreina Hidalgo Hidalgo experiences significant difficulty navigating the outdoor area at Café Regina due to the irregular texture of the flooring. The surface is uneven and abrupt level changes that pose a constant challenge to her mobility. When using her walker, she must take small, calculated steps and apply considerable effort to maintain her balance, as the unpredictable terrain increases her risk of tripping or falling. The uneven surface requires her to exert additional physical and mental effort, making what should be a simple task both exhausting and stressful. When using her power wheelchair, the uneven ground causes the wheels to lose stability, resulting

in jolts and vibrations that disrupt her posture, strain her muscles, and create an uncomfortable, fatiguing experience. This persistent instability makes her hesitant to use the outdoor area, as she cannot safely or comfortably navigate the space.

21.8.2.    Obstacles in the Outdoor Area: In addition to the irregular flooring, Mrs. Hidalgo encounters obstacles throughout the outdoor area of Cafe Regina that further impede her movement. Planters, decorative items, and other fixtures encroach on the pathways, forcing her to maneuver around them in ways that compromise her safety. When using her walker, she must carefully adjust her steps to avoid these obstacles, requiring her to stop, assess, and recalculate her movements, which increases her physical exertion and the risk of losing her balance. When using her power wheelchair, the obstructed pathways often force her to make sharp turns or backtrack, making it difficult to follow a direct route and increasing the time and effort required to move through the space. These barriers significantly limit her ability to access and enjoy the outdoor area, turning what should be an accessible public space into a stressful and exclusionary environment.

21.8.3.    Inaccessible Tables in the Outdoor Area: Mrs. Hidalgo also finds the tables in the outdoor area of Cafe Regina inaccessible due to structural obstructions beneath them. When using her walker, she must carefully manage her balance while attempting to approach the tables, only to find that the base designs limit her ability to position herself close enough to sit

down or comfortably engage with others. The table legs and central supports create cramped spaces that require her to twist her body or lean forward, actions that are particularly difficult due to her motor limitations. When using her power wheelchair, the low crossbars and narrow gaps between supports prevent her from pulling up to the tables, leaving her at an awkward distance and making it impossible to sit, eat, or interact without assistance. This lack of accessible seating not only restricts her participation in social activities but also reinforces the physical and emotional discomfort she experiences when trying to use the outdoor space.

21.9.    The barriers on Cafe Regina could be eliminated by implementing several practical solutions that improve accessibility for Mrs. Andreina Hidalgo Hidalgo. Parked cars blocking sidewalks should be prevented by enforcing no-parking zones to keep pedestrian pathways clear. The deteriorated sidewalk, access ramp, entrance, and pathway should be repaired and maintained to ensure smooth and stable surfaces that facilitate safe mobility for both walkers and power wheelchairs. Counters that are too high and lack depth should be modified to include lower sections that allow comfortable interaction with products and services. The interior table arrangement must be adjusted to create wider, unobstructed pathways that allow easy circulation. In the outdoor area, a clear access route should be established by removing obstacles like planters and ensuring a flat, even surface. Additionally, tables should be redesigned or replaced with models that provide ample space underneath to accommodate wheelchair

users comfortably. Implementing these solutions would significantly improve accessibility at Cafe Regina and encourage Mrs. Hidalgo to visit without facing mobility challenges.

21.10.   Furthermore, the Municipality of San Juan has failed to enforce accessibility regulations and has unlawfully issued use permits that allow Café Regina to operate without ensuring accessibility. By authorizing a business that lacks an accessible route of entry and permitting conditions that obstruct access, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This failure to uphold accessibility standards reinforces her perception of discrimination, as she is systematically denied the ability to access and enjoy the establishment on equal terms with other customers.

### *Responsibility of Commonwealth of Puerto Rico; the Municipality of San Juan and DKGP LLC - Cocina 1760*

22.   A restaurant receiving a 5.0 rating in reviews means it is worth visiting. Therefore, since Ms. Andreina Hidalgo saw the rating for the restaurant Cocina 1760 on Google Reviews in January 2025, she researched the menu with the intention of going and found out that they offer a service called "Taco Tuesday." She became very eager to attend and try the salmon tacos accompanied by cilantro rice. However, she refrained from going because she realized that due to the barriers at the establishment, she wouldn't be able to enter:

22.1.   Inaccessible Sidewalk Ramps: Mrs. Andreina Hidalgo has knowledge that the sidewalk ramps at the corner where Cocina 1760 is located are in poor condition. They are broken, have visible cracks, and remain constantly damp, making them unstable and difficult to use. Additionally, their placement near storm drains creates further hazards, as the uneven surfaces and gaps prevent her from

maneuvering safely in her power wheelchair. These conditions make it impossible for Mrs. Hidalgo to use the ramps, forcing her to stop and turn back, as there is no accessible route available. The instability and obstructions prevent her from navigating the area independently, making movement physically demanding and frustrating. Due to these barriers, she feels discouraged from visiting Cocina 1760, knowing that she must pass through this area and that she cannot do so safely. The inaccessibility of the ramps completely restricts her mobility and reinforces her exclusion, preventing her from reaching the establishment like other customers.

22.1.1.    Furthermore, since these ramps are located on a public sidewalk, they fall under the responsibility of the Commonwealth of Puerto Rico, which has failed to ensure proper maintenance and accessibility. This neglect has rendered the ramps unusable and has directly contributed to Mrs. Hidalgo's exclusion, as she is unable to access the area due to the government's failure to uphold accessibility standards. As a result, she feels discouraged from visiting Cocina 1760, knowing that these barriers prevent her from reaching the establishment safely and independently.

22.2.    Inaccesible Sidewalk: On the sidewalk there are a large part of the barriers that prevent Ms. Andreina Hidalgo from accessing Cocina 1760.

22.2.1.    The sidewalk right in front of Cocina 1760 is elevated and lacks ramps, make it difficult for her to navigate her electric wheelchair safely. The spasticity in her muscles makes it hard for her to maintain control, and the uneven surface increases the risk of accidents, making it an obstacle to her

independent movement. The Commonwealth of Puerto Rico, the Municipality of San Juan, has failed to provide proper maintenance and care for these sidewalks, further contributing to the inaccessibility.

22.2.2.   In addition, it is often blocked by cars that are illegally parked in front of it. This situation prevents her from accessing the establishment independently. Given her condition, which affects her mobility and muscle spasticity, she struggles to overcome this barrier while using her electric wheelchair. The absence of ramps and the presence of obstructions force her to rely on others to help her navigate the sidewalk, limiting her independence.

22.2.3.   Since this sidewalk and its ramps are part of the public infrastructure, it is the responsibility of the Commonwealth of Puerto Rico to maintain them and ensure their accessibility. However, the Commonwealth has neglected to enforce accessibility regulations and has allowed these barriers to persist, leaving the area inaccessible for Mrs. Hidalgo. This continued lack of action has directly contributed to her exclusion, as she is consistently prevented from moving freely and reaching Cocina 1760 safely and independently.

22.3.   Inaccessible Counter: Mrs. Andreina Hidalgo has knowledge that the counter at Cocina 1760 is too high for her to reach comfortably from her electric wheelchair. She cannot position herself properly, as there is no designated accessible section or space underneath to accommodate her wheelchair. Additionally, chairs placed in front of the counter create further obstacles, making it impossible for her to

approach independently. These conditions prevent her from interacting with the staff on equal terms, forcing her to rely on others for assistance when placing an order or making a payment. She cannot comfortably rest her arms on the counter, reach for items, or communicate with staff without difficulty, making the experience frustrating and undignified. The inability to use the counter like other customers severely limits her independence and excludes her from fully engaging in the dining experience.

22.4.   The architectural barriers that hinder Mrs. Andreina's access can be addressed as follows: The Commonwealth of Puerto Rico and the Municipality of San Juan must take action to ensure that sidewalks and curb ramps are properly maintained, leveled, and fully compliant with accessibility standards. DKGP LLC should modify the counter to include at least one lowered section at 36 inches in height and designate a suitable space where a wheelchair user can sit and comfortably utilize the area independently.

22.5.   Furthermore, the Municipality of San Juan has failed to enforce accessibility regulations and has unlawfully issued use permits that allow Cocina 1760 to operate in an inaccessible manner. By authorizing a business that lacks an accessible route of entry and permitting conditions that obstruct access, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This failure to uphold accessibility standards reinforces her perception of discrimination, as she is systematically denied the ability to access and enjoy the establishment on equal terms with other customers.

### *Responsibility of the Commonwealth of Puerto Rico; the Municipality of San Juan and  Cana Ramen LLC- Dashi*

23.    Mrs. Andreina Hidalgo is passionate about Asian cuisine, especially ramen. Dashi is a restaurant specializing in Asian cuisine, renowned for the unique texture and exquisite flavor of its ramen, making it a highly sought-after dining destination. For lovers of this cuisine, like Mrs. Andreina Hidalgo, the sensory experience of a well-prepared broth, perfectly cooked noodles, and a combination of fresh ingredients is unparalleled. Like any other person, the plaintiff has the right to enjoy this experience without restrictions imposed by physical or architectural barriers; However, since September and October 2024, Mrs. Andreina had wanted to try the ramen at Dashi restaurant. However, by November 2024, she lost interest, as she was aware of the accessibility barriers that would prevent her from entering the establishment:

23.1.    Inaccessible Ramps: Mrs. Hidalgo has knowledge that the ramps located at the corner where Dashi is situated are completely inaccessible. One of the ramps is obstructed by objects and accumulates water, making it impossible for her to use. The other ramp is cracked, and its edge is excessively wide, meaning it is not level and does not provide a smooth transition. These conditions prevent Mrs. Hidalgo from navigating the area safely and independently. She cannot use the ramps to access the sidewalk or the restaurant, forcing her to stop and turn back, as no viable route is available to her. The uneven surfaces and obstructions create unnecessary challenges, making movement frustrating and physically demanding. Due to these barriers, she feels discouraged from visiting Dashi, knowing that she cannot access it without encountering significant obstacles. The inaccessibility of the ramps completely restricts her mobility and reinforces her exclusion,

preventing her from enjoying the establishment on equal terms with other customers.

23.1.1.    Furthermore, since these ramps are located on a public sidewalk, they fall under the responsibility of the Commonwealth of Puerto Rico, which has failed to ensure proper maintenance and accessibility. This neglect has rendered the ramps unusable and has directly contributed to Mrs. Hidalgo's exclusion, as she is unable to access the area due to the government's failure to uphold accessibility standards. As a result, she feels discouraged from visiting Dashi, knowing that these barriers prevent her from reaching the establishment safely and independently.

23.2.    Damaged and Uneven Sidewalk: Mrs. Andreina Hidalgo has knowledge that the sidewalk leading to Dashi is in poor condition. It is cracked, uneven, and has irregular surfaces that make it impossible for her to navigate safely in her power wheelchair. The unstable and deteriorated pavement prevents her from moving smoothly, forcing her to struggle through rough patches and sudden level changes that compromise her balance and mobility. These barriers obstruct her path and make independent movement physically exhausting and frustrating. Due to these conditions, she feels discouraged from visiting Dashi, knowing that she cannot reach the establishment without encountering significant obstacles. The inaccessibility of the sidewalk not only prevents her from visiting like other customers but also reinforces her exclusion, as she is systematically denied a safe and accessible route.

23.2.1.  Additionally, vehicles are frequently allowed to park right in front of the sidewalk leading to Dashi, further obstructing access and making it even more difficult for Mrs. Hidalgo to navigate the area. These parked vehicles completely block the already damaged and uneven sidewalk, leaving her without a clear or accessible path to reach the restaurant. The obstruction forces her to attempt unsafe maneuvers or prevents her from passing through altogether, further restricting her independence. Due to these persistent barriers, she feels discouraged from visiting Dashi, knowing that she cannot access the establishment without encountering significant obstacles.

23.2.2.  Since this sidewalk falls under the responsibility of the Commonwealth of Puerto Rico, it is their duty to ensure proper maintenance and compliance with accessibility standards. However, the government's continued neglect has allowed these hazardous conditions to persist, making the sidewalk unusable for individuals like Mrs. Hidalgo. This ongoing failure to provide an accessible pedestrian route directly contributes to her exclusion and inability to navigate the area safely and independently.

23.3.  Reduced space: Dashi restaurant does not ensure an accessible space for wheelchair users, as the furniture arrangement presents a deficient layout. The tables and chairs are too close together, significantly restricting mobility within the establishment. This inadequate spatial configuration forces Mrs. Hidalgo to perform complex maneuvers, increasing the risk of accidents and creating an unnecessary dependence on others for her mobility within the restaurant.Due to

these barriers, she feels discouraged from visiting Dashi, knowing that she will not be able to move freely and independently within the space. The restricted layout reinforces her exclusion, as she is unable to navigate the restaurant comfortably like other customers.

23.4. Excessive Bar Height: The restaurant's bar is too high for a person in a wheelchair, preventing Mrs. Andreina Hidalgo from using it properly. Since it is not at her height, she cannot comfortably place her arms on the surface or reach the objects or products served there. This barrier prevents her from enjoying the bar like any other customer, whether to order a drink, converse with the staff, or consume food in that space. As a result, she is excluded from this part of the restaurant and limited in her right to access the services offered there.

23.5. Inadequate Chairs: In addition to the elevated bar, the chairs available in the establishment are too high and not designed for individuals with reduced mobility. For Mrs. Andreina Hidalgo, who uses a wheelchair, transferring to one of these chairs is a significant challenge, as she cannot make the transition easily or find secure support for her body. This barrier not only prevents her from sitting comfortably but also poses a risk of falling. Without an accessible seating option, she is forced to remain in her wheelchair, which may be uncomfortable if the table is not adapted for it.

23.6. Insufficient Table Space: The tables in the establishment do not provide adequate space for a wheelchair user to be properly accommodated. In the center of the tables, there is a structural barrier that prevents Mrs. Hidalgo from naturally bringing her wheelchair closer, forcing her to remain in an uncomfortable position

or, in the worst case, to look for a less favorable seating arrangement. This lack of space makes it difficult for her to reach the table, properly rest her arms, and enjoy her meal without obstacles, directly impacting her dining experience and her right to receive service on equal terms.

23.7.   To ensure accessibility and the full enjoyment of the dining experience at Dashi restaurant for Mrs. Andreina Hidalgo, the following solutions must be implemented: First, it is recommended to install a door with an automatic opening system or a low-effort mechanism that allows access without requiring excessive force. This would eliminate the barrier that currently makes it difficult for individuals with reduced mobility to enter. Additionally, the establishment should reconfigure its internal layout to widen the aisles and ensure sufficient space for the movement and maneuvering of wheelchairs. This would facilitate Mrs. Hidalgo's mobility within the restaurant, ensuring her autonomy and comfort. Regarding the bar, it is proposed to incorporate an accessible section at a suitable height for wheelchair users, allowing them to use it on equal terms with other customers. Similarly, the restaurant should provide accessible chairs at appropriate heights for individuals with reduced mobility, ensuring that they can sit comfortably and enjoy their meal without restrictions. Lastly, the tables should provide sufficient space underneath to allow a wheelchair to be accommodated without obstacles, eliminating any barriers that may limit the plaintiff's dining experience. These measures would not only ensure compliance with accessibility regulations but also promote a more inclusive and equitable environment for all

customers. If these solutions are implemented, Mrs. Andreina would be able to visit the establishment and enjoy the delicious ramen served at Dashi.

23.8.    Furthermore, the Municipality of San Juan has failed to enforce accessibility regulations and has unlawfully issued use permits that allow Dashi to operate in an inaccessible manner. By authorizing a business that lacks an accessible route of entry and permitting conditions that obstruct access, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This failure to uphold accessibility standards reinforces her perception of discrimination, as she is systematically denied the opportunity to access and enjoy the establishment on equal terms with other customers.

### *Responsibility of Commonwealth of Puerto Rico, the Municipality of San Juan and 1688 LLC - Fuji Restaurant*

24.    Ms. Andreina Hidalgo loves Asian food and is aware that Fuji Restaurant offers a wide variety of sushi, rice dishes, drinks, and desserts known for their delicious flavor, all combined with the unforgettable experience they provide due to the innovation in the presentation of their dishes. However, since November 2024, she has felt discouraged from visiting this establishment due to several barriers that have prevented him from enjoying the goods and services provided there:

24.1.    Inaccessible Sidewalks: The sidewalks located at the entrance to Fuji Restaurant are in poor condition, and the height of the sidewalk makes it impossible for Mrs. Andreina to navigate her electric wheelchair safely. The spasticity in her muscles makes it hard for her to maintain control, and the uneven surface further complicates her movement, preventing her from accessing the area independently. Additionally, the narrowness of the sidewalk severely restricts her ability to

maneuver her wheelchair freely, making it impossible for her to reach the entrance. Due to the poor condition of the public sidewalk, Mrs. Andreina cannot enter Fuji Restaurant, as she has no accessible route to do so. These barriers prevent her from reaching the establishment like other customers, reinforcing her exclusion. As a result, she feels discouraged from visiting, knowing that she will not be able to access the restaurant safely or independently.

24.1.1.  Additionally, since this sidewalk falls under the jurisdiction of the Commonwealth of Puerto Rico, the government's continued inaction has further contributed to Mrs. Hidalgo's exclusion. By failing to enforce accessibility standards and allowing the poor condition of the sidewalk to persist, the Commonwealth has made the sidewalk leading to Fuji Restaurant inaccessible. This neglect not only prevents her from reaching the establishment but also reinforces her experience of systemic discrimination, as she is denied the ability to navigate public spaces and access the restaurant on equal terms with other customers.

24.2.  Obstructed Sidewalks: Ms. Andreina Hidalgo has observed that Fuji Restaurant frequently allows public sidewalks to be used as parts of parking areas, creating significant obstacles for pedestrians, because these parked cars block her path and make it difficult for her to pass without assistance. Her limited mobility due to spasticity and the use of her wheelchair make it challenging for her to maneuver around these obstacles, requiring external help to navigate safely. As a result, she feels discouraged from visiting Fuji Restaurant, knowing that she cannot access it without facing these persistent barriers. The continuous obstruction of the

sidewalk reinforces her exclusion, as she is denied the ability to navigate the area and reach the establishment on equal terms with other customers.

24.2.1.    Since this sidewalk is located in front of Fuji Restaurant, both the Commonwealth of Puerto Rico and the Municipality of San Juan are responsible for ensuring its accessibility and proper use. However, they have failed to enforce regulations and have allowed vehicles to park illegally in this area, completely obstructing the sidewalk, blocking the ramp, and restricting access to Fuji Restaurant. By permitting these obstructions to persist, they have rendered the public sidewalk inaccessible, preventing Mrs. Hidalgo from navigating the area safely and independently. This ongoing negligence directly contributes to her exclusion, as she is systematically denied the ability to access the establishment like other customers.

