IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANDREINA HIDALGO-HIDALGO, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>Defendants. | CIV. NO.: 25-1130 (SCC) |

**OPINION AND ORDER**

Magistrate Judge Mariana A. Bauzá-Almonte (the "Magistrate Judge") issued a Report and Recommendation ("R&R") regarding the Motion to Dismiss filed by the Commonwealth of Puerto Rico (the "Commonwealth") at Docket No. 80. *See* Docket No. 88. There, the Magistrate Judge recommended granting in part and denying in part the Motion to Dismiss. *Id.* The Commonwealth filed its objections to the R&R. *See* Docket No. 95. For their part, Plaintiffs filed a motion noting that they did not have objections. *See* Docket No. 89.

For the reasons set forth below, the Court **ADOPTS IN PART** the R&R. Accordingly, the Court **GRANTS in part and DENIES in part** Defendant's Motion to Dismiss.

## I. STANDARD OF REVIEW

The Court reviews *de novo* portions of a report and recommendation to which the parties object. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017).

Objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection." D.P.R. L. Cv. R. 72(d); *see also* Fed. R. Civ. P. 72(b)(2). "In reviewing objections, [the] Court need not 'consider frivolous, conclusive[] or general objections.'" *Torres-Santiago v. U.S.*, 865 F.Supp.2d 168, 175 (D.P.R. 2012) (quoting *Espada–Santiago v. Hospital Episcopal San Lucas,* Civil No. 07–2221, 2009 WL 702350 at *1 (D.P.R. March 11, 2009)).

## II. DISCUSSION

At the outset, the Court notes that the parties did not object to the Magistrate Judge's recommendation to dismiss Plaintiffs' First Amendment claim. Therefore, the Court "ha[s] a right to assume that [the parties] agree[] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985). Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation regarding that claim.

Now, the Commonwealth's objections can be summarized as follows: (1) that the Amended Complaint does not state a plausible claim pursuant to Title II of the Americans with Disabilities Act ("Title II") and Section 504 of the Rehabilitation Act ("Section 504"); (2) that the Plaintiff's lack

Article III standing; and (3) that the R&R erred in finding that the Commonwealth had waived its 11th Amendment Immunity. *See* Docket No. 95. The Court considers these objections in turn.

**A. Lack of Standing**

The Commonwealth argues that the R&R does not address whether the Plaintiffs lacked Article III standing, despite having raised that argument in its Motion to Dismiss. *See* Docket No. 95, pg. 10; *see also* Docket No. 80, pg. 13. The question of standing is a "threshold question in every case." *Summers v. Financial Freedom Acquisition LLC*, 807 F.3d 351, 355 (1st Cir. 2015). Notwithstanding that the Magistrate Judge did not address this question, in carrying out its "independent obligation to determine whether subject-matter jurisdiction exists[,]" the Court considers whether Plaintiffs have standing to bring the present suit. *Industria Lechera de Puerto Rico, Inc. v. Beiró*, 989 F.3d 116, 120 (1st Cir. 2021).

Pursuant to Article III of the U.S. Constitution, this Court's jurisdiction is limited to "Cases" and "Controversies." U.S. Const. art. III § 2. "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Clapper v. Amnesty International USA*, 568 U.S.

398, 408 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "The heartland of constitutional standing is composed of the familiar amalgam of injury in fact, causation, and redressability." *Hochendoner v. Genzyme Corp.*, 823 F.3d 724 (1st Cir. 2016); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The burden of proof for each element depends on the stage of the litigation. *Lujan*, 504 U.S. at 561. Accordingly, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice[.]" *Id.*

Upon careful review of the Amended Complaint at Docket No. 73, the Court finds that Plaintiffs have shown enough to establish standing at this procedural juncture. Plaintiffs have demonstrated that they have suffered an injury in fact, that is, that they have been excluded from receiving services or were discriminated against by the Commonwealth, insofar they encountered inaccessible sidewalks and curb ramps. *See* Docket No. 73, ¶¶ 32-36, 86, 88, 91-99, 122. Plaintiffs have also properly pled that their injury was caused by the Commonwealth's purported negligence in not properly maintaining the sidewalks and curb ramps. *Id.* at ¶¶ 91-99, 123-124. Lastly, Plaintiffs have established that a favorable decision will sufficiently redress the harm they allegedly suffered. *Id.* at

pgs. 163-66. Nothing further is required at this stage of the proceedings.