24.3.    Lack of Adequate Ramp: Mrs. Andreina Hidalgo has knowledge that the sidewalk ramps near Fuji Restaurant have a slope that is too steep, making them inaccessible for her. Additionally, the ramps are cracked and have an uneven structure, creating further obstacles that prevent her from using them safely. The excessive incline and damaged surface make it impossible for her to maneuver her power wheelchair independently, forcing her to avoid the area entirely. Due to these conditions, she feels discouraged from passing through the area and from visiting Fuji Restaurant, knowing that she cannot navigate the ramps safely. The inaccessibility of these ramps completely obstructs her mobility and reinforces her

exclusion, as she has no viable route to reach the establishment like other customers.

    24.3.1.    Furthermore, since these ramps are located on a public sidewalk, they fall under the responsibility of the Commonwealth of Puerto Rico, which has failed to ensure proper maintenance and accessibility. This neglect has rendered the ramps unusable and has directly contributed to Mrs. Hidalgo's exclusion, as she is unable to access the area due to the government's failure to uphold accessibility standards. As a result, she feels discouraged from visiting Fuji Restaurant, knowing that these barriers prevent her from reaching the establishment safely and independently.

24.4.    Lack of Accessible Tables: Mrs. Andreina Hidalgo is aware that Fuji Restaurant does not provide any tables designed to accommodate wheelchair users. The available tables have a low surface with an obstructive base that prevents her from positioning herself properly. Since she cannot roll her wheelchair under the table, she is unable to sit facing forward like other customers. This forces her to eat from the side or in an uncomfortable lateral position, making the dining experience physically straining and undignified. These conditions make her feel discouraged from visiting Fuji Restaurant, as she knows she will not be able to dine in a dignified and accessible manner. The absence of accessible seating reinforces her exclusion, preventing her from fully participating in the restaurant experience like other customers.

24.5.    Reception Counter Inaccessibility: Mrs. Andreina Hidalgo is aware that the reception counter at Fuji Restaurant is too high, making it impossible for her to reach it comfortably from her electric wheelchair. She is unable to place items, make payments, sign receipts, or interact with staff in the same manner as other customers. Since the counter does not have a lowered section or adequate space for her wheelchair, she is forced to stretch uncomfortably, which is physically straining due to her cerebral palsy and spasticity. In many cases, she is entirely unable to complete transactions on her own, requiring her to rely on others for assistance. Due to these barriers, she feels discouraged from visiting Fuji Restaurant, knowing that she will not be able to engage with the staff or complete basic transactions without significant difficulty. The inaccessibility of the counter reinforces her exclusion, preventing her from receiving service on equal terms with other customers.

24.6.    The architectural barriers that hinder Mrs. Andreina's access to Fuji Restaurant can be addressed as follows: The Commonwealth of Puerto Rico and the Municipality of San Juan must take action to ensure that sidewalks and curb ramps are properly maintained, leveled, and fully compliant with accessibility standards. They must also enforce regulations to prevent vehicles from parking on the public sidewalk, ensuring that access routes remain clear and usable. Fuji Restaurant should modify the reception counter to include at least one lowered section at 36 inches in height, allowing Mrs. Hidalgo to interact with staff and complete transactions independently. Additionally, the restaurant should provide

accessible tables with an open base design that allows wheelchair users to sit facing forward without obstruction.

24.7.    Furthermore, the Municipality of San Juan has failed to enforce accessibility regulations and has unlawfully issued use permits that allow Fuji Restaurant to operate in an inaccessible manner. By authorizing a business that lacks an accessible route of entry and permitting conditions that obstruct access, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This failure to uphold accessibility standards reinforces her perception of discrimination, as she is systematically denied the opportunity to access and enjoy the establishment on equal terms with other customers.

### *Responsibility of Commonwealth of Puerto Rico, the Municipality of San Juan and Ice Cream & Limbers Island Santurce Inc.- Ice Cream & Limbers*

25.    If there is one thing that always cheers up Ms. Andreina Hidalgo, it's a good ice cream, and she knows that in San Juan, one of the best places to enjoy one of the finest is located. She has checked the ratings and reviews of Ice Cream & Limbers and has seen the variety of ice cream, drinks, and milkshakes they offer. That's why since December 2024, she has wanted to go, but this desire has been obstructed by the access barriers at their facilities.

25.1.    Absence of Sidewalk Ramps: Mrs. Hidalgo is aware that there are no sidewalk ramps at the corner, preventing her from safely crossing and reaching Ice Cream & Limbers. Additionally, a utility pole is positioned directly on the corner of the sidewalk, further obstructing the pathway and making the area even more inaccessible. The absence of an accessible ramp, combined with this obstruction,

makes it impossible for her to navigate independently in her wheelchair, forcing her to seek alternative routes or avoid the location entirely.

25.1.1.    Additionally, since these sidewalks fall under the jurisdiction of the Commonwealth of Puerto Rico, it is their responsibility to ensure proper maintenance and compliance with accessibility standards. However, the Commonwealth has failed to provide the necessary infrastructure, leaving the area inaccessible and further contributing to Mrs. Hidalgo's exclusion.

25.2.    Inaccessible  Sidewalk: The sidewalk in front of Ice Cream & Limbers is too high, narrow, in poor condition. It also opens directly onto the street with frequent vehicle traffic, making it difficult for her to navigate with her electric wheelchair and walker. The poor condition and height of the sidewalk make it challenging for Ms. Andreina Hidalgo to move safely and independently, forcing her to rely on assistance to pass through. The lack of accessible infrastructure not only poses safety concerns but also prevents Ms. Hidalgo from enjoying Ice Cream & Limbers independently and comfortably. Due to these barriers, she feels discouraged from passing through the area and from visiting Ice Cream & Limbers, knowing that she cannot access it without facing significant obstacles.

25.2.1.    Vehicles frequently park directly in front of the sidewalk near Ice Cream & Limbers, further blocking access and making the area even more inaccessible for Mrs. Hidalgo. These illegally parked cars completely obstruct the already impassable sidewalk, leaving her with no viable route to navigate independently in her wheelchair. The combination of the absence of sidewalk ramps, the placement of a utility pole, and the

presence of parked vehicles forces her to either attempt unsafe maneuvers or avoid the area altogether. This situation severely limits her ability to move freely, making it impossible for her to access the establishment. Due to these persistent obstacles, she feels discouraged from visiting Ice Cream & Limbers, knowing that she cannot do so safely or independently.

25.2.2.    Additionally, since these sidewalks fall under the jurisdiction of the Commonwealth of Puerto Rico, it is their responsibility to ensure proper maintenance and compliance with accessibility standards. However, the Commonwealth has failed to provide the necessary infrastructure, leaving the area inaccessible and further contributing to Mrs. Hidalgo's exclusion.

25.3.    Inaccesible Tables and Chairs: Mrs. Hidalgo is aware that the tables and chairs at Ice Cream & Limbers are not designed to accommodate wheelchair users. The tables are too high, and their obstructive base prevents her from positioning herself properly in front of them. Additionally, some tables are too small, making it impossible for her to approach comfortably in her wheelchair. As a result, she is unable to sit facing forward like other customers and is forced to eat from the side or at an awkward angle, making the dining experience uncomfortable and undignified. This lack of accessibility severely limits her independence, as she cannot enjoy her visit without unnecessary difficulties. The inability to sit comfortably at a table and engage with her surroundings freely reinforces her exclusion. Due to these barriers, she feels discouraged from visiting Ice Cream & Limbers, knowing that she will not be able to enjoy the space like other customers or have an accessible and comfortable experience.

25.4.   Inaccessible Counter: Mrs. Hidalgo is aware that the height and design of the counter at Ice Cream & Limbers prevent her from approaching it directly in her electric wheelchair. The excessive height makes it impossible for her to place items, sign receipts, or comfortably interact with staff. Since there is no lowered section or adequate space underneath, she is unable to position herself properly, forcing her to stretch uncomfortably or rely on assistance for basic transactions. This lack of accessibility limits her ability to engage independently and strips her of the autonomy to complete simple tasks on her own. The experience becomes frustrating and undignified, as she is unable to receive service in the same manner as other customers. Due to these barriers, she feels discouraged from visiting Ice Cream & Limbers, knowing that she will face significant challenges in ordering or interacting with staff.

25.5.   To resolve the issue of Inaccessible Sidewalk it is necessary to ensure that they remain clear and accessible at all times. The area should be repaired and leveled to remove the height differences that currently obstruct wheelchair and walker access. A proper access ramp should be installed at the sidewalk to ensure smooth entry and exit. Additionally, the sidewalk should be widened to accommodate people with mobility impairments, ensuring enough space for users to pass through safely. It would also be beneficial to install a clear separation between the sidewalk and the street to prevent vehicle encroachment, ensuring pedestrian safety and comfort. To resolve the issue within the facilities of Ice Cream & Limbers, it is necessary that the entrance should be widened and equipped with a ramp to facilitate independent access for wheelchair users like Ms. Hidalgo.

Additionally, tables and chairs should be adjusted to allow frontal access and accommodate wheelchair users, with enough space for comfortable seating. A frontal approach space must be created at the counter, and the interior layout should be rearranged to create wider paths, ensuring that there is sufficient clear space to navigate.

25.6.    Furthermore, the Municipality of San Juan has failed to enforce accessibility regulations and has unlawfully issued use permits that allow Ice Cream & Limbers to operate in an inaccessible manner. By authorizing a business that lacks an accessible route of entry and permitting conditions that obstruct access, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This failure to uphold accessibility standards reinforces her perception of discrimination, as she is systematically denied the opportunity to access and enjoy the establishment on equal terms with other customers.

### *Responsibility of the Commonwealth of Puerto Rico; the Municipality of San Juan and La Preña Foods L.L.C. - La Preña*

26.    Mrs. Andreina Hidalgo is aware that La Preña, is a highly regarded restaurant known for its authentic Puerto Rican cuisine, particularly its flavorful mofongo, fresh seafood dishes, and vibrant atmosphere. The restaurant's reputation for quality and its inviting menu have captured her interest, making it a place she would like to frequent. However, since November 2024, Andreina has felt discouraged from visiting La Preña due to her knowledge of several architectural barriers that prevent her access, including the following:

26.1.    Inaccessible Ramps: Mrs. Hidalgo has knowledge that the ramps located at the corner where La Preña is situated are in extremely poor condition. The ramps are

cracked, have an irregular slope, and their deteriorated surface makes them impossible for her to use safely in her wheelchair. The uneven structure and lack of proper leveling prevent her from accessing the sidewalk or the restaurant, forcing her to stop and turn back, as there is no viable route available to her. These hazardous conditions create unnecessary challenges, making movement frustrating and physically demanding. Due to these barriers, she feels discouraged from passing through the area and from visiting La Preña, knowing that she cannot navigate the ramps safely. The inaccessibility of these ramps completely restricts her mobility and reinforces her exclusion, preventing her from reaching the establishment like other customers.

26.1.1.  Furthermore, since these ramps are located on a public sidewalk, they fall under the responsibility of the Commonwealth of Puerto Rico, which has failed to ensure proper maintenance and accessibility. This neglect has rendered the ramps unusable and has directly contributed to Mrs. Hidalgo's exclusion, as she is unable to access the area due to the government's failure to uphold accessibility standards. As a result, she feels discouraged from visiting La Preña, knowing that these barriers prevent her from reaching the establishment safely and independently.

26.2.  Damaged and Uneven Sidewalk: Mrs. Andreina Hidalgo has knowledge that the sidewalk leading to La Preña is in poor condition. It is cracked, uneven, and has irregular surfaces that make it impossible for her to navigate safely in her power wheelchair. The unstable and deteriorated pavement prevents her from moving smoothly, forcing her to struggle through rough patches and sudden level changes

that compromise her balance and mobility. Additionally, a utility pole is positioned on the sidewalk, further limiting the available space and making it even more difficult for her to maneuver. These barriers obstruct her path and make independent movement physically exhausting and frustrating.

26.2.1.    Additionally, vehicles are frequently allowed to park right in front of the sidewalk leading to La Preña, further obstructing access and making it even more difficult for Mrs. Hidalgo to navigate the area. These parked vehicles completely block the already damaged and uneven sidewalk, leaving her without a clear or accessible path to reach the restaurant. The obstruction forces her to attempt unsafe maneuvers or prevents her from passing through altogether, further restricting her independence. Due to these persistent barriers, she feels discouraged from visiting La Preña, knowing that she cannot access the establishment without encountering significant obstacles. The inaccessibility of the sidewalk not only prevents her from visiting like other customers but also reinforces her exclusion, as she is systematically denied a safe and accessible route.

26.2.2.    Since this sidewalk falls under the responsibility of the Commonwealth of Puerto Rico, it is their duty to ensure proper maintenance and compliance with accessibility standards. However, the government's continued neglect has allowed these hazardous conditions to persist, making the sidewalk unusable for individuals like Mrs. Hidalgo. This ongoing failure to provide an accessible pedestrian route directly contributes to her exclusion and inability to navigate the area safely and independently.

26.3.    Inaccessible Entrance with a Step:  Mrs. Andreina Hidalgo is aware that the main entrance has a step without an alternative ramp, preventing her from entering the restaurant while using her walker or power wheelchair. Due to her spastic cerebral palsy, which causes significant mobility limitations and makes climbing steps impossible without assistance, this barrier completely restricts her access to the establishment. As a result, she cannot enter and exit the restaurant safely and independently.

26.4.    Inaccessible Bar Counter: Mrs. Andreina Hidalgo is aware that the bar counters are completely inaccessible to her due to their excessive height. From her power wheelchair, she is unable to reach the surface to place an order, rest her arms comfortably, or interact with staff on equal terms. The absence of a lowered section or adequate space for her wheelchair prevents her from positioning herself properly, forcing her into an awkward and uncomfortable posture. Her limited range of motion and difficulty maintaining stability in her wheelchair make it impossible for her to use the counter independently. As a result, she must rely on others for assistance with basic tasks that other customers can complete with ease, further limiting her autonomy. Due to these barriers, she feels discouraged from visiting the establishment, knowing that she will not be able to interact with the space comfortably or enjoy the experience on equal terms with other patrons.

26.5.    The accessibility barriers at La Preña can be addressed by adding a ramp at the entrance, repairing and upgrading the worn-out ramps to ensure they are stable, smooth, and free from cracks. Additionally,   installing lower counters would allow individuals with disabilities to interact independently, while reorganizing

the furniture to create clear and unobstructed pathways would enable them to move freely and reduce the risk of falls. The Municipality of San Juan and the Commonwealth of Puerto Rico can eliminate the barriers on sidewalks and ramps by repairing and resurfacing deteriorated sidewalks to provide a stable and accessible surface, installing proper curb ramps with a compliant slope and smooth transitions, and relocating obstacles such as utility poles that obstruct pedestrian access. Additionally, they must improve drainage systems to prevent water accumulation that creates hazardous conditions, enforce accessibility regulations to prevent illegal parking on sidewalks and ramps, and establish a regular maintenance and inspection system to identify and address accessibility issues promptly.

26.6.    Furthermore, the Municipality of San Juan has failed to enforce accessibility regulations and has unlawfully issued use permits that allow La Preña to operate in an inaccessible manner. By authorizing a business that lacks an accessible route of entry and permitting conditions that obstruct access, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This failure to uphold accessibility standards reinforces her perception of discrimination, as she is systematically denied the opportunity to access and enjoy the establishment on equal terms with other customers.

### *Responsibility of the Commonwealth of Puerto Rico; the Municipality of San Juan and Los Pinos Restaurant 2 Inc. - Los Pinos Restaurant 2*

27.    Mrs. Andreina Hidalgo enjoys the fusion of traditional Puerto Rican flavors with a modern twist, which is why she is particularly drawn to Los Pinos 2. Known for its flavorful roast pork, *tostones*, and *mofongo*, the restaurant also serves a standout grouper

filet dish that Mrs. Andreina finds especially appealing. The menu, which caters to every palate, along with the warm hospitality, impeccable service, and vibrant ambiance, promises to create a memorable dining experience that has captured her interest. However, since November 2024, Andreina has felt discouraged from visiting Los Pinos 2 because she is aware of several architectural barriers that prevent her access, including the following:

27.1.    Inaccessible Sidewalk Ramps: Mrs. Andreina Hidalgo is aware that the ramps located at the corners near Los Pinos Restaurant 2 are completely inaccessible to her. The ramps are cracked, have severely irregular slopes, and are consistently damp, making them unstable and unsafe for navigation. Additionally, they are surrounded by accumulated trash, further obstructing her path. The edges of the ramps have a rough and excessively thick texture, preventing her from making a smooth transition in her power wheelchair. These conditions make it impossible for Mrs. Hidalgo to use the ramps safely, forcing her to stop and turn back, as no viable route is available to her. The instability and obstructions make movement frustrating and physically demanding, restricting her independence and preventing her from accessing the area freely. Due to these barriers, she feels discouraged from passing through this area and, consequently, from visiting Los Pinos Restaurant 2, knowing that she cannot reach the establishment without facing significant obstacles. The inaccessibility of the ramps completely restricts her mobility and reinforces her exclusion, preventing her from enjoying the establishment like other customers.

27.1.1.    Since these ramps are located on a public sidewalk, they fall under the responsibility of the Commonwealth of Puerto Rico, which is required to ensure their proper maintenance and compliance with accessibility standards. However, the Commonwealth has failed to take corrective action, allowing these hazardous conditions to persist. This negligence has directly contributed to Mrs. Hidalgo's exclusion, as she is systematically denied the ability to move freely and access the establishment safely and independently.

27.2.    Inaccessible Sidewalkes: Mrs. Andreina Hidalgo has knowledge that the sidewalk leading to Los Pinos Restaurant 2 is in poor condition. It is cracked, uneven, and has irregular surfaces that make it impossible for her to navigate safely in her power wheelchair. The unstable and deteriorated pavement prevents her from moving smoothly, forcing her to struggle through rough patches and sudden level changes that compromise her balance and mobility. These barriers obstruct her path and make independent movement physically exhausting and frustrating. Due to these conditions, she feels discouraged from visiting Los Pinos Restaurant 2, knowing that she cannot reach the establishment without encountering significant obstacles. The inaccessibility of the sidewalk not only prevents her from visiting like other customers but also reinforces her exclusion, as she is systematically denied a safe and accessible route.

27.2.1.    Additionally, vehicles are frequently allowed to park right in front of the sidewalk leading to Los Pinos Restaurant 2, further obstructing access and making it even more difficult for Mrs. Hidalgo to navigate the area. These

parked vehicles completely block the already damaged and uneven sidewalk, leaving her without a clear or accessible path to reach the restaurant. The obstruction forces her to attempt unsafe maneuvers or prevents her from passing through altogether, further restricting her independence.