**B. Failure to State a Claim**

The Commonwealth also argues that the Magistrate Judge erred because she did not dismiss the case even though the Amended Complaint fails to state a claim upon which relief can be granted. *See* Docket No. 95, pgs. 5-10. Specifically, the Commonwealth highlighted that the Amended Complaint did not identify "which Plaintiff encountered which alleged barrier, or when," and that it fails to properly allege that the Commonwealth controls the reportedly noncompliant sites. *Id.* at pg. 6.

After a *de novo* review of the record, the Court **ADOPTS** the Magistrate Judge's finding that the Amended Complaint sufficiently pleads a Title II claim and a Section 504 claim. The Court notes that the Amended Complaint alleges that each Plaintiff encountered the challenged sites. For example, in paragraph 91, the Plaintiffs describe their encounters with high-sloping ramps in the sites described. *See* Docket No. 73, ¶ 91. Paragraph 92 of the Amended Complaint describes Plaintiffs' encounters with sites lacking ramps. *Id.* at ¶ 92. Other paragraphs detail additional defects noted by the Plaintiffs in

the described locations.[1]

The Commonwealth correctly affirms that the Amended Complaint lacks specific dates as to when each Plaintiff encountered the challenged sites. *See* Docket No. 95, pg. 7. However, Plaintiffs limited the scope of their Amended Complaint to encounters dating after July 4, 2024. *See* Docket No. 73, ¶¶ 32-34. The Court finds that this temporal limitation suffices at this stage.

The Commonwealth also contends that Plaintiffs failed to allege that the Commonwealth owned or controlled the 119 challenged sites. *See* Docket No. 95, pgs. 9-10. That, however, is not required by Title II or Section 504. After considering the plain text of the relevant statutes, the Court finds that neither requires Plaintiffs to allege that the public entity owns the particular noncompliant area in dispute, but rather that the public entity excluded the Plaintiffs from receiving some benefit of some service or, in the alternative, that the public entity discriminated against them.[2] Therefore, Plaintiffs' failure

[1] For example, paragraph 93 alleges that there are ramps with water infiltration; paragraph 94, narrow ramps; paragraph 95, unpainted ramps; paragraph 96, cracked ramps; paragraph 97, ramps with debris; and paragraphs 98 and 99, overgrown vegetation on ramps. *See* Docket No. 73, ¶¶ 93-99.

[2] The Court notes that, in its Motion to Dismiss, the Commonwealth

to allege that the Commonwealth owned or controlled the challenged sites is not fatal to their claim.

**C. Waiver of 11th Amendment Immunity**

Finally, the Commonwealth posits the Magistrate Judge erred by concluding that it had waived its 11th Amendment Immunity from a claim for damages pursuant to Title II. *See* Docket No. 95, pgs. 12-16.[3] The Commonwealth reasons, among other things,[4] that the Amended Complaint does not implicate conduct that violates Title II. *Id.* In the alternative, it argues that the alleged misconduct in this case, that is, the failure to maintain sidewalks and curb ramps, does not fall

reasoned that the Amended Complaint had not alleged that the Commonwealth was providing services that would trigger Title II obligations. *See* Docket No. 80, pg. 13. In the R&R, the Magistrate Judge ruled to the contrary and the Commonwealth did not raise this issue in its objections. A "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court[.]" *Davet v. Maccarone*, 973 F.2d 22, 31 (1st Cir. 1992).

[3] The Commonwealth raised, in a footnote, that it had not conceded that *Ex parte Young*, 209 U.S. 123 (1908), was applicable. *See* Docket No. 95, pg. 12 n. 5. However, it did not further develop this argument. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Schneider v. Local 103 I.B.E.W. Health Plan*, 442 F.3d 1, 3 (1st Cir. 2006) (quoting *Nikijuluw v. Gonzales*, 427 F.3d 115, 120 n. 3 (1st Cir. 2005)). Accordingly, the Court finds that the Commonwealth is not immune from claims for injunctive relief.