27.2.2.    Since this sidewalk falls under the responsibility of the Commonwealth of Puerto Rico, it is their duty to ensure proper maintenance and compliance with accessibility standards. However, the government's continued neglect has allowed these hazardous conditions to persist, making the sidewalk unusable for individuals like Mrs. Hidalgo. This ongoing failure to provide an accessible pedestrian route directly contributes to her exclusion and inability to navigate the area safely and independently.

27.3.    Insufficient Space Between Tables: Mrs. Andreina Hidalgo is aware that the furniture arrangement at Los Pinos Restaurant 2 leaves inadequate space between tables, making it impossible for her to navigate comfortably in her power wheelchair. The narrow passageways force her to make difficult and physically demanding maneuvers, increasing the risk of getting stuck or colliding with obstacles. Due to her spastic cerebral palsy, which affects her motor control and requires slow, deliberate movements, the tight layout makes it even more challenging for her to move without struggle. This lack of accessible space severely limits her independence, as she cannot freely navigate the restaurant like other customers. She is unable to comfortably reach a table without unnecessary difficulty, making the dining experience frustrating and undignified. Due to these

barriers, she feels discouraged from passing through the area and, consequently, from visiting Los Pinos Restaurant 2, knowing that she cannot access or enjoy the establishment without significant obstacles.

27.4.   High Counter:Mrs. Andreina Hidalgo is aware that the counter at Los Pinos Restaurant 2 is excessively high, making it impossible for her to interact with staff or place orders independently from her power wheelchair. The lack of a lowered section prevents her from reaching the surface, forcing her into an uncomfortable and awkward position. Due to her spastic cerebral palsy, which limits her range of motion and ability to maintain posture without support, she is unable to comfortably rest her arms on the counter, handle transactions, or communicate effectively with staff. This barrier strips her of her independence, as she is forced to rely on others for assistance with tasks that other customers can complete with ease. The inability to engage in a basic interaction on equal terms makes the experience frustrating and undignified. Due to these barriers, she feels discouraged from visiting Los Pinos Restaurant 2, knowing that she will not be able to complete a simple transaction without difficulty or dependence on others.

27.5.   The accessibility barriers at Los Pinos Restaurant 2 can be addressed by ensuring a properly designed ramp at the entrance, repairing and upgrading the deteriorated ramps to make them stable, smooth, and free from cracks. Additionally, installing a lowered counter section would allow individuals with disabilities to place orders and interact with staff independently, while reorganizing the furniture layout to create clear and unobstructed pathways would enable them to move freely and navigate the restaurant without difficulty. The Municipality of San Juan and the

Commonwealth of Puerto Rico can eliminate the barriers on sidewalks and ramps by repairing and resurfacing deteriorated sidewalks to provide a stable and accessible surface, installing proper curb ramps with a compliant slope and smooth transitions, and relocating obstacles such as utility poles that obstruct pedestrian access. Additionally, they must improve drainage systems to prevent water accumulation that creates hazardous conditions, enforce accessibility regulations to prevent illegal parking on sidewalks and ramps, and establish a regular maintenance and inspection system to identify and address accessibility issues promptly.

27.6.   Furthermore, the Municipality of San Juan has failed to enforce accessibility regulations and has unlawfully issued use permits that allow Los Pinos Restaurant 2 to operate without ensuring accessibility. By authorizing a business that lacks an accessible route of entry and permitting conditions that obstruct access, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This failure to uphold accessibility standards reinforces her perception of discrimination, as she is systematically denied the ability to access and enjoy the establishment on equal terms with other customers.

### *Responsibility of the Commonwealth of Puerto Rico; the Municipality of San Juan and  and Panucho, Inc.- Panuchos*

28.   Ms. Hidalgo has long been interested in visiting Panuchos, after hearing numerous positive reviews about its authentic Mexican cuisine. She has been particularly drawn to the restaurant's renowned mushroom torta and lamb tacos, which are frequently praised for their exceptional flavor and quality. Additionally, the inviting atmosphere and diverse menu offerings have made Panuchos a highly appealing dining option for her. However,

despite her strong interest since January 2025, Mrs. Hidalgo has been unable to do so due to the presence of architectural barriers that prevent her access, including:

28.1.    Inaccessible Sidewalk Ramp: Mrs. Andreina Hidalgo is aware that the sidewalk ramp near Panuchos is in poor condition and completely inaccessible to her. The ramp has severe cracks, an uneven and irregular slope, and rough, deteriorated edges that prevent a smooth transition for her power wheelchair. Additionally, the surface of the ramp is unstable, making it difficult for her to maneuver safely. The poor design and lack of maintenance make it impossible for her to use the ramp independently, forcing her to stop and turn back, as no viable route is available to her. These barriers significantly restrict her mobility, making movement frustrating and physically demanding. She cannot safely access the sidewalk or navigate the area without encountering unnecessary difficulties. Due to these conditions, she feels discouraged from passing through this area and, consequently, from visiting panuchos, knowing that she cannot reach the establishment without facing significant obstacles. The inaccessibility of the ramp reinforces her exclusion, preventing her from enjoying the restaurant like other customers.

28.1.1.    Since this sidewalk ramp is part of the public infrastructure, it falls under the responsibility of the Commonwealth of Puerto Rico, which is required to ensure its proper maintenance and compliance with accessibility standards. However, the Commonwealth has failed to take the necessary corrective actions, allowing these hazardous conditions to persist. This negligence has directly contributed to Mrs. Hidalgo's exclusion, as she is

systematically denied the ability to move freely and access panuchos safely and independently. The failure to provide an accessible and well-maintained pedestrian route reinforces her inability to navigate the area without encountering significant obstacles, further limiting her access to public spaces and establishments.

28.2.    Damaged and Uneven Sidewalk: Mrs. Andreina Hidalgo is aware that the sidewalk leading to panuchos is in poor condition, making it impossible for her to navigate safely in her power wheelchair. The pavement is cracked, uneven, and has sudden level changes that obstruct her path and prevent smooth mobility. Additionally, sections of the sidewalk are deteriorated and unstable, forcing her to struggle through rough patches that compromise her balance and create unnecessary physical strain. These hazardous conditions make independent movement exhausting and frustrating, restricting her ability to reach panuchos like other customers. Due to these barriers, she feels discouraged from passing through this area and, consequently, from visiting panuchos, knowing that she cannot access the establishment without encountering significant obstacles. The inaccessibility of the sidewalk reinforces her exclusion, as she is systematically denied a safe and accessible route.

28.2.1.    Furthermore, vehicles are frequently allowed to park directly in front of the sidewalk, completely blocking access to both the pedestrian pathway and the nearby ramp. This obstruction forces Mrs. Hidalgo to either attempt unsafe maneuvers or prevents her from passing through altogether, further restricting her independence.

28.2.2.    Since this sidewalk is part of the public infrastructure, it falls under the responsibility of the Commonwealth of Puerto Rico, which is obligated to ensure its proper maintenance and compliance with accessibility standards. However, the Commonwealth has failed to take the necessary corrective actions, allowing the sidewalk to remain in a deteriorated and inaccessible condition. This negligence has directly contributed to Mrs. Hidalgo's exclusion, as she is systematically denied the ability to navigate the area safely and independently. The failure to provide an accessible and well-maintained pedestrian route further limits her access to panuchos and reinforces her exclusion from public spaces that should be equally accessible to all individuals.

28.3.    Inaccessible counter: Mrs. Andreina Hidalgo is aware that the service counter at panuchos is too high, obstructed by chairs, and lacks sufficient space underneath, making it completely inaccessible to her while using her power wheelchair. The excessive height prevents her from comfortably reaching the surface to place orders, make payments, or interact with staff on equal terms. Additionally, the placement of chairs in front of the counter creates further obstructions, making it impossible for her to position herself properly. These barriers make it impossible for her to receive service autonomously, reinforcing her exclusion and limiting her ability to interact freely within the establishment. Due to these conditions, she feels discouraged from passing through the area and, consequently, from visiting panuchos, knowing that she will not be able to order or engage with the space comfortably like other customers.

28.4.    These barriers could be addressed by corrective measurements: Adapting the entrance ramp to comply with regulations, and the service counter could be lowered to an accessible height, cleared of obstructions, and designed with adequate knee clearance to accommodate individuals using wheelchairs or walkers. The Municipality of San Juan and the Commonwealth of Puerto Rico can eliminate the barriers on the sidewalk and ramp by repairing and resurfacing the deteriorated pavement to provide a stable and even surface, ensuring that the ramp meets accessibility standards with a compliant slope and smooth transitions, and relocating any obstacles such as utility poles that obstruct pedestrian access. Additionally, they must enforce regulations to prevent vehicles from parking in front of the sidewalk and ramp, implement proper drainage systems to avoid water accumulation, and establish a routine inspection and maintenance program to promptly identify and address accessibility issues.

28.5.    Furthermore, the Municipality of San Juan has failed to enforce accessibility regulations and has unlawfully issued use permits that allow panuchos to operate without ensuring accessibility. By authorizing a business that lacks an accessible route of entry and permitting conditions that obstruct access, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This failure to uphold accessibility standards reinforces her perception of discrimination, as she is systematically denied the ability to access and enjoy the establishment on equal terms with other customers.

### *Responsibility of the Commonwealth of Puerto Rico; the Municipality of San Juan and and Foodie Forever LLC - Pinkys Loiza Street*

29.    Mrs. Hidalgo has long been eager to visit Pinkys. The establishment is renowned for its generous portions, fresh fruit smoothies, and delectable breakfast sandwiches, all of which have garnered high praise from patrons. The friendly and attentive service, often highlighted in reviews, further enhances its appeal. Given Pinkys convenient proximity to her residence, Ms. Hidalgo had anticipated enjoying its culinary delights firsthand. However, since November 2024, she has become aware of certain architectural barriers that impede accessibility to the establishment, including the following:

29.1.    Inaccessible Sidewalk Ramps: Mrs. Andreina Hidalgo is aware that the sidewalk ramps near Pinkys Loíza Street are completely inaccessible to her. These ramps are cracked, have dangerously irregular slopes, and remain consistently damp, making them unstable and unsafe for navigation. Additionally, accumulated trash obstructs the area, further limiting her ability to pass through. The edges of the ramps have a rough and excessively thick texture, preventing a smooth transition in her power wheelchair. Due to these conditions, Mrs. Hidalgo is unable to use the ramps safely, often forcing her to stop and turn back, as no viable route is available to her. The instability and obstructions make movement frustrating and physically demanding, restricting her independence and preventing her from accessing the area freely. As a result, she feels discouraged from visiting Pinkys Loíza Street, knowing she cannot reach the establishment without facing significant barriers. The inaccessibility of these ramps not only restricts her mobility but also reinforces her exclusion, preventing her from enjoying the establishment like other customers.

29.1.1.    Since these ramps are located on a public sidewalk, they fall under the responsibility of the Commonwealth of Puerto Rico, which is required to ensure their proper maintenance and compliance with accessibility standards. However, the Commonwealth has failed to take corrective action, allowing these hazardous conditions to persist. This negligence has directly contributed to Mrs. Hidalgo's exclusion, as she is systematically denied the ability to move freely and access the establishment safely and independently.

29.2.    Inaccessible Sidewalks: Mrs. Andreina Hidalgo is aware that the sidewalk leading to Pinkys Loíza Street is in poor condition. The pavement is cracked, uneven, and riddled with irregular surfaces, making it impossible for her to navigate safely in her power wheelchair. The deteriorated sidewalk forces her to struggle through rough patches and sudden level changes that compromise her balance and mobility. These barriers make independent movement physically exhausting and frustrating. Due to these conditions, she feels discouraged from visiting Pinkys Loíza Street, knowing that she cannot reach the establishment without encountering significant obstacles. The inaccessibility of the sidewalk not only prevents her from visiting like other customers but also reinforces her exclusion by systematically denying her a safe and accessible route.

29.2.1.    Additionally, vehicles are frequently allowed to park directly in front of the sidewalk leading to Pinkys Loíza Street, further obstructing access and making it even more difficult for Mrs. Hidalgo to navigate the area. These parked cars completely block an already damaged and uneven sidewalk,

leaving her without a clear or accessible path to reach the restaurant. The obstruction forces her to attempt unsafe maneuvers or prevents her from passing through altogether, further restricting her independence.

29.2.2.  Since this sidewalk falls under the responsibility of the Commonwealth of Puerto Rico, it is their duty to ensure proper maintenance and compliance with accessibility standards. However, the government's continued neglect has allowed these hazardous conditions to persist, rendering the sidewalk unusable for individuals like Mrs. Hidalgo. This ongoing failure to provide an accessible pedestrian route directly contributes to her exclusion and inability to navigate the area safely and independently.

29.3.  Inaccessible Counters: Mrs. Andreina Hidalgo is aware that the counters do not have adequate space underneath, preventing her from approaching them comfortably while using her walker or power wheelchair. Due to her spastic cerebral palsy, which causes limited range of motion, this barrier forces her to rely on others for assistance when interacting with staff or placing orders, limiting her independence and creating an unequal experience. The physical barrier of the inaccessible counters not only restricts her ability to engage with the establishment on her own terms but also makes her feel unwelcome. Knowing she would have to struggle or depend on others for basic interactions discourages her from passing through the area and, ultimately, from visiting Pinkys Loíza Street. The lack of accessibility reinforces her exclusion, preventing her from enjoying the establishment like other patrons.

29.4.   These barriers could be addressed by corrective measurements: clear and properly placed signage might help individuals with mobility impairments navigate key areas such as restrooms, exits, and seating more effectively. Counters could be modified by lowering a section, ensuring adequate knee clearance, and removing obstructions to allow wheelchair users to interact comfortably. The Municipality of San Juan and the Commonwealth of Puerto Rico can eliminate these accessibility barriers by repairing and resurfacing the deteriorated sidewalks to create a stable and even surface, ensuring that ramps are properly designed with an appropriate slope and smooth transitions, and relocating obstacles such as utility poles that obstruct pedestrian pathways. Additionally, they must enforce regulations to prevent vehicles from parking in front of sidewalks and ramps, improve drainage systems to prevent water accumulation that creates hazardous conditions, and implement a regular inspection and maintenance program to promptly identify and address accessibility issues.

29.5.   Furthermore, the Municipality of San Juan has failed to enforce accessibility regulations and has unlawfully issued use permits that allow Pinkys Loíza Street to operate without ensuring accessibility. By authorizing a business that lacks an accessible route of entry and permitting conditions that obstruct access, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This failure to uphold accessibility standards reinforces her perception of discrimination, as she is systematically denied the ability to access and enjoy the establishment on equal terms with other customers.

*__Responsibility of the Commonwealth of Puerto Rico; the Municipality of San Juan and A Pie__*
*__Cafe Bar and Restaurant Inc. -  A Pie Cafe__*

30.    Mrs. Andreina Hidalgo Hidalgo is aware that A Pie Cafe offers high-quality Boricua cuisine, with great flavor and excellent product quality. The menu is varied, the food is delicious, and the service is also very good. Additionally, the prices are excellent. Moreover, it is very convenient for her, as it is only six minutes away by car from her house and 3.4 kilometers in distance. However, Mrs. Andreina has felt discouraged from visiting A Pie Cafe since November 2024 because she is aware of several architectural barriers that prevent her access. The barriers Mrs. Andreina is aware of are the following:

30.1.    Obstruction by Parked Vehicles: Mrs. Andreina Hidalgo is aware that the public sidewalk at the entrance to A Pie Cafe is frequently used as a parking area, with vehicles obstructing access to the property. The cars are using this sidewalk as a parking space, and the restaurant allows them to park there, taking no action to stop this practice. A Pie Cafe does not call the police or take any measures to prevent vehicles from blocking pedestrian access. This blockage prevents her from reaching the front door of the establishment, as there is no clear, accessible route for her to navigate safely and independently. The lack of a designated pedestrian pathway forces her to maneuver around the parked cars, which is particularly challenging given her mobility limitations. This obstruction prevents her from reaching the front door of the establishment, as there is no clear, accessible route for her to navigate safely and independently. The lack of a designated pedestrian pathway forces her to attempt difficult and unsafe maneuvers around the parked cars, which is particularly challenging given her mobility limitations. Due to these persistent barriers, she feels discouraged from

visiting A Pie Cafe, knowing that she cannot access the establishment without encountering significant obstacles.

30.1.1.   Since this sidewalk is located on Calle Loíza, it is the responsibility of both the Commonwealth of Puerto Rico and the Municipality of San Juan, which have failed to enforce accessibility regulations and provide the necessary maintenance. Both have allowed vehicles to park illegally in this area, obstructing the sidewalk, the ramp, and the access route to A Pie Cafe. This ongoing negligence has rendered the public sidewalk inaccessible and has completely blocked Mrs. Hidalgo's ability to reach the establishment safely and independently.

30.2.   Damaged Sidewalk: The sidewalk at the entrance to A Pie Cafe is in poor condition, with cracks, uneven surfaces, and potholes that significantly impact Mrs. Hidalgo's mobility. When using her walker, these irregularities force her to take small, unstable steps and exert considerable physical effort to maintain balance, increasing her risk of tripping and falling. The uneven ground requires her to constantly shift her weight, which, due to her spasticity and muscle rigidity, results in increased physical discomfort and fatigue. When using her power wheelchair, the uneven surface causes constant jolts and vibrations that disrupt her posture, making it difficult for her to maintain stability and causing muscle spasms that add to her discomfort. This unsafe environment forces her to avoid the area, limiting her ability to access the café independently. The municipality of San Juan is aware of the deteriorated condition of the sidewalk but has not taken corrective actions to repair it, thereby failing to fulfill its responsibility to ensure

safe and accessible pedestrian infrastructure. This unsafe environment forces her to avoid the area, limiting her ability to access the café independently. Due to these persistent barriers, she feels discouraged from visiting A Pie Cafe, knowing that she cannot reach the establishment without encountering significant obstacles. The inaccessibility of the sidewalk reinforces her exclusion, preventing her from enjoying the café like other customers.

30.2.1.  Since this sidewalk falls under the responsibility of the Commonwealth of Puerto Rico, it is their duty to ensure proper maintenance and compliance with accessibility standards. However, the Commonwealth has failed to take the necessary corrective actions, allowing the sidewalk to remain in a deteriorated and unsafe condition. This ongoing neglect has directly contributed to Mrs. Hidalgo's exclusion, as she is systematically denied the ability to move freely and access A Pie Cafe safely and independently.

30.3.  Damaged Access Ramp: The nearby access ramp is also in disrepair, with deep cracks, bumpy surfaces, and an uneven incline that create a hazardous barrier for Mrs. Hidalgo. When using her walker, the damaged surface requires her to step cautiously and with significant effort, as the uneven texture increases the likelihood of losing balance and falling. The unstable surface forces her to use excessive muscle strength, causing fatigue and discomfort. In her power wheelchair, the cracks and irregularities cause the wheels to lose traction or get caught, making the ascent or descent unsafe and unpredictable. The lack of a smooth, stable surface not only increases the physical effort required but also puts her at risk of tipping backward or sideways while navigating the ramp. Due to

these barriers, she feels discouraged from passing through the area and from visiting A Pie Cafe, knowing that she cannot navigate the ramp safely. The inaccessibility of the ramp reinforces her exclusion, preventing her from reaching the establishment like other customers.

30.3.1.   Since this ramp falls under the responsibility of the Commonwealth of Puerto Rico, it is their duty to ensure proper maintenance and compliance with accessibility standards. However, the Commonwealth has failed to take the necessary corrective actions, allowing the ramp to remain in a deteriorated and unsafe condition. This ongoing neglect has directly contributed to Mrs. Hidalgo's exclusion, as she is systematically denied the ability to move freely and access A Pie Cafe safely and independently.

30.4.   Step at the Entrance: Mrs. Andreina Hidalgo is aware that the step at the entrance of the establishment makes it difficult for her to enter safely. Since she uses a walker for short distances and a power wheelchair for longer distances, any uneven surface poses a significant obstacle. In this case, the step prevents her from entering independently and safely, as she cannot navigate it with her wheelchair without assistance. When she tries to go over the step in her wheelchair, it gets stuck, tilts dangerously, or even risks tipping over, creating a serious safety hazard. If she attempts to step up using her walker, the step forces her to lift it while trying to maintain her balance, increasing her risk of tripping or falling. This barrier forces her to depend on others to access the establishment, making her feel frustrated and discouraged from visiting the establishment, as the lack of accessibility limits her autonomy and comfort.

30.5.    Obstacles at the Entrance: Mrs. Andreina Hidalgo is aware that the presence of chairs and other objects at the entrance of the establishment obstructs her access. Due to her mobility limitations, she requires a clear space to maneuver with her wheelchair or walk safely with her walker. These obstacles reduce the available space for her movement, making it difficult for her to enter without excessive effort or risk. The need to carefully navigate around these obstacles makes her visit stressful and inconvenient, discouraging her from visiting the establishment.

30.6.    Tables Blocking Access to the Counter:  Mrs. Andreina Hidalgo has also noted that the placement of tables in front of the counter area makes access difficult. Since she uses a power wheelchair for longer distances, she needs adequate space to approach without restrictions. The presence of tables blocking prevents her from easily reaching the counter, limiting her ability to place orders or interact with the staff independently. This situation frustrates her, as she has to struggle to get service or request assistance, making her feel excluded and less inclined to visit the establishment.

30.7.    Counter Height: Mrs. Andreina Hidalgo is aware that the height of the counter, which exceeds 36 inches, creates a barrier to accessing the services provided at the establishment. From her wheelchair, she cannot comfortably see the displayed products or make eye contact with the staff, which makes communication difficult. The excessive height forces her to reach upward to complete transactions, making the process uncomfortable and inconvenient. This limitation makes her feel excluded and discouraged from visiting the establishment.

30.8.    Lack of Counter Depth: In addition to the height, the inadequate depth of the counter further limits Mrs. Hidalgo's ability to access services. Lack of proper clearance under the counter prevents her from getting close enough, forcing her to extend her arms and make considerable physical effort to complete transactions, further discouraging her from visiting the establishment.

30.9.    Lack of Accessible Tables: Mrs. Andreina Hidalgo is aware that the establishment does not provide tables that accommodate wheelchair users. The support structures underneath the tables prevent her from positioning herself properly in her power wheelchair. Because of this, she cannot roll under the table comfortably, forcing her to sit at an awkward distance that makes eating or drinking difficult. Reaching her food and beverages requires her to stretch her arms uncomfortably, causing strain and making the experience frustrating and inconvenient. Additionally, this obstruction limits her ability to interact with others seated at the table, further isolating her from the dining experience. The absence of accessible tables prevents her from sitting and enjoying her visit in the same way as other customers. This lack of accessibility makes her feel excluded and unwelcome, discouraging her from visiting the establishment.

30.10.    The barriers on A Pie Cafe could be eliminated by prohibiting the use of the sidewalk as a parking area, ensuring it remains clear and accessible. Removing the step at the entrance and eliminating any obstacles blocking access would create an accessible route for safe entry. Relocating the tables in front of the counter would also facilitate access for wheelchair users. Lowering a portion of the counter to 36 inches and adding at least one accessible table for wheelchair

users would further accommodate individuals with disabilities. Additionally, repairing the nearby access ramp and sidewalks would improve accessibility, allowing individuals with disabilities to enter the establishment more easily and independently. The Municipality of San Juan and the Commonwealth of Puerto Rico can eliminate the accessibility barriers in sidewalks and curb ramps by implementing necessary infrastructure improvements. This includes repairing and resurfacing deteriorated sidewalks to provide a smooth, stable, and even surface, ensuring that curb ramps are properly designed with a compliant slope, adequate width, and smooth transitions that allow for safe wheelchair navigation. Additionally, they must relocate obstacles such as utility poles and signage that obstruct pedestrian pathways, enforce regulations to prevent vehicles from parking on sidewalks and ramps, and improve drainage systems to prevent water accumulation that creates hazardous conditions. A regular inspection and maintenance program should also be implemented to promptly identify and address accessibility issues, ensuring that sidewalks and curb ramps remain safe and fully functional.

30.11.   Furthermore, the Municipality of San Juan has failed to enforce accessibility regulations and has unlawfully issued use permits that allow A Pie Cafe to operate without ensuring accessibility. By authorizing a business that lacks an accessible route of entry and permitting conditions that obstruct access, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This failure to uphold accessibility standards reinforces her perception of discrimination, as she is

systematically denied the ability to access and enjoy the establishment on equal terms with other customers.

### *Responsibility of Commonwealth of Puerto Rico, the Municipality of San Juan and Uno Mas LLC - Raices Urbano*

31.    Mrs. Andreina Hidalgo enjoys spending time in lively and entertaining spaces, especially when they offer delicious food. Because of this, she wants to visit Raices Urbano, as she knows that it provides a vibrant sports bar experience, featuring a pleasant atmosphere, murals decorating the space, fun music, and a giant screen displaying various sports matches and championships. The establishment prepares delicious Puerto Rican cuisine and has diverse spaces, including an outdoor area and a rooftop. The service is excellent, and the food is highly recommended, especially the house specialty: Risotto de Gandules with Pork Chop, as well as the Mofongo stuffed with chicken or shrimp in garlic sauce. Additionally, its location is very convenient for her, as it is just a six-minute drive from her home, at a distance of 3.4 km. However, since December 2024, Mrs. Andreina feels discouraged from visiting Raices Urbano, as she is aware of several architectural barriers that limit her access. The barriers Mrs. Andreina is aware of are the following:

31.1.    Sidewalk Obstructions: Mrs. Andreina Hidalgo knows that vehicles frequently park on the sidewalks, blocking access and forcing her to move onto the street. The restaurant allows cars to park there and does not call the police or take any action to prevent this practice from continuing. At the same time, the Municipality of San Juan is aware of this issue but fails to intervene. For Mrs. Hidalgo, navigating the street due to these obstructions is particularly difficult and unsafe. Using a walker for short distances requires significant effort to maintain balance, and the uneven terrain of the street increases her risk of tripping and falling.

When using her power wheelchair for longer distances, maneuvering around parked cars forces her to take alternative routes that may be steep, uneven, or lack curb cuts, making them hazardous or even impassable. These obstructions also block access to the ramp, preventing her from using the designated accessible pathway and leaving her with no safe option to reach the establishment. This situation not only restricts her mobility but also places her at serious risk of injury. The ongoing failure to address these barriers is the responsibility of the Municipality of San Juan, which allows businesses like Raices Urbano to appropriate public sidewalks for private benefit. As a result, Mrs. Hidalgo feels discouraged from visiting the establishment, as she cannot move safely and independently.

31.1.1.    Since the sidewalks and ramps near Raices Urbano are part of the public infrastructure, they fall under the responsibility of the Commonwealth of Puerto Rico, which has failed to ensure their proper maintenance and compliance with accessibility standards. By neglecting to implement necessary repairs, allowing obstructions to persist, and failing to enforce accessibility regulations, the Commonwealth has directly contributed to Mrs. Hidalgo's exclusion. This lack of action systematically denies her the ability to navigate the area safely and independently, further reinforcing her exclusion from public spaces and preventing her from accessing Raices Urbano like other customers.

31.2.    Deteriorated Sidewalk: Mrs. Andreina Hidalgo recognizes that the sidewalk near the establishment is in poor condition, with cracks, uneven surfaces, and missing

pavement sections that make navigation unsafe. When using her walker, she must take short, cautious steps and exert significant effort to maintain her balance, as the irregularities increase the risk of tripping or falling. The uneven ground forces her to shift her weight frequently, which, due to her spasticity and muscle rigidity, leads to discomfort and fatigue. When using her power wheelchair, the rough surface causes intense vibrations that affect her posture, making it difficult to maintain stability and resulting in physical strain.

31.2.1.   Since the sidewalks and ramps near Raices Urbano are part of the public infrastructure, they fall under the responsibility of the Commonwealth of Puerto Rico, which has failed to ensure their proper maintenance and compliance with accessibility standards. By neglecting to implement necessary repairs, allowing obstructions to persist, and failing to enforce accessibility regulations, the Commonwealth has directly contributed to Mrs. Hidalgo's exclusion. This lack of action systematically denies her the ability to navigate the area safely and independently, further reinforcing her exclusion from public spaces and preventing her from accessing Raices Urbano like other customers.

31.3.   Deteriorated Ramp: The ramp providing access to the establishment is similarly in disrepair, with cracks, bumps, and an uneven incline that create significant obstacles for Mrs. Hidalgo. When using her walker, she must navigate the unstable surface with extreme caution, as the irregularities increase the risk of losing balance and falling. The uneven slope forces her to use excessive muscle strength, causing discomfort and fatigue. In her power wheelchair, the cracked

surface disrupts the movement of the wheels, causing sudden jolts and vibrations that compromise her control over the device and make the ascent or descent unpredictable. This persistent inaction continues to restrict Mrs. Hidalgo's safe and independent access to the establishment, discouraging her from visiting.

31.3.1. Since the sidewalks and ramps near Raices Urbano are part of the public infrastructure, they fall under the responsibility of the Commonwealth of Puerto Rico, which has failed to ensure their proper maintenance and compliance with accessibility standards. By neglecting to implement necessary repairs, allowing obstructions to persist, and failing to enforce accessibility regulations, the Commonwealth has directly contributed to Mrs. Hidalgo's exclusion. This lack of action systematically denies her the ability to navigate the area safely and independently, further reinforcing her exclusion from public spaces and preventing her from accessing Raices Urbano like other customers.

31.4. Entrance Barriers: Mrs. Andreina Hidalgo notices that the entrance to the establishment presents significant obstacles, including physical barriers such as planters and a rug, making it difficult for her to enter. When using her wheelchair, the step at the entrance prevents her from accessing the space independently, requiring assistance to lift the wheelchair over it, while the narrow space created by the obstacles forces her to make precise turns, increasing the risk of getting stuck or losing stability. The difficulty in stepping up onto the entrance, combined with these obstructions, makes entering the venue unsafe and exhausting for her, limiting her independence and discouraging her from visiting.

31.5.   Inaccessible Tables: Mrs. Andreina Hidalgo Hidalgo realizes that the tables have obstacles underneath that prevent her from positioning herself comfortably. This forces her to lean forward to reach her food, requiring movements that are difficult and uncomfortable due to her limited mobility. The lack of accessible tables makes dining an inconvenient and physically demanding experience for her.  Since she cannot dine comfortably like other customers, she feels discouraged from visiting.

31.6.   High Counter: Mrs. Andreina Hidalgo observes that the counter exceeds 36 inches in height, making it too high for her to see the available services or interact comfortably with the staff. Due to her limited ability to stand or stretch, she struggles to reach the counter, making it difficult for her to order or engage with the space independently. This lack of accessibility prevents her from fully participating in the bar experience, making her feel unmotivated to visit.

31.7.   Shallow Counter: In addition to its height, Mrs. Andreina Hidalgo knows that the counter lacks sufficient depth, preventing her from approaching it comfortably in her wheelchair. The limited space does not allow her to roll under or position herself close enough to use the counter as a table. This forces her to sit at an awkward distance, making eating or drinking inconvenient and uncomfortable. The inability to interact with the space as other customers do further discourages her from visiting.

31.8.   High Seating: Mrs. Andreina Hidalgo Hidalgo knows that a large number of the available seats consist of high chairs, which are extremely difficult for her to use due to her mobility limitations. Given the rigidity and spasticity in her lower

limbs, transferring onto a high seat is not feasible without assistance. The prevalence of these high chairs significantly limits her seating options, making it difficult for her to find a comfortable and accessible place to sit. This restricts her ability to enjoy the space independently, unlike other patrons who can easily use the available seating.This discourages her from visiting.

31.9.    Inaccessible Restroom: Mrs. Andreina Hidalgo Hidalgo is aware of the barriers in the restroom that make it inaccessible to her:

31.9.1.    Inaccessible Sink That Limits Use: Mrs. Andreina Hidalgo Hidalgo is aware of the barriers in the restroom that prevent her from using the sink comfortably:

31.9.1.1.    High Sink: Mrs. Andreina Hidalgo is aware that the sink is too high, making it difficult for her to use it comfortably. Due to her limited ability to stand for long periods or stretch her arms, she struggles to reach the faucet and properly wash her hands. When using her wheelchair, the excessive height prevents her from positioning herself close enough, forcing her to extend her arms uncomfortably, which can cause strain and make the task exhausting. This lack of accessibility limits her ability to use the sink independently, making her feel frustrated and discouraged from using the restroom facilities.

31.9.1.2.    Shallow Sink: Mrs. Andreina Hidalgo knows that the sink is too shallow, which makes it difficult for her to use it with ease. When in her wheelchair, the limited depth does not allow her to move

close enough, forcing her to stretch uncomfortably to reach the faucet. This awkward positioning makes washing her hands more challenging and physically straining. Additionally, the lack of space underneath prevents her from aligning herself properly, further complicating the task. These accessibility barriers make using the restroom inconvenient and frustrating for her.

31.9.1.3.  Foot-Pedal Water Dispenser: Mrs. Andreina knows that the water dispenser operates with a foot pedal, which she cannot use due to her mobility limitations. Because she relies on a wheelchair or walker, she is unable to apply the necessary pressure to activate the dispenser, making it impossible for her to access water independently. Additionally, the dispenser is positioned at a distance that she cannot easily reach, further preventing her from using it without assistance. The lack of an alternative activation method forces her to depend on others, limiting her autonomy and making staying hydrated while visiting the establishment unnecessarily difficult and frustrating.

31.9.1.4.  Inaccessible Soap Dispenser: Mrs. Andreina knows that the soap dispenser is positioned in a way that requires her to extend herself to access it, which is challenging given her limited range of motion. Because she relies on a wheelchair or walker, she cannot easily reach forward without straining her arms or shifting uncomfortably. This awkward movement increases her risk of

losing balance when using her walker or causing discomfort when in her wheelchair. The lack of an accessible placement makes it difficult for her to wash her hands independently, creating an unnecessary barrier that affects her comfort and autonomy.

31.9.1.5. Foot-Pedal Trash Bin: Mrs. Andreina knows that the trash bin operates with a foot pedal, which prevents her from disposing of waste independently. Because she relies on a wheelchair or walker, she is unable to apply the necessary pressure to activate the pedal, making it impossible for her to open the bin without assistance. Additionally, attempting to use it while maintaining balance with her walker or repositioning herself in her wheelchair is challenging and uncomfortable. This lack of accessibility forces her to rely on others for a simple task, limiting her independence and making the experience frustrating.

31.9.1.6. High Mirrors: Mrs. Andreina knows that the mirrors are positioned too high, preventing her from seeing herself when using her wheelchair. Because she cannot stand for long periods or stretch easily, she is unable to adjust her position to use the mirror effectively. This makes it difficult for her to check her appearance or perform basic personal care tasks, creating an unnecessary barrier that affects her independence and comfort.

31.9.2.    Restricted and Unsafe Toilet Area: Mrs. Andreina Hidalgo Hidalgo is aware of the significant challenges she faces when using the toilet area due to its narrow space and various obstacles.

31.9.2.1.    Narrow Bathroom Area: Mrs. Andreina knows that the space around the toilet is too narrow, severely limiting her mobility. When using her wheelchair, she struggles to position herself properly, making transfers difficult and unsafe. If she uses her walker, the restricted space forces her to move in awkward and uncomfortable ways, increasing her risk of losing balance. This lack of adequate space makes using the restroom challenging and exhausting, creating an unnecessary obstacle to her independence and comfort.

31.9.2.2.    Obstacles in the Bathroom Area:Mrs. Andreina knows that the position of the trash bin and the toilet paper dispenser creates significant obstacles that restrict her movement in the bathroom. The trash bin is placed too close to the toilet, limiting the space she needs to maneuver her wheelchair or position her walker safely. This obstruction makes transferring to and from the toilet more difficult and increases the risk of losing balance or getting stuck. Additionally, the toilet paper dispenser is positioned at an inconvenient distance, making it challenging for her to reach it comfortably. Because of her limited range of motion, she must stretch awkwardly, which can cause discomfort and instability.

These barriers make using the bathroom independently frustrating and physically demanding, further discouraging her from visiting the establishment.

31.9.2.3.    Lack of Support Bars: Mrs. Andreina knows that the absence of support bars makes it unsafe for her to stabilize herself while using the restroom. Because she relies on a walker or wheelchair, she needs stable handholds to assist with transfers and maintain her balance. Without support bars, she struggles to position herself safely, increasing the risk of falls or instability. The lack of proper support makes it difficult for her to use the toilet independently, creating a hazardous and uncomfortable experience. This barrier severely limits her ability to use the restroom safely, discouraging her from visiting the establishment.

31.10.    Limited Access to Outdoor Area: Mrs. Hidalgo realizes that she cannot fully enjoy all areas of the establishment due to accessibility barriers:

31.10.1.    Uneven Outdoor Surface: Mrs. Andreina knows that the outdoor area has an unstable surface, making it challenging for her to move around in her wheelchair or with her walker. The rough and uneven ground causes constant shaking, making it harder for her to maintain smooth and controlled movement in her wheelchair. These surface irregularities increase the risk of her wheelchair losing traction or getting caught, creating discomfort and potential safety concerns. When using her walker, she must carefully adjust her steps to avoid tripping or losing balance,

which requires additional effort and slows her movement. The uneven terrain makes it difficult for her to walk safely, increasing the risk of falls. As a result, she struggles to access and fully enjoy the outdoor space independently, which discourages her from visiting the establishment.

31.10.2.   Lack of Accessible Seating: Mrs. Andreina knows that the outdoor area does not have accessible seating, making it impossible for her to rest comfortably. The only available seating consists of steps, which she cannot use due to her mobility limitations. When using her wheelchair, she has no designated space to position herself properly, forcing her to remain in an awkward and uncomfortable spot. If she uses her walker, the absence of appropriate seating prevents her from taking necessary breaks, which is especially challenging since she cannot remain standing for long periods without discomfort or fatigue. The lack of accessible seating limits her ability to enjoy the space, discouraging her from spending time in the area.

31.11.   Lack of Alternative Access to Rooftop Area: Mrs. Andreina knows that she cannot access the rooftop area because the only entrance is via stairs, and there is no alternative accessible route. Since she relies on a wheelchair or walker, the absence of an elevator or ramp makes it impossible for her to reach this space independently. Her condition also affects her ability to perform daily tasks that require lower-body mobility. Climbing stairs is impossible without assistance or mechanical support, and stepping onto elevated surfaces, such as curbs without ramps, presents a serious obstacle to her independence. As a result, the lack of an

accessible route excludes her from enjoying the amenities available in the rooftop area, further limiting her experience at the venue.

31.12.    The barriers on Raíces Urbano could be eliminated by implementing key accessibility improvements. To address sidewalk obstructions, strict enforcement of the parking prohibition in these areas must be ensured, and the location of the ramp can be clearly marked. Repairing and maintaining the sidewalk and ramp provides a stable and even surface for safe navigation. At the entrance, obstacles such as planters and rugs must be removed to ensure easy access for wheelchair users. Tables can be replaced or modified to allow wheelchair users to sit comfortably without obstructions underneath. The counter height can be reduced, and it should be given the proper depth to improve visibility, facilitate interaction with staff, and allow wheelchair users to use it comfortably. The availability of standard-height chairs, in addition to high chairs, must also be ensured to improve comfort and accessibility for individuals with mobility limitations.The barriers in the restroom can be eliminated by implementing several key modifications. The sink should be lowered and have sufficient depth to allow comfortable access for wheelchair users. The water and soap dispensers should be motion-activated or placed at an accessible height to avoid the need for excessive reaching. The trash bin should be replaced with one that has a touch-free or hand-operated opening mechanism. In the toilet area, the space should be widened to allow proper maneuverability, and obstacles such as the trash bin and toilet paper dispenser should be relocated to prevent obstruction. Installing grab bars near the toilet is essential to provide necessary support and stability. In outdoor areas, accessible

seating can be added for those who cannot stand for long periods, and the uneven surface must be leveled to facilitate wheelchair mobility. Additionally, an alternative accessible route, such as an elevator or platform lift, must be installed to allow access to the rooftop, ensuring that all visitors can fully enjoy the establishment.

31.13.    Furthermore, the Municipality of San Juan has failed to enforce accessibility regulations and has unlawfully issued use permits that allow Raices Urbano to operate without ensuring accessibility. By authorizing a business that lacks an accessible route of entry and permitting conditions that obstruct access, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This failure to uphold accessibility standards reinforces her perception of discrimination, as she is systematically denied the ability to access and enjoy the establishment on equal terms with other customers.

### *Responsibility of Commonwealth of Puerto Rico; the Municipality of San Juan and Jama LLC - Sabrina*

32.    Mrs. Andreina Hidalgo recognizes that Sabrina delivers exceptional service, delicious food, and a pristine environment with a cozy, comfortable, and very relaxing atmosphere. She loves French toast, which is why she is eager to try it at Sabrina, where she knows they are absolutely delicious. Additionally, its location is very convenient for her, as it is only five minutes away by car and 2.1 km from her home. However, Mrs. Andreina feels discouraged from visiting Sabrina since December 2024, as she is aware of several architectural barriers that prevent her access. These obstacles make it difficult for her to enjoy the restaurant comfortably and independently, despite her enthusiasm for its cuisine. The barriers Mrs. Andreina is aware of are the following:

32.1.   Poor Condition of the Sidewalks: Mrs. Andreina Hidalgo is aware that the sidewalks near Sabrina are in poor condition, with cracks and uneven surfaces that make them difficult to navigate. The uneven pavement increases her risk of tripping or losing balance, forcing her to move slowly and exert extra effort to stay upright, which causes fatigue and discomfort. When using her power wheelchair, the damaged sidewalks make the ride bumpy and uncomfortable, causing jolts that add unnecessary strain to her muscles and increase the risk of the wheelchair getting stuck or losing traction. These barriers not only complicate her mobility but also restrict her access to public spaces, discouraging her from visiting the establishment.

32.1.1.   Since these sidewalks are part of the public infrastructure, they fall under the responsibility of the Commonwealth of Puerto Rico, which has failed to ensure their proper maintenance and compliance with accessibility standards. By neglecting to implement necessary repairs and allowing these hazardous conditions to persist, the Commonwealth has directly contributed to Mrs. Hidalgo's exclusion. This ongoing failure to maintain accessible pedestrian routes systematically denies her the ability to navigate the area safely and independently, further reinforcing her exclusion from public spaces and preventing her from accessing Sabrina like other customers.

32.2.   Damaged Access Ramp: Mrs. Andreina Hidalgo knows that the nearest access ramp is in poor condition, making it unsafe for her to use, and the municipality of San Juan is also aware of this barrier but has not taken any measures to address it.

Because she relies on her power wheelchair for longer distances, a damaged ramp poses a serious risk, as she needs a stable and smooth surface to ascend safely. The uneven or broken sections of the ramp create sudden jolts and instability, making it difficult to maneuver and increasing the risk of her wheelchair getting stuck or tipping. This not only requires excessive effort but also causes her discomfort due to the rigidity in her lower limbs. When using her walker, the poor condition of the ramp presents an additional challenge. Without a stable surface, she struggles to maintain balance, increasing her risk of tripping or falling. The uneven sections force her to move cautiously and exert more effort, leading to fatigue and discomfort. Since she depends on ramps to access places independently, these barriers make visiting Sabrina an unfeasible and discouraging experience.

32.2.1.   Since this ramp is part of the public infrastructure, it falls under the responsibility of the Commonwealth of Puerto Rico, which is required to ensure its proper maintenance and compliance with accessibility standards. However, the Commonwealth has failed to take corrective action, allowing the ramp to remain in a hazardous condition. This neglect has directly contributed to Mrs. Hidalgo's exclusion, as she is systematically denied a safe and accessible route to navigate the area independently. By failing to uphold accessibility regulations, the Commonwealth reinforces the barriers that prevent her from reaching Sabrina, further restricting her ability to access public spaces like other customers.

32.3. Step at the Entrance: Mrs. Andreina Hidalgo has noticed that the entrance to Sabrina has a step, which creates a significant barrier for her. Given her limited ability to lift her legs due to the high muscle tone in her lower limbs, stepping up is not an option without external support. When using her power wheelchair, the step creates an impassable obstacle, as the lack of a proper ramp prevents her from entering the establishment at all. The abrupt change in elevation can cause the wheelchair to tilt or get stuck, making any attempt to overcome the step unsafe. This situation makes it impossible for her to visit Sabrina independently, discouraging her from going.

32.4. Excessive Counter Height: Mrs. Andreina Hidalgo Hidalgo recognizes that the counter at Sabrina is excessively high, exceeding 36 inches in height, which makes it difficult for her to use comfortably. When using her power wheelchair, the elevated counter blocks her view of the available items and prevents her from making eye contact with the staff, which makes her feel disconnected from the interaction. The height of the counter also requires her to overextend her arm and shoulder muscles, causing discomfort and fatigue. This barrier turns what should be a simple task into a frustrating and impractical experience, discouraging her from dining at Sabrina.

32.5. Insufficient Counter Depth: In addition to its height, the counter at Sabrina is too shallow, further complicating Mrs. Hidalgo's ability to use the service area independently. When using her power wheelchair, the limited depth of the counter prevents her from positioning herself close enough to use it comfortably. The chair's footrests and base make it impossible to approach the counter fully, leaving

her at an awkward distance that requires her to stretch her arms uncomfortably to reach items or communicate with staff. This lack of accessible design makes the interaction physically exhausting and disheartening, ultimately discouraging her from visiting the establishment.

32.6.   Tables with Obstructions: Mrs. Andreina Hidalgo has observed that the tables at Sabrina have structural obstructions underneath, making them uncomfortable and hazardous for her. When using her power wheelchair, the obstructions block the space needed to position herself properly, preventing her from getting close enough to the table to eat or interact comfortably. As a result, she is forced to sit at an awkward distance, which requires her to extend her arms and strain her muscles to reach items on the table. This situation makes dining at Sabrina inconvenient and unpleasant, further discouraging her from visiting the establishment.

32.7.   The barriers on Sabrina could be eliminated by repairing the damaged sidewalks to create a smooth and even surface, allowing Mrs. Andreina Hidalgo to navigate safely with her walker or power wheelchair. The access ramp must be fixed to ensure stability and usability, providing a secure incline without cracks or obstructions. A permanent ramp should replace the step at the entrance, allowing seamless access without requiring assistance. The counter can be modified or a lower service area should be added, made deeper to accommodate individuals who cannot stand for long periods or use high stools. Tables must be redesigned or adjusted to remove obstructions underneath, ensuring enough space for a power wheelchair to fit comfortably. Implementing these changes allows Mrs. Hidalgo to

access and enjoy the establishment independently and without unnecessary difficulty.

32.8.    Furthermore, the Municipality of San Juan has failed to enforce accessibility regulations and has unlawfully issued use permits that allow Sabrina to operate in an inaccessible manner. By authorizing a business that lacks an accessible route of entry and permitting conditions that obstruct access, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This failure to uphold accessibility standards reinforces her perception of discrimination, as she is systematically denied the ability to access and enjoy the establishment on equal terms with other customers.

### *Responsibility of the Commonwealth of Puerto Rico; the Municipality of San Juan and Creative Food Concepts LLC- Egg Joint- Buya*

33.    Andreina Hidalgo Hidalgo is aware that Egg Joint - Buya  offers excellent American cuisine, with a very original concept. She is particularly interested in trying the chicken tender sandwich with bacon, which has caught her attention. The restaurant is a small but cozy space with excellent service. Additionally, it is very convenient for her, as it is only 2.1 km away from her home, just a 4-minute drive. However, Andreina Hidalgo Hidalgo has felt discouraged from visiting Egg Joint -Buya since December because she is aware of several architectural barriers that prevent her access. The barriers she knows about are the following:

33.1.    Deteriorated Sidewalk: Mrs. Andreina Hidalgo Hidalgo is aware of the condition of the sidewalk, whose uneven and damaged surface makes mobility difficult. Due to her spastic cerebral palsy, she requires stability when moving, and any cracks or holes in the ground pose a risk of tripping or getting her power

wheelchair wheels or her walker stuck. The lack of a smooth surface forces her to maneuver with extreme caution, increasing her physical effort and reducing her independence. This situation makes her feel unsafe and discouraged from visiting the place.

33.1.1.    Since this sidewalk is under the jurisdiction of the Commonwealth of Puerto Rico, it is their responsibility to maintain it and uphold accessibility regulations. However, the Commonwealth has neglected to implement the necessary repairs, leaving the sidewalk in a state of disrepair and creating hazardous conditions. This continued inaction has directly impacted Mrs. Hidalgo, as she is repeatedly prevented from navigating freely and reaching Egg Joint-Buya safely and independently.

33.2.    Cars Parked on the Sidewalk: Mrs. Andreina Hidalgo notices that vehicles parked on the sidewalk restrict pedestrian space. Since she uses a power wheelchair or a walker, these obstructions prevent her from moving forward without having to take detours, forcing her to find alternative routes that may not be safe or accessible. This barrier causes her discomfort and frustration, making her feel that her mobility is constantly limited.

33.2.1.    Since this sidewalk is located on Calle Loíza, both the Commonwealth of Puerto Rico and the Municipality of San Juan are responsible for ensuring accessibility and proper upkeep. However, they have failed to enforce regulations and prevent vehicles from parking unlawfully in this area, blocking the sidewalk, the ramp, and the access route to the establishment. This persistent disregard has made the public walkway impassable,

completely restricting Mrs. Hidalgo's ability to reach Egg Joint-Buya safely and independently.

33.3.    Traffic Signs and Poles Blocking the Sidewalk: Mrs. Andreina Hidalgo is aware that traffic signs and poles obstruct the sidewalk, creating obstacles in her path. Given her reliance on a power wheelchair for long distances, she must carefully maneuver around them, disrupting her movement and requiring extra effort to avoid collisions. The reduced space forces her to make frequent stops and adjustments, making her journey slow and exhausting. When using her walker for short distances, this barrier becomes even more challenging, as the rigidity and high muscle tone in her legs make it difficult for her to adjust her posture and change direction smoothly. Navigating around these obstacles requires significant physical exertion to maintain balance, increasing her risk of muscle fatigue or losing stability. Since her movements with the walker are slow and deliberate, having to stop and reposition herself repeatedly adds strain and frustration. This constant struggle discourages her from visiting the place, as she feels unsafe and restricted in her mobility.

33.3.1.    Because this sidewalk is located on Calle Loíza, both the Commonwealth of Puerto Rico and the Municipality of San Juan are responsible for ensuring accessibility and proper maintenance. However, they have failed to address the obstruction caused by traffic signs and poles, which narrow the sidewalk and create significant barriers for pedestrians with mobility disabilities. These obstacles severely limit the space available for Mrs. Hidalgo to maneuver her power wheelchair or use her walker safely,

forcing her to make constant adjustments and increasing her physical strain. This ongoing negligence has made the public sidewalk difficult to navigate and has significantly hindered Mrs. Hidalgo's ability to reach Egg Joint-Buya safely and independently.

33.4.    Deteriorated Ramp with Faded Paint: Mrs. Andreina Hidalgo Hidalgo notices that the deteriorated condition of the ramp makes it difficult for her to access safely. The worn-out surface reduces the traction of her power wheelchair's wheels, increasing the risk of slipping or unexpected blockages. Additionally, irregularities, cracks, or uneven sections on the ramp require her to exert extra effort to ascend, which intensifies her fatigue and makes mobility more challenging. This condition turns access into an uncomfortable and exhausting process for her, discouraging her from visiting the place.

33.4.1.    Since this ramp is under the jurisdiction of the Commonwealth of Puerto Rico, it is their responsibility to maintain it and uphold accessibility regulations. However, the Commonwealth has neglected to implement the necessary repairs, leaving the ramp in a deteriorated and hazardous state. This continued inaction has directly impacted Mrs. Hidalgo, as she is repeatedly prevented from moving freely and reaching Egg Joint-Buya safely and independently.

33.5.    Step at the Entrance: Mrs. Andreina is aware of the step at the entrance and faces significant difficulty navigating it due to her mobility limitations. When using her power wheelchair, the step acts as a physical barrier that completely blocks her access unless someone assists her in lifting or maneuvering the wheelchair, which

compromises her independence. If she attempts to use her walker, stepping up requires an immense amount of effort due to the muscle stiffness in her legs. She must carefully lift each foot while holding onto the walker for support, which is exhausting and increases her risk of losing balance and falling. The uncertainty and physical strain caused by this barrier make entering the place stressful and discouraging, leading her to avoid visiting altogether.

33.6.    Gray Counter Too High: Mrs. Hidalgo has noticed that the gray counter is too high, making it nearly impossible for her to use it comfortably. When seated in her power wheelchair, the height forces her to reach up with difficulty, causing strain in her arms and shoulders. This awkward positioning limits her ability to complete transactions, sign documents, or comfortably communicate with staff. If she stands with her walker, she faces additional challenges, as she must stretch while balancing herself, which requires excessive physical effort and increases the risk of losing stability. The inability to engage with the counter like other customers makes her feel excluded and frustrated, discouraging her from returning to the establishment.

33.7.    Gray Counter with Black Surface Too Shallow: Mrs. Hidalgo is aware that the gray counter with a black surface is too shallow, which significantly affects her ability to use it comfortably. When in her power wheelchair, she cannot position herself close enough to the counter because there is not enough depth to allow her knees to fit underneath. This forces her to extend her arms awkwardly forward, putting strain on her back and making it difficult to perform basic tasks like writing, handling money, or placing items on the surface. If she tries to use the

counter while standing with her walker, she must lean forward while maintaining her balance, which is extremely challenging given her muscle rigidity. The discomfort and inconvenience caused by this barrier make her hesitant to visit the location, as it creates unnecessary obstacles for her.

33.8. **Wooden Food Bar Too High:** Mrs. Hidalgo has observed that the wooden food bar is too high, preventing her from accessing items on the surface comfortably. When seated in her power wheelchair, she cannot reach the bar without lifting her arms to an uncomfortable height, which requires significant effort and leads to fatigue. If she stands with her walker, the problem worsens because she must stretch upward while maintaining her balance, making it difficult and unsafe for her to reach food or drinks. The excessive physical effort required just to use the food bar makes the experience frustrating and discouraging, leading her to avoid the establishment.

33.9. **Tables with Support Bar:** Mrs. Andreina Hidalgo Hidalgo recognizes that the tables with a support bar severely limit her ability to sit comfortably and use the space effectively. When using her power wheelchair, the support bar obstructs her from pulling up close to the table, forcing her to sit at an awkward distance where she struggles to reach her plate, utensils, or other items. This makes eating or working at the table physically uncomfortable and inconvenient. If she attempts to transfer to a regular chair, the support bar restricts her ability to maneuver her legs properly, making the process difficult and requiring additional assistance. The frustration of not being able to use the tables like other patrons discourages her

from visiting the establishment, as she knows it will be an uncomfortable and unpleasant experience.

33.10.    The barriers on Egg Joint - Buya could be eliminated by repairing the deteriorated sidewalks to create a smooth and even surface that allows safe mobility. Illegally parked cars on the sidewalk should be removed, and enforcement measures must be applied to prevent obstruction. Traffic signs and poles located on the sidewalk should be relocated to areas that do not interfere with movement, ensuring clear and unobstructed pathways. The damaged ramp must be repaired or replaced with a properly sloped and stable surface to provide safe and independent access. The step at the entrance should be removed or replaced with a properly designed ramp to allow smooth entry. The gray counter and the wooden food bar must be lowered to a height that allows comfortable access from both a seated and standing position. The shallow gray counter should be replaced with a deeper surface to allow enough space for comfortable use. The tables with support bars should be redesigned or replaced with tables that allow full clearance underneath, ensuring accessibility. These measures must be implemented to eliminate obstacles and provide unrestricted mobility throughout the area.

33.11.    Likewise, the Municipality of San Juan has failed to enforce accessibility regulations and has unlawfully issued use permits allowing Egg Joint - Buya to operate without ensuring accessible conditions. By authorizing a business that lacks an adequate route of entry and permitting obstacles that hinder access, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This failure to uphold accessibility standards reinforces her perception of discrimination, as she

is systematically denied the ability to access and enjoy the establishment on equal terms with other customers.

### *Responsibility of the Commonwealth of Puerto Rico; Municipality of San Juan and La Cueva del Mar , Inc. - La Cueva del Mar*

34.     She enjoys seafood, so Andreina Hidalgo Hidalgo intends to visit La Cueva del Mar. This seafood restaurant offers an exceptional culinary experience. She has heard that the mofongo de pollo a la criolla is delicious, but its standout dish is the avocado stuffed with octopus salad, served with breadfruit tostones. Additionally, the restaurant is known for its excellent service, with very kind, patient, and attentive servers who create a welcoming atmosphere. La Cueva del Mar is also a convenient option for her, as it is only 2.3 km from her home, just a 5-minute drive away. However, Andreina Hidalgo Hidalgo has felt discouraged from visiting because she is aware of several architectural barriers that prevent her access, which she has known about since January. The barriers she knows about are the following:

34.1.     Parked Cars on the Sidewalk: Mrs. Andreina Hidalgo Hidalgo is aware that parked cars on the sidewalk create a significant obstacle for her mobility. When cars occupy the pedestrian path, she cannot navigate the area using her power wheelchair, as there is insufficient space to pass safely. If she attempts to use her walker, she faces even greater difficulty, as she must maneuver around the vehicles while maintaining her balance, which requires excessive effort and increases her risk of falling. This situation forces her to seek alternate routes, often requiring more physical strain and time, making it an exhausting and frustrating experience. The presence of parked cars on the sidewalk discourages her from visiting the area, as it compromises her independence and safety.

34.1.1.    Since this sidewalk is located on Calle Loíza, it falls under the jurisdiction of both the Commonwealth of Puerto Rico and the Municipality of San Juan, which have failed to enforce accessibility regulations and prevent illegal parking. Both have allowed vehicles to occupy the pedestrian path, creating a barrier that obstructs the access route to La Casa del Mar. This negligence has forced Mrs. Hidalgo to either maneuver dangerously around parked cars or seek alternative routes, both of which require significant physical effort. The obstruction has made it impossible for her to reach the establishment safely and independently, discouraging her from visiting the area.

34.2.    Deteriorated Sidewalks: Mrs. Andreina Hidalgo recognizes that the poor condition of the sidewalks negatively impacts her ability to move freely. Cracks, uneven surfaces, and missing pavement sections make it extremely difficult for her to use her walker, as she must carefully place each step to avoid tripping or losing balance. When she uses her power wheelchair, the instability of the ground causes discomfort and jarring movements that can lead to muscle spasms and increased stiffness in her legs. Navigating these deteriorated sidewalks requires constant caution, making every movement slow and exhausting. The challenges presented by the damaged pavement make her reluctant to visit the area, as it adds unnecessary strain to her mobility.

34.2.1.    Because this sidewalk is within Calle Loíza, the responsibility for its upkeep lies with both the Commonwealth of Puerto Rico and the Municipality of San Juan, both of which have neglected to ensure proper

maintenance. The cracked and uneven pavement makes it difficult for Mrs. Hidalgo to use her walker, as she must carefully place each step to avoid tripping, which requires intense concentration and effort. When using her power wheelchair, the unstable surface causes jarring movements that increase muscle stiffness and discomfort. This ongoing failure to repair the sidewalks has made it extremely challenging for her to reach La Casa del Mar without unnecessary strain, ultimately discouraging her from attempting the trip.

34.3.   Damaged Ramp: Mrs. Hidalgo is familiar with the issues caused by the deteriorated ramp, which significantly hinders her access. When using her power wheelchair, cracks, steep angles, or missing sections on the ramp make it unsafe to ascend or descend, as the instability can cause sudden jolts that affect her posture and balance. If she attempts to use the ramp with her walker, she must exert tremendous effort to stabilize herself, increasing her muscle strain and fatigue. Instead of facilitating movement, the damaged ramp becomes another obstacle, forcing her to look for alternative paths or rely on assistance, which reduces her independence. These difficulties make her hesitant to visit the location, as she cannot rely on the ramp for safe and accessible passage.

34.3.1.   Since this ramp is part of the infrastructure on Calle Loíza, it is the shared responsibility of the Commonwealth of Puerto Rico and the Municipality of San Juan to ensure its proper maintenance. However, both have neglected their duty, allowing the ramp to remain in poor condition. The cracks and uneven surface make it unsafe for Mrs. Hidalgo to ascend or

descend in her power wheelchair, as sudden jolts could affect her posture and stability. When using her walker, she must exert excessive effort to maintain balance, leading to increased muscle strain. This ongoing inaccessibility prevents her from safely reaching La Casa del Mar, making her hesitant to visit the establishment.

34.4.   Metal Pole Blocking the Sidewalk: Mrs. Andreina Hidalgo Hidalgo has encountered the metal pole obstructing the sidewalk and understands how it disrupts her mobility. The narrow passage created by this barrier prevents her from passing through in her power wheelchair, forcing her to turn back or find an alternative route, which is often inconvenient and physically demanding. If she is using her walker, she must navigate around the obstacle while maintaining her balance, a task that requires intense concentration and effort due to her limited range of motion. The metal pole acts as an unnecessary hindrance that makes her journey more complicated and exhausting, ultimately discouraging her from visiting the area.

34.4.1.   As this obstruction is located on Calle Loíza, the Commonwealth of Puerto Rico and the Municipality of San Juan are responsible for ensuring a clear and accessible pedestrian path. However, both have failed to address the presence of a metal pole blocking the sidewalk, creating a physical barrier that Mrs. Hidalgo cannot bypass in her power wheelchair. If using her walker, she must carefully navigate around the obstruction, which requires significant effort and increases her risk of losing balance. This unnecessary obstacle forces her to take alternative routes or abandon

the attempt altogether, preventing her from reaching La Casa del Mar safely and independently.

34.5.   Entrance Mat: Mrs. Hidalgo finds that the entrance mat creates an unstable and difficult surface to cross. When using her walker, the fabric bunches up under the walker's front wheels, making it hard to push forward. She must lift the walker slightly to continue moving, which is physically exhausting and increases the risk of losing her balance. If she is in her power wheelchair, the mat's texture adds resistance, making it harder to move forward smoothly. The wheels may catch on the edge, causing sudden jerks that make it harder for her to control her movement. Because of these obstacles, she feels discouraged from visiting.

34.6.   Heavy Door: Mrs. Andreina Hidalgo experiences significant difficulty with the heavy entrance door. When using her walker, she needs both hands to maintain stability, leaving her unable to push or pull the door with enough force. If she attempts to open it, she risks losing her balance and falling. When in her power wheelchair, the resistance of the door makes it difficult to open while maneuvering forward. She must apply excessive force while also controlling her chair, making entry exhausting and frustrating. Because she cannot enter independently, she feels discouraged from visiting the place.

34.7.   Table Arrangement Hindering Circulation: Mrs. Hidalgo struggles with the tight arrangement of tables, which severely limits her ability to move around. When using her power wheelchair, the narrow spaces between tables force her to make precise movements, increasing the risk of hitting furniture. If there isn't enough room, she has to reverse and reposition, which is time-consuming and frustrating.

When using her walker, the limited space makes it difficult to take steady steps, requiring her to constantly adjust her path to avoid bumping into tables. Because of these difficulties, she feels discouraged from staying at the establishment.

34.8.    Counter Too High to Use as a Bar: Mrs. Andreina Hidalgo realizes that the brown counter is too high for her to use comfortably. While in her power wheelchair, she cannot reach the surface properly, forcing her to strain her arms when trying to interact with staff or place items on the counter. The height difference makes her feel disconnected from the service area. When using her walker, she has to stretch to reach the counter, making it difficult to maintain balance and increasing the risk of muscle strain. Because she cannot use the counter, she feels discouraged from coming to the place.

34.9.    Shallow Counter Making It Hard to Approach: Mrs. Hidalgo notices that the shallow counter prevents her from getting close enough to use it properly. When in her power wheelchair, the lack of space beneath the counter prevents her from pulling in, forcing her to extend her arms uncomfortably to reach it. This awkward positioning causes muscle strain and makes using the counter impractical. When using her walker, the limited legroom forces her to stand farther back than necessary, requiring her to lean forward, which makes it harder to balance. Because of this discomfort, she feels discouraged from visiting.

34.10.    High Bar Stools: Mrs. Andreina Hidalgo finds that the bar stools are far too high for her to use. When in her power wheelchair, the height makes it impossible for her to transfer onto them. When using her walker, the effort required to climb onto such a tall seat is beyond her physical ability, as lifting her legs that high causes

muscle stiffness and fatigue. Without seating options that accommodate her, she is unable to enjoy the space. Because of this, she feels discouraged from visiting the establishment.

34.11. Tables with Support Bars Below: Mrs. Hidalgo notices that tables with support bars underneath prevent her from sitting comfortably. When in her power wheelchair, the bar blocks her from pulling in close, forcing her to remain at an awkward distance where she cannot comfortably reach the tabletop. This makes dining or working at the table frustrating. When using her walker and sitting in a chair, the bar prevents her from adjusting her legs freely, forcing her into an uncomfortable position that increases muscle tightness. Because she cannot sit comfortably, she feels discouraged from going.

34.12. The barriers at La Casa del Mar could be eliminated by ensuring that cars do not park on the sidewalk, keeping pathways clear for safe passage. The deteriorated sidewalks and damaged ramp should be repaired to provide a smooth, stable surface for movement. The vertical metal bar obstructing the sidewalk should be removed or relocated to prevent blocking access. The entrance mat should be replaced with a low-profile, slip-resistant alternative that does not bunch up or create resistance. The heavy entrance door should be adjusted or replaced with an automatic or lighter door to facilitate independent entry. The table layout must be rearranged to allow sufficient space for easy navigation. The café counter should be lowered or have an accessible section at a suitable height to allow comfortable use. The shallow counter must be redesigned with enough space underneath for approachability. The high bar stools should be replaced with seating options at a

more accessible height. Tables with obstructive support bars must be modified or replaced to allow comfortable seating. These adjustments can significantly improve accessibility and ensure that barriers no longer prevent entry, movement, and enjoyment of the establishment.

34.13.    Furthermore, the Municipality of San Juan has failed to enforce accessibility regulations and has improperly granted use permits that enable La Cueva del Mar to operate without ensuring adequate access. By allowing a business to function without an accessible entry route and permitting barriers that obstruct mobility, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This continued failure to uphold accessibility standards strengthens her perception of discrimination, as she is repeatedly denied the opportunity to access and enjoy the establishment on equal footing with other customers.

### *Responsibility of the Commonwealth of Puerto Rico; Municipality of San Juan and O & R LLC - La Pachanga*

35.    Mrs. Andreina Hidalgo Hidalgo has a great appreciation for Mexican cuisine and intends to visit La Pachanga. She knows that La Pachanga is a Mexican restaurant with a lively and festive atmosphere, where the colorful décor and vibrant setting invite guests to celebrate and sing rancheras. The restaurant is known for its excellent service, with attentive and dedicated staff. Mrs. Andreina is especially excited to try the tacos, one of her favorite dishes. Additionally, La Pachanga is conveniently located just 2.4 km from her home, only a 6-minute drive away. However, she has felt discouraged from visiting since December because she is aware of several architectural barriers that prevent her access. The barriers she knows about are the following:

35.1. Deteriorated Sidewalk: Mrs. Andreina Hidalgo Hidalgo is aware that the deteriorated condition of the sidewalk makes mobility challenging. The uneven surface, including cracks and irregularities, makes navigating in her power wheelchair unstable, forcing her to slow down and constantly adjust her movements to avoid getting stuck or losing balance. When using her walker, these surface inconsistencies require extra physical effort to maintain stability, increasing her fatigue and the risk of falling. This barrier turns her journey into an exhausting challenge, discouraging her from visiting La Pachanga.

35.1.1. Since this sidewalk is managed by the Commonwealth of Puerto Rico and the Municipality of San Juan, it is their responsibility to ensure its upkeep and adherence to accessibility regulations. However, the lack of necessary repairs has left the sidewalk in poor and hazardous condition. The uneven and damaged surface makes mobility difficult and unsafe for Mrs. Hidalgo, forcing her to exert extra effort to navigate in her power wheelchair and increasing the risk of sudden stops or instability. As a result, this negligence has severely limited her ability to move freely and reach La Pachanga safely and independently.

35.2. Cars Parked on the Sidewalk: Mrs. Andreina Hidalgo Hidalgo notices that vehicles parked on the sidewalk completely obstruct her path, preventing her from moving independently. In her power wheelchair, she is forced to deviate onto the street, exposing herself to unsafe conditions and making her journey significantly more difficult. When using her walker, maneuvering around these obstacles is even more complicated, as she must exert extra effort to find a clear space where

she can move safely without the risk of falling. This situation directly affects her independence and security, discouraging her from visiting La Pachanga.

35.2.1. Because the Commonwealth of Puerto Rico and the Municipality of San Juan are responsible for enforcing parking and accessibility regulations, they should prevent vehicles from obstructing pedestrian pathways. However, the authorities have failed to take action, allowing cars to remain illegally parked on the sidewalk. This obstruction forces Mrs. Hidalgo to find alternate routes or, in some cases, move onto the street, exposing her to unsafe conditions. Navigating around these barriers in her power wheelchair is challenging and requires additional effort, making her trip to La Pachanga inconvenient and discouraging.

35.3. Damaged Ramp: Mrs. Andreina Hidalgo Hidalgo observes that the damaged ramp presents a significant barrier to her access. The worn-out surface reduces the traction of her power wheelchair's wheels, increasing the likelihood of slipping or getting stuck unexpectedly. Any cracks or uneven sections on the ramp require additional effort to ascend, intensifying her fatigue and making access uncomfortable. When using her walker, the lack of stability on the ramp makes it even more difficult for her to maintain balance, making the process of going up or down even more challenging. This barrier discourages her from visiting La Pachanga.

35.3.1. Maintaining safe and accessible infrastructure falls under the responsibility of the Commonwealth of Puerto Rico and the Municipality of San Juan, yet the ramp leading to La Pachanga remains in a deteriorated

state due to continued neglect. The uneven surface and worn-out paint reduce traction, making it difficult for Mrs. Hidalgo to ascend safely in her power wheelchair. Cracks and irregularities require extra effort to navigate, increasing her fatigue and making the process stressful and uncomfortable. This ongoing lack of maintenance creates an unnecessary barrier, discouraging her from visiting La Pachanga independently.

35.4.    Step at the Entrance: Mrs. Andreina Hidalgo Hidalgo finds the step at the entrance to be an immediate barrier that prevents her from entering independently. With her walker, she is unable to lift her legs high enough due to the stiffness in her lower limbs, and attempting to do so puts her at risk of losing balance. She must rely on someone to help her step up, making the experience frustrating and limiting her independence. When she is in her power wheelchair, the step completely blocks her access unless a ramp is available. The need for assistance or alternative routes makes her feel excluded and discouraged from visiting.

35.5.    Entrance Rug: Mrs. Andreina Hidalgo struggles with the entrance rug because it interferes with her mobility. When she uses her walker, the uneven or thick surface makes it harder for her to slide her feet forward, forcing her to lift them more than usual, which is difficult due to her limited range of motion. The sudden change in surface also affects her stability, increasing the risk of muscle spasms. When using her power wheelchair, the rug can create resistance, making it harder to push forward smoothly. If the edges of the rug curl up or shift, they pose an additional risk of getting caught under her wheels, making entry into the place unnecessarily difficult and discouraging. This situation discourages her from

visiting the place.This limitation makes the experience so difficult that she has no desire to go.

35.6.    Tall, Colorful Counter with Ceramic Surface: Mrs. Hidalgo is unable to use the tall counter effectively due to its excessive height. When standing with her walker, she cannot reach it comfortably because her limited range of motion prevents her from extending her arms far enough. Leaning forward is difficult, as it compromises her already fragile balance. When in her power wheelchair, the counter is completely out of reach, preventing her from using it altogether. This forces her to rely on others to interact with the counter, making her feel dependent and unwelcome in the space. As a result, she feels dissuaded from visiting.

35.7.    Shallow Counter: Mrs. Andreina Hidalgo Hidalgo finds the shallow counter problematic because it does not allow her to position herself properly when using her power wheelchair. The lack of depth prevents her from bringing her wheelchair close enough, forcing her to lean forward awkwardly, which is difficult due to her limited range of motion and muscle stiffness. The discomfort of stretching to reach the surface makes using the counter an exhausting task rather than a convenience. This frustration discourages her from engaging with the space. This situation leaves her feeling unmotivated to visit.

35.8.    Tall, Colorful Bar Stools: Mrs. Andreina Hidalgo cannot use the tall bar stools, which makes the bar area inaccessible to her. If she attempts to sit while using her walker, she struggles to climb onto the stool because her limited lower-body mobility prevents her from lifting her legs high enough. Even if she manages to sit, getting back down safely is a challenge that requires assistance. This exclusion

from the seating area makes her feel out of place and discouraged from staying.She finds this issue so frustrating that it discourages her from going.

35.9.    Table with Bar Underneath: Mrs. Hidalgo finds the table with a bar underneath restrictive because it prevents her from positioning her wheelchair close enough to sit comfortably. The bar blocks her legs, forcing her to sit at an awkward angle, which strains her back and makes it difficult to reach the table properly.. This lack of legroom makes dining or using the table uncomfortable and frustrating, reducing her willingness to spend time there. This makes her feel unwelcome, which dissuades her from going.

35.10.    Table Layout Blocking Pathways: Mrs. Andreina Hidalgo Hidalgo knows about the significant difficulty navigating the space due to the way the tables are arranged. When using her walker, the narrow gaps require her to take careful, calculated steps, which slows her down and increases muscle stiffness. If she needs to stop and adjust her position frequently, it adds to her fatigue and makes movement frustrating. When using her power wheelchair, the blocked pathways make it nearly impossible to move freely. The struggle to navigate the space makes her feel restricted and unmotivated to visit.

35.11.    The barriers on La Pachanga could be eliminated by repairing the damaged sidewalk to create a smooth, even surface that allows for stable movement. Cars parked on the sidewalk must be removed to ensure an unobstructed path. The ramp should be fixed or replaced to provide a stable, even incline. The step at the entrance can be eliminated by installing a properly constructed ramp. The entrance rug should be removed or secured to prevent it from shifting or creating

resistance. The tall, colorful counter should be lowered or an accessible section should be added to allow easy reach. The shallow counter must be adjusted to provide enough depth for comfortable use. The bar stools should be replaced with lower seating options to make the bar area usable. The table with a bar underneath should be modified or replaced to allow enough legroom. The table layout must be reorganized to create clear, wide pathways that ensure smooth movement.

35.12.    Furthermore, the Municipality of San Juan has failed to enforce accessibility regulations and has unlawfully granted use permits that allow La Pachanga to operate without providing adequate access. By permitting a business that lacks an accessible entry route and allowing barriers that impede mobility, the Municipality has directly contributed to Mrs. Hidalgo's exclusion. This ongoing disregard for accessibility standards reinforces her perception of discrimination, as she is continually denied the ability to access and enjoy the establishment.

### _Responsibility of the Commonwealth of Puerto Rico; Municipality of San Juan and Mere Pescao Corp. - Burger & Mayo Lab_

36.    Mrs. Andreina Hidalgo has been eager to visit Burger & Mayo Lab, renowned for its fresh, hearty, and unforgettable dishes since its establishment in 2017. The restaurant's signature Fish Tacos, featuring spicy crab, bacon, and avocado, have particularly piqued her interest due to their exceptional flavor profile. Additionally, their classic house drink, "La Fórmula," has received praise for its unique taste. Given the restaurant's convenient location near her residence, Mrs. Hidalgo had every intention of dining there to experience these acclaimed offerings firsthand. However, since November 2024, she has

been aware of several architectural barriers that hinder accessibility to the establishment, including the following:

36.1.    Sidewalk Seating Blocking Pedestrian Pathways. Mrs. Andreina Hidalgo Hidalgo knows that tables and chairs are placed on the sidewalk outside the restaurant, obstructing pedestrian passage. Because she requires a walker or wheelchair to move safely, she is unable to navigate through the narrow space left available. This obstruction forces her to either find an alternate route or avoid the area completely, further limiting her ability to access the restaurant.

36.1.1.    Moreover, since public sidewalks fall under the jurisdiction of the Commonwealth of Puerto Rico, it is the government's responsibility to ensure that these spaces remain accessible and free of barriers for people with disabilities. The failure to enforce these accessibility standards has made it impossible for Mrs. Hidalgo to reach the restaurant safely and independently. As a result, she feels discouraged from attempting to visit Burger & Mayo Lab, knowing that the sidewalk remains blocked and inaccessible due to both the restaurant's setup and the lack of governmental oversight.

36.2.    Damaged and Deteriorated Sidewalk Ramps. Mrs. Andreina Hidalgo Hidalgo has knowledge that the ramps on both the left and right sides of the restaurant's sidewalk are cracked and worn down, creating an unsafe surface for wheelchair users. Due to her condition, she requires a smooth and stable pathway to safely transition from the street to the sidewalk. The poor condition of these ramps increases the risk of instability and prevents her from reaching the entrance safely.

36.2.1.    Additionally, since these ramps are part of the public sidewalk, their maintenance and accessibility fall under the responsibility of the Commonwealth of Puerto Rico, which has neglected to ensure their proper upkeep. The government's failure to address these hazardous conditions has rendered the ramps unsafe and inaccessible, directly impacting Mrs. Hidalgo's ability to navigate the area. As a result, she is effectively excluded from reaching the restaurant safely and independently, reinforcing her discouragement from attempting to visit Burger & Mayo Lab.

36.3.    Obstructed and Inaccessible Sidewalks Due to Parked Vehicles. Mrs. Andreina Hidalgo Hidalgo is aware that vehicles frequently park in front of Burger & Mayo Lab, further obstructing the already inaccessible sidewalk and ramps. Because she relies on a power wheelchair for mobility, she needs a clear and unobstructed path to enter the establishment. The presence of parked cars in an area that is already difficult to navigate makes access to the restaurant virtually impossible for her.

36.3.1.    In the same vein, since the regulation and enforcement of accessible public pathways fall under the jurisdiction of the Commonwealth of Puerto Rico, its failure to prevent vehicles from obstructing the sidewalk and ramps has directly contributed to the inaccessibility of the area. The government's lack of oversight has allowed these barriers to persist, making it impossible for Mrs. Hidalgo to reach the restaurant safely and independently. As a result, she remains discouraged from attempting to visit Burger & Mayo Lab, knowing that the sidewalk remains blocked and

inaccessible due to both improper parking and inadequate governmental enforcement.

36.4.   Limited Space Between Tables. Mrs. Andreina Hidalgo Hidalgo is aware that the tables at Burger & Mayo Lab are placed too closely together, preventing her from positioning her walker properly when attempting to sit. Due to her mobility limitations, she requires sufficient space to maneuver her walker safely before transitioning to a chair. The lack of adequate spacing forces her into an uncomfortable and unsafe situation, making it nearly impossible for her to access seating independently.

36.5.   Lack of Wheelchair-Accessible Tables. Mrs. Andreina Hidalgo Hidalgo knows that Burger & Mayo Lab does not provide at least one properly designated wheelchair-accessible table. Because she uses a power wheelchair for longer distances, she requires a table with sufficient clearance to allow her to roll underneath it comfortably. However, the restaurant fails to accommodate this need, leaving her without an appropriate seating option and preventing her from dining in the establishment like other customers.

36.6.   Excessively High Payment and Bar Counter. Mrs. Andreina Hidalgo Hidalgo has knowledge that the payment and bar counter at Burger & Mayo Lab are excessively high, making them completely inaccessible for her when using her wheelchair. Additionally, bar stools are positioned in front of the counter, further obstructing access. Given her limited reach due to her condition, she is unable to comfortably place an order, receive her food, or interact with staff at the same level as other patrons.

36.7.    Obstructed Aisles and High Fixed Seating. Mrs. Andreina Hidalgo Hidalgo is aware that the restaurant's layout includes seating arrangements that obstruct movement through the aisles. The combination of fixed high-top stools, closely spaced tables, and additional seating placed near the bar area makes it impossible for her to navigate with her walker or wheelchair. The high stools, which have a single central support pole, are completely unusable for her due to her mobility impairments, leaving her with no suitable seating option.

36.8.    Tables With Central Support Pole Preventing Knee Clearance. Mrs. Andreina Hidalgo Hidalgo knows that the tables inside the restaurant have a central support pole with extended legs, preventing adequate knee clearance for a wheelchair user. Because of this design, she is unable to position her power wheelchair close enough to comfortably reach the table. This lack of accessibility directly excludes her from enjoying a proper dining experience at the establishment.

36.9.    Inaccessible Balcony Seating. Mrs. Andreina Hidalgo Hidalgo is aware that the balcony area at the entrance of Burger & Mayo Lab, which is furnished with seating for customers, is completely inaccessible due to the absence of a ramp and the narrow space available for movement. Because she relies on her power wheelchair for mobility over longer distances, the lack of an accessible route prevents her from using this section of the restaurant entirely.

36.10.   To ensure full accessibility at Burger & Mayo Lab, several modifications must be implemented. The restaurant should rearrange its seating layout to provide adequate space between tables, allowing individuals using walkers or wheelchairs to navigate comfortably. At least one properly designated wheelchair-accessible

table must be installed with sufficient knee clearance. The excessively high payment and bar counter should be lowered or include a designated accessible section. High fixed stools obstructing aisles and counters should be removed or repositioned to ensure clear pathways. The entrance balcony must be made accessible with a properly constructed ramp, and sidewalk seating should be arranged without obstructing pedestrian traffic. Additionally, the cracked and deteriorated sidewalk ramps must be repaired to provide a stable and safe transition, and vehicles must be prevented from parking in a way that blocks sidewalk access.

36.11.  Burger & Mayo Lab's failure to comply with accessibility regulations has been exacerbated by the Municipality's neglect in enforcing disability access standards, directly impacting Mrs. Hidalgo. By allowing the restaurant to operate without an accessible entrance and disregarding the presence of barriers that prevent her access, the Municipality has played a role in reinforcing her exclusion. The issuance of permits without ensuring compliance with accessibility laws has legitimized a setting where Mrs. Hidalgo is systematically denied equal access. This ongoing failure to act has only deepened her sense of being treated unfairly and excluded from full participation in her community.

### *Responsibility of the Commonwealth of Puerto Rico; Municipality of San Juan and Restaurante Freddy Los Pinos 2 LLC- Restaurante Freddy Los Pinos 2*

37.  Mrs. Andreina Hidalgo Hidalgo has long wanted to experience Freddy Los Pinos 2, a San Juan eatery celebrated for its authentic Puerto Rican comfort food, including its highly praised pernil asado (slow-roasted pork) and mofongo relleno (stuffed plantain mash), dishes renowned for their bold flavors and traditional preparation. The restaurant's

vibrant atmosphere and dedication to fresh, locally sourced ingredients, highlighted in reviews for specialties like tostones con mojo de ajo (fried plantains with garlic sauce), have made it a culinary destination she is eager to explore. Located near her residence in Santurce, the restaurant's convenient proximity adds to her desire to dine there regularly. However, since November 2024, Mrs. Hidalgo has been aware of the following architectural barriers that prevent her from navigating the space safely while using her walker or power wheelchair:

37.1. Deteriorated Sidewalk from Parking Lot to Entrance. Additionally, Mrs. Hidalgo is aware that the sidewalk leading from the parking lot to the restaurant's main entrance is filled with potholes, trash, and overgrown vegetation. These conditions make it incredibly difficult for her to navigate safely with her walker, as she must carefully avoid hazards that could cause her to trip. When using her wheelchair, the uneven surface and debris create significant obstacles that hinder her ability to move forward, forcing her to seek an alternative and possibly unsafe path.

37.1.1. This sidewalk, as part of public infrastructure, is under the jurisdiction of the Commonwealth of Puerto Rico. The government's failure to maintain this essential pedestrian route directly limits Mrs. Hidalgo's ability to access the restaurant safely. By allowing the sidewalk to deteriorate with potholes, debris, and overgrown vegetation, the Commonwealth has failed to uphold its responsibility to provide an accessible and hazard-free path for her.

37.2.    Overgrown Vegetation on Access Ramp Moreover, she has also noticed that the access ramp at the corner of the sidewalk is surrounded by overgrown vegetation. This creates an obstruction that makes it difficult for her to safely position herself when using her walker, as she must maneuver around the plants to find a stable footing. In her wheelchair, the vegetation further restricts her access, potentially forcing her to navigate in unsafe ways or seek assistance just to enter the establishment.

   37.2.1.    The maintenance of this ramp falls under the responsibility of the Commonwealth of Puerto Rico. The government's neglect in ensuring its upkeep has led to an environment where individuals with mobility impairments are denied safe passage. By failing to address the overgrown vegetation and maintain a clear pathway, the Commonwealth has contributed to the inaccessibility of this public infrastructure, reinforcing the exclusion of Mrs. Hidalgo.

37.3.    Alternative access Ramp in Poor Condition Furthermore, Mrs. Hidalgo is aware that the alternative access ramp leading from the roadway directly to the restaurant's platform is severely worn and has a noticeable level difference between the street and the ramp. Because she uses a walker for short distances, the uneven surface forces her to exert significant effort to stabilize herself, increasing the risk of muscle strain and loss of balance. When using her wheelchair, the transition from the road to the ramp is extremely rough, making it difficult for her to maneuver safely without the risk of getting stuck or tipping over.

37.3.1. This ramp, as part of public infrastructure, is also under the jurisdiction of the Commonwealth of Puerto Rico. The government's failure to maintain this crucial accessibility feature directly limits the ability of individuals with disabilities to access public and commercial spaces. By allowing the ramp to deteriorate, the Commonwealth has failed to uphold its responsibility to provide an accessible and safe environment for all residents.

37.4. Deteriorated and Obstructed Front Sidewalk. Additionally, Mrs. Hidalgo also knows that the sidewalk in front of the restaurant is in poor condition, with cracks, uneven surfaces, and a narrow width. Additionally, the restaurant's business sign and trash cans obstruct a corner of the path, completely blocking access. Since she relies on a walker for short distances, these irregularities make it challenging for her to maintain balance and require her to navigate cautiously to avoid tripping. In her wheelchair, the obstacles create an impassable barrier, preventing her from moving independently and forcing her to seek alternative, potentially unsafe routes.

37.4.1. The poor condition of this sidewalk is another example of government inaction. As a publicly maintained walkway, it is the responsibility of the Commonwealth of Puerto Rico to ensure its accessibility. The failure to repair surface defects and enforce the removal of obstructions has left Mrs. Hidalgo without a safe route, further limiting her ability to access businesses and other essential services.

37.5.    Lack of Designated Accessible Parking and Route from Parking Lot Firstly, Mrs. Andreina Hidalgo Hidalgo has observed that the restaurant's exclusive parking lot does not have a designated accessible space. Moreover, there appears to be no accessible route from the parking lot to the restaurant entrance. To exit the parking lot, she would need to go through the same pathway used by cars, which is extremely unsafe. The pathway to exit the parking lot is also in poor condition, with a worn surface and a metal track from the gate that creates an additional barrier. When using her walker, these conditions make it difficult for her to maintain stability. In her wheelchair, the rough and uneven surfaces make independent movement nearly impossible.

37.6.    High and Obstructed Bar Counter. Once inside the restaurant, she is aware that the bar counter is too high and further obstructed by tall stools. Since she cannot stand unsupported and relies on a walker for short distances, she is unable to reach the counter comfortably. When using her wheelchair, the excessive height completely prevents her from accessing the bar, making it impossible for her to order or enjoy a meal independently.

37.7.    Inaccessible Payment Area. Furthermore, Mrs. Hidalgo has observed that the payment area is located at the same bar counter, which lacks an accessible section and is also blocked by the high stools. Because of her condition, she cannot reach the counter to process a payment while standing with her walker, as doing so requires excessive effort and balance control. When in her wheelchair, the counter remains entirely out of reach, making it impossible for her to complete a transaction without assistance.

37.8.    Central Support Tables with Protruding Legs. Similarly, Mrs. Hidalgo is aware that the restaurant's tables have a central support with legs extending outward. When using her walker, these protruding legs become hazardous obstacles, increasing her risk of tripping as she tries to navigate between tables. In her wheelchair, the table design prevents her from positioning herself comfortably underneath, making it difficult for her to sit and enjoy a meal without straining to reach the tabletop.

37.9.    Steps Between the Bar, Dining Areas and Restrooms. Mrs, Hidalgo has noticed that there is a high step between the bar and dining area leading to the restrooms, as well as a second step between the bar and a second dining area.  Due to her cerebral palsy, stepping onto elevated surfaces is extremely difficult and requires assistance. When using her walker, she must exert excessive effort to climb the step, which is physically exhausting and significantly increases her risk of falling. When using her wheelchair, these steps create complete barriers, preventing her from reaching both the restrooms and the second dining area without external assistance. The inaccessibility of these spaces further limits her ability to fully experience the restaurant as other patrons do.

37.10.    Narrow Entrance to the Bathrooms. Even if it were possible for Mrs. Hidalgo to navigate the step leading to the bathrooms, she has observed that the entrance to the restrooms is too narrow for her to move through comfortably. Due to her cerebral palsy, maneuvering through tight spaces is particularly challenging, especially when using her walker or wheelchair. The restricted width forces her to carefully angle and reposition herself, making it difficult and time-consuming to

enter. When in her wheelchair, the lack of sufficient clearance can completely prevent her from accessing the restrooms independently, forcing her to seek assistance for a basic necessity that should be easily accessible.

37.11.    Lack of Signage in the Bathrooms. Finally, Mrs. Hidalgo has noticed that the restrooms lack proper signage indicating accessibility features. Without clear and visible markings, she is unable to determine if the facilities meet her needs before entering. This uncertainty creates unnecessary difficulty, as she must physically enter and assess the space, which is especially challenging given the narrow entrance. The absence of appropriate signage not only adds to her frustration but also reflects a disregard for her needs, making an already inaccessible environment even more difficult to navigate.

37.12.    To ensure accessibility, the restaurant must designate at least one accessible parking space with proper signage and a safe, clearly marked route from the parking lot to the entrance. The deteriorated sidewalks must be repaired, leveled, and widened, with all obstructions, including business signs and trash cans, removed. The overgrown vegetation on the access ramp should be cleared, and the alternative ramp must be resurfaced to remove level differences and provide a smooth transition from the roadway. Inside, an accessible section of the bar counter should be installed at a compliant height, and high stools blocking the payment area must be repositioned. Tables should be replaced with models that allow wheelchair users to sit comfortably. Additionally, a ramp must be added to eliminate the step between the dining area and the restrooms, ensuring an accessible route. These modifications are essential to comply with accessibility

laws and allow Mrs. Hidalgo to navigate and enjoy the restaurant safely and independently.

37.13.  To address the restroom accessibility barriers, the entrance must be widened to allow unobstructed access for individuals using mobility devices. Proper accessibility signage must also be installed to indicate the presence of accessible stalls, ensuring that patrons like Mrs. Hidalgo can easily identify and access facilities that meet their needs. These modifications are essential to comply with accessibility laws and allow Mrs. Hidalgo to navigate and enjoy the restaurant safely and independently.

37.14.  Beyond the restaurant's failure to comply with accessibility standards, the Municipality has also contributed to these barriers by failing to uphold and enforce disability access regulations. By allowing the restaurant to operate without an accessible entrance and neglecting to require the removal of obstructive conditions, the Municipality has played an active role in excluding individuals with disabilities. The issuance of permits without ensuring compliance with accessibility laws further perpetuates discrimination, as it legitimizes an environment where people like Mrs. Hidalgo are systematically denied equal access to public accommodations. This inaction reflects a broader pattern of disregard for the rights of individuals with disabilities, reinforcing Mrs. Hidalgo's perception of being treated unfairly and excluded from full participation in the community.

### D. The Failure of the Municipality of San Juan and the Commonwealth of Puerto Rico to Ensure Accessibility in Public Spaces

40.    The Commonwealth of Puerto Rico and the Municipality of San Juan have continuously failed to address the accessibility barriers that prevent Ms. Andreina Hidalgo Hidalgo from moving safely and independently within her community. The sidewalks and curb ramps along Calle Loíza, including those adjacent to the co-defendant establishments in this Complaint, are in severe disrepair. These essential pathways, which should be accessible to individuals with disabilities, instead have cracks, uneven surfaces, obstructions caused by illegally parked vehicles, and overgrown vegetation, making it nearly impossible for Ms. Hidalgo to navigate them using her walker or power wheelchair. Additionally, the lack of proper landing areas and the unsafe transitions between curb ramps and the roadway further obstruct her movement, often forcing her to resort to dangerous alternatives just to reach her destination.

41.    Despite their responsibility to ensure accessibility, both the Commonwealth of Puerto Rico and the Municipality of San Juan have failed to enforce proper maintenance and compliance with the Americans with Disabilities Act (ADA) and other applicable accessibility standards. Their inaction has not only rendered public sidewalks inaccessible but has also significantly obstructed Ms. Hidalgo's ability to navigate her city safely and independently, forcing her to avoid entire areas due to their hazardous conditions.

42.    The Commonwealth of Puerto Rico and the Municipality of San Juan have also failed to regulate parking violations, allowing vehicles to obstruct curb ramps and pedestrian pathways, further limiting Ms. Andreina Hidalgo Hidalgo's ability to move freely and safely. Despite the clear need to implement and enforce parking restrictions, local

authorities have neglected to install proper signage, impose penalties, or take corrective measures to prevent illegal parking in these critical areas. As a result, Ms. Hidalgo often finds herself unable to access businesses, sidewalks, and public spaces, forcing her to alter her plans, take unsafe routes, or abandon visits altogether.

43.   This pattern of inaction extends beyond sidewalks and parking areas to the co-defendant establishments identified in this Complaint, which Ms. Andreina Hidalgo Hidalgo has considered visiting. Many of these businesses fail to provide accessible entry routes, as they are surrounded by damaged sidewalks, narrow pathways, and improperly designed curb ramps, all of which create dangerous conditions for individuals with mobility impairments. The Commonwealth of Puerto Rico and the Municipality of San Juan have long been aware of these conditions but have neglected to require businesses to comply with accessibility laws. This lack of enforcement has allowed these businesses to continue operating without ensuring safe and accessible entry for individuals like Ms. Hidalgo.

44.   By knowingly allowing these barriers to persist, the Commonwealth of Puerto Rico and the Municipality of San Juan have systematically denied Ms. Andreina Hidalgo Hidalgo equal access to public spaces. Their failure to maintain sidewalks, regulate parking, and enforce accessibility standards at the co-defendant establishments demonstrates a blatant disregard for the rights and safety of individuals with disabilities. As a result, Ms. Hidalgo is frequently forced to navigate unsafe conditions or refrain from visiting places she would otherwise enjoy, effectively excluding her from fully participating in her own community.

45.    The Commonwealth's and the Municipality's continued inaction constitutes a failure to fulfill their legal obligation to ensure accessibility, leaving Ms. Hidalgo and others with mobility disabilities at a constant and unjust disadvantage.

**E.  Violations of Title III of the Americans with Disabilities Act (ADA) by Places of Public Accommodation**

46.    The co-defendants identified in this Complaint as operators of places of public accommodation are subject to the requirements of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq., which mandates ensuring accessibility and equitable participation for individuals with disabilities in their facilities. Despite this legal obligation, these businesses, with the tacit approval of the Commonwealth of Puerto Rico and the Municipality of San Juan, continue to operate in violation of the ADA by failing to provide safe and accessible entry to their establishments.

47.    The co-defendants have failed to comply with the ADA by maintaining architectural barriers that prevent Ms. Andreina Hidalgo Hidalgo from freely accessing their facilities. These violations include, but are not limited to:

47.1.    Lack of properly designated accessible parking spaces, including van-accessible spaces, failing to meet ADA parking standards.

47.2.    Absence of clear signage for accessible parking, allowing unauthorized vehicles to occupy these spaces, further restricting access.

47.3.    Damaged or improperly designed curb ramps, with excessive slopes, cracks, or missing detectable warnings, making it unsafe or impossible for individuals using mobility aids to navigate.

47.4.    Sidewalks in severe disrepair, including cracked, uneven, or obstructed pedestrian pathways, which make safe access impossible for individuals who rely on walkers or wheelchairs.

47.5.    Excessively high service counters, restricting Ms. Andreina Hidalgo Hidalgo's ability to interact with staff or complete transactions independently due to her reliance on a walker or power wheelchair.

47.6.    Obstructed pathways inside and outside the establishments, including narrow aisles, improperly placed furniture, and obstacles such as trash bins, further limiting accessibility.

47.7.    Inaccessible dining areas, where tables lack adequate knee clearance or are positioned in ways that prevent individuals using wheelchairs from seating comfortably.

48.    The lack of enforcement by the Commonwealth of Puerto Rico and the Municipality of San Juan has resulted in the creation of widespread architectural barriers that severely impact individuals with mobility impairments, including Ms. Andreina Hidalgo Hidalgo, who is often forced to navigate unsafe conditions, alter her plans, or avoid these businesses altogether. As a result, she is deprived of the ability to access essential goods and services available to the general public, reinforcing her exclusion from spaces that should be accessible to all individuals, regardless of their mobility limitations.

**F.  Violations of Title II of the Americans with Disabilities Act (ADA) by the Municipality of San Juan and the Commonwealth of Puerto Rico**

49.    The Commonwealth of Puerto Rico and the Municipality of San Juan have an affirmative legal duty to ensure that public sidewalks, curb ramps, and pedestrian pathways within their jurisdiction comply with accessibility requirements and remain free from barriers

that obstruct individuals with mobility impairments. However, both entities have systematically failed to fulfill this obligation, thereby creating an environment that is unsafe, exclusionary, and discriminatory for individuals with disabilities, such as Ms. Andreina Hidalgo Hidalgo.

50.    The Commonwealth of Puerto Rico and the Municipality of San Juan bear direct responsibility for the ongoing maintenance, repair, and regulation of sidewalks and curb ramps throughout the city, including those surrounding the co-defendant establishments identified in this Complaint, which Ms. Andreina Hidalgo Hidalgo has considered visiting. This responsibility extends to ensuring that pedestrian pathways are maintained in an accessible condition, free from hazardous defects, and that they meet the standards outlined in the 2023 Public Right-of-Way Accessibility Guidelines (PROWAG).

51.    Despite this legal obligation, the Commonwealth of Puerto Rico and the Municipality of San Juan have allowed public sidewalks and curb ramps to remain in severe disrepair, with broken pavement, cracks, potholes, overgrown vegetation, and abrupt transitions that make them impassable for individuals using walkers or other mobility aids. Additionally, both entities have failed to regulate illegal parking practices, resulting in vehicles obstructing curb ramps and pedestrian pathways, further restricting Ms. Andreina Hidalgo Hidalgo's ability to navigate these areas independently and safely.

52.    The lack of enforcement and corrective action by the Commonwealth of Puerto Rico and the Municipality of San Juan has subjected Ms. Andreina Hidalgo Hidalgo to serious risks to her personal safety, dignity, and mobility. Due to the pervasive inaccessibility of sidewalks, she is frequently forced to take dangerous, unregulated detours, including moving onto the street, where she is directly exposed to vehicular traffic. This places her

in immediate danger of being struck by moving vehicles and causes significant physical and emotional distress. Furthermore, the inconsistent and unsafe pedestrian routes prevent her from fully participating in daily activities, such as attending medical appointments, shopping, or engaging in recreational outings.

53. The sidewalk system surrounding the co-defendant establishments serves as an essential pedestrian route for Ms. Andreina Hidalgo Hidalgo and other individuals with disabilities. However, due to the combined negligence of the Commonwealth of Puerto Rico, the Municipality of San Juan, and the co-defendants, this route is entirely unreliable and unsafe. The Municipality's inaction has severely compromised connectivity and pedestrian flow, creating insurmountable obstacles for individuals who rely on mobility aids.

54. By allowing these barriers to persist, the Commonwealth of Puerto Rico and the Municipality of San Juan are in systematic violation of Title II of the ADA, 42 U.S.C. § 12131 et seq., which mandates that public entities ensure accessibility and prohibit discrimination against individuals with disabilities in the provision of services, programs, and activities. The design, maintenance, and enforcement of accessibility standards for public sidewalks and curb ramps constitute a core governmental responsibility under Title II. Therefore, the Commonwealth's and the Municipality's failure to implement and enforce accessibility regulations constitutes discrimination in a pattern and practice of exclusion, depriving Ms. Andreina Hidalgo Hidalgo and others with mobility disabilities of their right to full and equal access to public spaces.

**G. Violation of Section 504 of the Rehabilitation Act by the Commonwealth of Puerto Rico and the Municipality of San Juan**

55.   Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, prohibits discrimination on the basis of disability in programs and activities that receive federal financial assistance. As recipients of federal funds, the Commonwealth of Puerto Rico and the Municipality of San Juan are legally obligated to ensure accessibility and prevent discrimination against individuals with disabilities in all services, programs, and activities under their jurisdiction, including the maintenance and regulation of public sidewalks, curb ramps, and pedestrian pathways.

56.   Despite this clear legal obligation, the Commonwealth of Puerto Rico and the Municipality of San Juan have engaged in systemic discrimination by failing to take affirmative actions to remove architectural barriers from their pedestrian infrastructure and by allowing sidewalks to be blocked by illegally parked vehicles. The continued inaction and failure to enforce accessibility regulations by both entities have directly resulted in the exclusion of Ms. Andreina Hidalgo Hidalgo from a fundamental public service—safe and accessible pedestrian pathways.

57.   This failure constitutes a clear violation of Section 504 and reflects intentional discrimination against Ms. Andreina Hidalgo Hidalgo based on her disability. The Commonwealth of Puerto Rico and the Municipality of San Juan have been fully aware of the hazardous conditions of their sidewalks and curb ramps, including broken pavement, missing landing areas, potholes, cracks, and abrupt level changes, yet have chosen not to take corrective measures. Additionally, they have failed to implement parking enforcement policies, allowing vehicles to illegally obstruct designated

pedestrian access points, curb ramps, and sidewalks, further restricting Ms. Hidalgo's ability to navigate her community safely.

58.    By allowing these barriers to persist, the Commonwealth of Puerto Rico and the Municipality of San Juan have effectively denied Ms. Andreina Hidalgo Hidalgo the use and enjoyment of public spaces, in direct violation of Section 504. Their failure to ensure compliance with federal accessibility standards has forced Ms. Hidalgo to either risk injury by navigating hazardous pedestrian routes or remain confined to her home, thereby depriving her of her right to participate in everyday community life on equal terms with others.

### H. Use Permits Granted in Violation of Accessibility Laws

59.    The Municipality of San Juan has systematically granted and maintained use permits for the co-defendants identified in this Complaint, despite their failure to comply with accessibility laws. As a result, these businesses have been allowed to operate despite the existence of significant architectural barriers that prevent individuals with disabilities, such as Ms. Andreina Hidalgo Hidalgo, from accessing their facilities safely and independently. This institutionalized practice of non-compliance has resulted in the issuance of permits based on false or incomplete information, leading to the continued operation of establishments that do not meet the legal standards for accessibility.

60.    Specifically, the co-defendants identified in this Complaint failed to meet accessibility requirements at the time of their permit applications and continue to operate in violation of the law, as follows:

60.1.    In their use permit applications before the Municipality of San Juan, the co-defendants falsely asserted that their establishments complied with

accessibility laws, when in reality, the actual conditions of their facilities demonstrate otherwise.

60.2.   The co-defendants fraudulently certified that their establishments had accessible entrances and routes, yet they maintain permanent obstacles that prevent individuals with disabilities from safely accessing them.

60.3.   In their permit applications, the co-defendants misrepresented that they provided the legally required maneuvering space for individuals using mobility aids, when the actual space is significantly smaller than the minimum legal requirement, making it impossible for Ms. Andreina Hidalgo Hidalgo to move freely.

60.4.   The co-defendants concealed the fact that their service counters exceed the legally permitted height for accessibility, making them inadequate and unusable for individuals with mobility impairments, such as Ms. Hidalgo.

60.5.   The permit applications falsely certified that the restroom facilities met accessibility requirements, yet in reality, these establishments lack sufficient maneuvering space, have improperly installed grab bars, and place obstacles such as trash bins that further limit accessibility.

60.6.   The co-defendants failed to disclose that they use public sidewalks as parking areas, completely eliminating accessible pedestrian routes and forcing individuals with disabilities to move onto the roadway, thereby placing them in direct danger.

60.7.   The co-defendants misrepresented compliance with accessible parking requirements, failing to provide the correct number of accessible spaces, failing to designate van-accessible spaces, and neglecting to install proper signage and markings, creating additional barriers that prevent safe and independent access.

60.8.   The Municipality of San Juan has granted use permits without conducting proper inspections to verify compliance with accessibility laws, allowing the co-defendants to continue operating despite their failure to provide accessible entrances, paths of travel, parking, and service areas.

61.   The Municipality of San Juan has demonstrated a pattern of negligence in its duty to enforce accessibility laws. Rather than ensuring that the co-defendants comply with the law before issuing permits, the Municipality has:

61.1.   Failed to conduct adequate inspections before granting use permits, allowing businesses with clear accessibility violations to continue operating.

61.2.   Ignored the poor condition of public sidewalks, curb ramps, and access routes, further exacerbating the mobility barriers faced by Ms. Andreina Hidalgo Hidalgo and others with disabilities.

61.3.   Failed to implement penalties or fines against businesses that obstruct public sidewalks, fail to provide proper accessible parking, or operate without meeting basic accessibility standards.

62.   Not only has the Municipality of San Juan granted use permits to the co-defendants identified in this Complaint without verifying compliance with accessibility laws, but it has also failed to implement enforcement mechanisms to correct these violations. The Municipality is fully aware that many of these businesses use public sidewalks as parking spaces, obstruct accessible routes, and operate with significant architectural barriers, yet it has chosen not to take action to address these issues.

63.   The number of enforcement actions or fines issued for violations related to sidewalk obstruction and accessibility barriers is virtually nonexistent, reflecting a complete lack

of commitment to ensuring compliance with accessibility laws. Instead of protecting the rights of individuals with disabilities, the Municipality of San Juan has prioritized the convenience of businesses and drivers, allowing the continued misuse of public spaces at the expense of accessibility. This has led to severe consequences for individuals like Ms. Andreina Hidalgo Hidalgo, who faces immense difficulties in navigating these areas safely.

64.    The failure of the Municipality of San Juan to regulate sidewalk use has resulted in public pedestrian spaces being misused as parking areas. As a consequence, Ms. Andreina Hidalgo Hidalgo has been forced to move onto the roadway, exposing herself to unnecessary danger and increasing her risk of falls or collisions with vehicles. Instead of implementing measures to keep sidewalks clear and accessible for pedestrians, the Municipality has either passively or actively allowed these barriers to persist, creating an environment where accessibility is disregarded.

65.    This ongoing failure to act constitutes a violation of Ms. Andreina Hidalgo Hidalgo's rights, as it directly impacts her freedom of movement, personal safety, and ability to participate in everyday activities. The lack of clear pedestrian routes and the obstruction of accessible pathways have made it physically exhausting and dangerous for her to navigate the city, discouraging her from visiting locations within San Juan due to the fear of encountering accessibility barriers that will make her visit impossible.

66.    Not only has the Municipality of San Juan allowed these businesses to operate without meeting accessibility standards, but it has also failed to implement enforcement mechanisms to correct these deficiencies. Despite being fully aware of the ongoing violations, the Municipality has neglected to:

66.1.    Conduct proper inspections to ensure compliance with accessibility laws before granting use permits.

66.2.    Impose corrective measures on businesses that fail to meet accessibility requirements.

66.3.    Enforce penalties or fines on establishments that continue to operate with inaccessible parking facilities.

66.4.    Address the poor condition of public sidewalks and curb ramps surrounding these businesses, which further exacerbate accessibility barriers for individuals like Ms. Andreina Hidalgo Hidalgo.

67.    The use permits granted to the co-defendants identified in this Complaint are null and void, as they were obtained based on false or incomplete information regarding accessibility compliance. These businesses failed to disclose material information about existing architectural barriers, and the Municipality of San Juan failed in its duty to verify compliance before issuing permits.

68.    Therefore, the plaintiff respectfully requests that the Court, after completing the requisite procedural steps, order the immediate revocation of these use permits and mandate the correction of all existing accessibility barriers within and around the co-defendants' establishments. Additionally, the Municipality of San Juan must be required to implement proper oversight and enforcement mechanisms to ensure that all public accommodations comply with accessibility laws, thereby preventing further discrimination against individuals with disabilities, including Ms. Andreina Hidalgo Hidalgo.

### III.    PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff, Ms. Andreina Hidalgo Hidalgo, respectfully requests that this Honorable Court grant the following legal remedies:

1.  Issuance of a preliminary and permanent injunction against the co-defendants identified in this Complaint to prevent future violations of Title III of the Americans with Disabilities Act (ADA) by ensuring that their commercial establishments and surrounding pedestrian infrastructure comply with federal accessibility requirements.

2.  Issuance of a permanent injunction under Section 504 of the Rehabilitation Act, Title II of the ADA, and the 2023 Public Right-of-Way Accessibility Guidelines (PROWAG) against the Municipality of San Juan, ordering it to:

    2.1.  Remove all existing architectural barriers on sidewalks, curb ramps, and pedestrian pathways within its jurisdiction, including those in the vicinity of the co-defendant establishments identified in this Complaint.

    2.2.  Ensure that all sidewalks, curb ramps, and pedestrian routes comply with federal accessibility requirements, eliminating hazardous conditions such as cracks, potholes, missing landing areas, and improper transitions between sidewalks and roadways.

    2.3.  Develop and implement a detailed accessibility remediation plan with specific deadlines, which shall include:

        2.3.1.  A comprehensive inventory of all non-compliant sidewalks and curb ramps under its jurisdiction.

        2.3.2.  A binding timeline for the repair, modification, and/or reconstruction of these pedestrian pathways.

        2.3.3.  The establishment of a regular inspection and enforcement system to ensure continued compliance with accessibility standards.

3.   An order directing the Municipality of San Juan to implement and enforce parking regulations that prevent vehicles from blocking curb ramps and sidewalks, ensuring that designated pedestrian access points remain unobstructed.

4.   An order directing the Municipality of San Juan to pay nominal damages to the plaintiff for its violations of Title II of the ADA, Section 504 of the Rehabilitation Act, and the 2023 PROWAG, acknowledging the deprivation of her right to safe and accessible public spaces.

5.   An order directing the Municipality of San Juan to pay compensatory damages under Title II of the ADA and Section 504 of the Rehabilitation Act, in recognition of the emotional distress, loss of mobility, and exclusion from community life suffered by Ms. Hidalgo due to the Municipality's ongoing discrimination.

6.   Revocation of the use permits granted to the co-defendant commercial establishments by the Municipality of San Juan, as these permits were obtained through false or misleading representations regarding compliance with accessibility laws.

7.   Retention of jurisdiction by this Honorable Court to monitor, ensure, and oversee compliance with its orders directing the Municipality of San Juan and the co-defendant commercial establishments to fulfill their legal obligations under federal accessibility laws.

8.   An order directing the defendants to pay reasonable costs, litigation expenses, and attorneys' fees, pursuant to 20 U.S.C. § 1415(i)(3)(B).

9.   Any other relief that this Court deems just, equitable, and appropriate in the interest of ensuring accessibility and non-discrimination against individuals with disabilities.

**Dated:** March 7, 2025.

**VELEZ LAW GROUP LLC**
Civil Rights Division

s/José Carlos Vélez Colón
José Carlos Vélez Colón
USDC-PR 231014

4204 Six Forks Rd, Apt 1209
Raleigh, NC 27609-6427

E:      vlg@velezlawgroup.com
C:      (787)-422-1881

**PLAINTIFF'S ATTORNEY**