[4] The Commonwealth also seemed to suggest that 11th Amendment immunity could not be waived. *See* Docket No. 95, pg. 13. That averment is unfounded. *See Lapides v. Board of Regents*, 535 U.S. 613, 618 (2002).

within the scope of conduct for which Congress waived the States' sovereign immunity. *Id.*

The Commonwealth correctly avers that it had not waived its 11th Amendment Immunity, given that it had properly raised the defense in its Motion to Dismiss. *See* Docket No. 80, pgs. 6-9; *see also Consejo de Salud de la Comunidad de la Playa de Ponce, Inc. v. González-Feliciano*, 695 F.3d 83, 103 (1st Cir. 2012) (describing that waiver of sovereign immunity through affirmative conduct in litigation "must be unambiguous"). Accordingly, the Court **REJECTS** the Magistrate Judge's finding in the R&R to that end. *See* Docket No. 88, pgs. 9-10. However, the inquiry does not end there. The Court must determine whether the Commonwealth is immune from the Title II damages claim.

To determine whether Plaintiffs can sue the Commonwealth for damages, the Court must examine "on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *U.S. v. Georgia*, 546 U.S. 151, 159 (2006).

Regarding the first step of the inquiry, the Commonwealth repackages its prior arguments as to why the Amended Complaint fails to properly plead a Title II claim. In view of the Court's finding that the Amended Complaint sufficiently pleads a Title II claim, the Court concludes that the alleged misconduct in this case violates Title II, insofar it alleges that the Plaintiffs were discriminated against by the Commonwealth. *See* Docket No. 73, ¶92, 93, 124 and 141.[5]

The second step of the *Georgia* inquiry requires the Court to examine whether the alleged misconduct also violates the Fourteenth Amendment. Plaintiffs invoke equal protection rights, reasoning that they are discriminated against because of their disability. *See* Docket No. 73, pg. ¶¶ 86, 140-141. However, "[t]he disabled are not a suspect class for equal protection purposes." *Toledo v. Sánchez*, 454 F.3d 24, 33 (1st Cir. 2006). Accordingly, the Court evaluates the Commonwealth's alleged misconduct under the lens of rational basis review. *Id.* When

[5] Some circuit courts have concluded that the maintenance of sidewalks constitutes a "service" that a public entity provides. *See Frame v. City of Arlington*, 657 F.3d 215, 225-227 (5th Cir. 2011) and *Barden v. City of Sacramento*, 292 F.3d 1073, 1076-1077 (9th Cir. 2002). Those courts have reasoned that failing to maintain accessible sidewalks for disabled persons violates Title II, insofar it excludes them from benefiting from the public entity's service. *Id.* The First Circuit has not reached this issue and, given that it has not been properly briefed, the Court need not resolve it today.

applying rational basis review, "[t]he general rule is that [government conduct] is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *See McKenna v. Maine Dep't of Health & Human Services*, 152 F.4th 14, 21 (1st Cir. 2025) (alteration in original).

Upon a *de novo* review of the record, the Court finds that it is not in position to answer this question. While the Commonwealth raised the sovereign immunity defense, it has not briefed the Court on this specific issue and has failed to proffer any rationally related legitimate interest justifying its alleged misconduct. Absent this key information, the Court denies the Commonwealth's Motion to Dismiss the Plaintiffs' Title II damages claim. If necessary, the issue may be revisited at a later juncture. Accordingly, the Commonwealth's request to dismiss the damages claim is **DENIED**.

## III. CONCLUSION

In light of the above, the R&R at Docket No. 88 is **ADOPTED IN PART**, with the qualifications described in this Opinion and Order above. Accordingly, the Motion to Dismiss is **GRANTED in part**, regarding Plaintiffs' First Amendment claim, and **DENIED in part**, regarding the remaining claims.

The Commonwealth shall answer the Amended Complaint on or before **October 14, 2026**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September 2026.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE